United States District Court
for the
District of Rhode Island

CA 07 328S

| | | |
|---|---|---|
| ELIZABETH A. SCOTT, Individually, and DAVID W. SCOTT, Individually, Plaintiffs, | ) | |
| v. | ) | Civil Action No. ___________ |
| UNITED STATES OF AMERICA Defendant. | ) | Jury Trial Requested |

# COMPLAINT

## Parties

1. Plaintiffs, Elizabeth A. Scott and David W. Scott, are residents and citizens of the Town of Middletown in the State of Rhode Island and at all time relevant hereto they are and have been married to each other.

2. Defendant, United States of America, was at all times relevant hereto the owner and operator of a Naval Base located in Newport, Rhode Island commonly known as the Newport Naval Station.

## Facts

3. Defendant, by and through the U.S. Department of the Navy, owned, operated and maintained the Naval Base, commonly known as the Newport Naval Station, located in Newport, Rhode Island (subject premises).

4. On September 3, 2004, the defendant, by and through the U.S. Department of the Navy, invited and admitted the general public to the subject premises for a display of fireworks.

5. At that same time place, plaintiff Elizabeth A. Scott (Scott) visited the subject premises to observe the display of fireworks.

6. At that same time and place and at all times relevant and material to this complaint, plaintiff Elizabeth A. Scott visited those portions of the subject premises held open to the general public and Scott for purposes of observing the display of fireworks.

7. At that same time and place, plaintiff Elizabeth A. Scott tripped and fell in the vicinity of the police station located on the subject premises causing her the suffer severe and permanent personal injuries.

8. At all times relevant and material to this complaint, plaintiff Elizabeth A. Scott was in exercise of due care for her own safety and well being.

**Jurisdiction**

9. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

10. More than six months before this action was instituted, the claims set forth herein were presented to the Department of the Navy. Said department having failed to make a final disposition of the claim within that time, plaintiffs deem such failure to be a denial thereof.

**Count I - Negligence**

11. Paragraphs 1-10 are realleged as if set forth in full.

12. On September 3, 2004, while plaintiff Elizabeth A. Scott was present on subject premises, defendant by and through the U.S. Department of the Navy personnel owed plaintiff a duty to exercise reasonable care for her safety and well being including, but not

limited to a duty to exercise reasonable care to warn Scott of hazardous or dangerous conditions known or reasonably known to defendant.

13. Defendant, acting by and through the U.S. Department of the Navy personnel, breached that duty and negligently and carelessly failed to exercise reasonable care to:

(a) discover conditions that were dangerous and hazardous to Scott;

(b) warn Scott of conditions that were dangerous and hazardous to her;

(c) maintain and otherwise operate the subject premises in a manner that would have eliminated conditions that were dangerous and hazardous to Scott or in a manner that would have alerted Scott to the existence of dangerous and hazardous conditions; and

(d) otherwise exercise due care with respect to the matters alleged in this complaint.

14. As a direct and proximate result of defendant's negligence as aforesaid, Elizabeth A. Scott suffered severe and permanent injuries to her body, nerves and nervous system, has endured and will in the future endure physical pain and suffering, has been and will in the future be unable to perform usual activities, has lost wages and income, and has been otherwise damaged.

15. As a direct and proximate result of defendant's negligence as aforesaid, plaintiffs, David W. Scott and Elizabeth A. Scott, have suffered a loss of consortium, loss of society and companionship and they were otherwise damaged.

16. As a direct and proximate result of defendant's negligence as aforesaid, plaintiff Elizabeth A. Scott has incurred and, in the future, will incur expenses for medical

treatment, medical devices, medicine, medications, hospitalization, therapies, and the like.

## Prayer for Relief

**WHEREFORE,** plaintiffs, Elizabeth A. Scott and David W. Scott, request judgment against the defendant United States of America in the amount of $165,000.00, plus interest, costs, and whatever further relief this Court deems appropriate, just and proper.

## Demand for Jury Trial and Designation of Trial Counsel

Plaintiff hereby demands trial by jury and designates Stephen J. Angell, Esq., as trial counsel.

Plaintiffs by their attorney,

Stephen J. Angell, Esq. (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022

Date: 8\30\07