**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. SCOTT and DAVID W. SCOTT,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 07-328S** |
| **UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW, the United States of America, and moves to dismiss Plaintiffs' Complaint in its entirety against the United States for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. SCOTT and** | **)** | |
| **DAVID W. SCOTT,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **v.** | **)** | **C.A. No. 07-328S** |
| | **)** | |
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**<u>UNITED STATES OF AMERCIA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

Defendant United States of America files this Memorandum in Support of Its Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons discussed below, the United States is entitled to the protections afforded under Rhode Island's Recreational Use Statute ("RUS") which provides immunity to the United States from liability.

## I. Introduction

This is an action for personal injury brought against the United States under the Federal Tort Claims Act ("FTCA"). Plaintiffs Elizabeth A. Scott and David W. Scott allege that on September 3, 2004, the United States Department of the Navy invited and admitted the general public to its premises at the Newport Naval Station in Rhode Island to observe a display of fireworks. (Compl. ¶ 4.) Notably, no fee was charged for observing the fireworks. (Ex. 1, Browne Decl. at ¶ 3.) Plaintiffs allege that Ms. Scott visited the premises of the Newport Naval

Station for the "purposes of observing the display of fireworks." (Compl. ¶¶ 5-6.) While on the premises of the Newport Naval Station, Plaintiffs claim that Ms. Scott tripped and fell in the vicinity of the police station. (Compl. ¶ 7.)

On August 30, 2007, Plaintiffs filed a Complaint in this Court alleging one count of negligence for failing to exercise reasonable care to warn Ms. Scott of hazardous or dangerous conditions, to discover these conditions, and to maintain the premises to eliminate these conditions. (Compl. ¶¶ 12-13.) Plaintiffs' Complaint failed to identify these allegedly "hazardous or dangerous conditions." Plaintiffs claim that as a result of the United States' negligence, Ms. Scott incurred personal injury, lost wages and income. Plaintiffs also assert that Mr. Scott has suffered a loss of consortium due to the United States' negligence. Plaintiffs seek damages in the amount of $165,000, plus interest and costs.

## II. Argument

### A. Law Governing Motions to Dismiss

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party invoking jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

Matters outside the pleadings can be presented to and considered by the court in ruling

upon a motion to dismiss for lack of subject matter jurisdiction.[1] See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).

**2. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

In assessing the legal sufficiency Plaintiffs' Complaint pursuant to Rule 12(b)(6), the court is limited to review of the pleadings. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). "The accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pleaded factual allegations, draw all reasonable inferences in the claimant's favor, and determine whether the complaint sets forth sufficient facts to support the challenged claims, Clorox Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998). The court, however, need not credit conclusory allegations or indulge unreasonably attenuated inferences. Aybar v. Crispin-Reyes,

---

[1] Thus, documents attached hereto could be considered by the Court without converting the instant motion to a motion for summary judgment.

118 F.3d 10, 13 (1st Cir. 1997); Ticketmaster-NY, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

In deciding the United States' motion to dismiss for failure to state claim, the Court may consider the United States' exhibits submitted in conjunction with the motion without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to . . . [the] claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(emphasis added)).

**B. Rhode Island's Recreational Use Statute Provide Immunity to the United States from Liability**

The United States enjoys sovereign immunity from suit in tort, unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). The FTCA provides a limited waiver of the United States' immunity for certain common law torts. Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004). After exhaustion of administrative remedies, the FTCA provides that the United States is amenable to suit in tort only to the extent a private person would be liable to the claimant under the law of the state where the act or omission occurred. See 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674. It is undisputed that the injury took place at the Newport Naval Station, Newport, Rhode Island. Therefore, Rhode Island law applies.

Like a number of states, Rhode Island has in place its RUS to encourage landowners to make their land open to the public for recreational use by limiting liability. See R.I. Gen. Laws § 32-6-1. The RUS provides:

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.

R.I. Gen. Laws § 32-6-3.

The RUS treats direct and indirect invitees as trespassers for purposes of tort liability. Hanley v. State, 837 A.2d 707, 713 (R.I. 2003). The landowner owes a trespasser no duty of "reasonable care." See Zoubra v. New York, New Haven and Hartford R. Co., 150 A.2d 643, 644-45 (R.I. 1959) (holding that defendant owed no duty to trespasser except not to willfully or wantonly injure her after actually discovering her). Similarly, R.I. Gen. Laws § 32-6-5(a) provides:

> Nothing in this chapter limits in any way liability which, but for this chapter, otherwise exists:
>
> (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril; or
>
> (2) For any injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for that lease shall not be deemed a "charge" within the meaning of this section.[2]

[2] Plaintiffs do not allege that any fee was charged. To the contrary, the evidence shows that there was no admission fee to observe the fireworks. (Ex. 1, Browne Decl. at ¶ 3.); see also Estate of Purkey ex rel. Purkey v. U.S., 299 F.Supp.2d 539, 544 (W.D.N.C. 2004) (noting that plaintiff's complaint did not allege that any fee was charged and stating that plaintiff's new allegation that fee was charged without verifying the same in its response to defendant's motion to dismiss "borders on violating Federal Rule of Civil Procedure 11.").

Simply put, where a private landowner makes its land available to the public for recreational use, the landowner is only liable for willful and malicious failure to warn against a dangerous condition after discovering the user's peril or when it charges the recreational user a fee to enter the land.

### 1. The Recreational Use Statute is Applicable to Land Owned by the United States

The RUS provides that the term "owner" means "the private owner of a fee interest, or tenant, lessee, occupant, or person in control of the premises including the state and municipalities." R.I. Gen. Laws §32-6-2(3). It is well settled that the RUS also applies to land owned by the United States. First, in waiving sovereign immunity, Congress provided that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Second, federal courts including the First Circuit have consistently held recreational use statutes applicable to federal lands. See, e.g., Schneider v. United States of America, Acadia Nat'l Park, 760 F.2d 366, 367 (1st Cir. 1985); Hegg v. United States, 817 F.2d 1328, 1329 (8th Cir. 1987); Maldonado v. United States, 893 F.2d 267, 268 (10th Cir. 1990). Accordingly, as a matter of well settled law, the United States enjoys the protections of the RUS.

### 2. The Recreational Use Statute is Applicable to the Recreational Purpose of Observing Fireworks

Plaintiffs may argue that Ms. Scott was not engaged in a recreational purpose. Such an argument would be without merit, inasmuch as the Complaint provides:

> 5. At the same time [sic] place, plaintiff Elizabeth A. Scott (Scott) visited the subject premises to observe the display of fireworks.

> 6. At the same time and place and at all times relevant and material to this complaint, plaintiff Elizabeth A. Scott visited those portions of the subject premises held open to the general public and Scott for the purposes of observing the display of fireworks.

(Compl. ¶¶ 5-6.)

By Plaintiffs' own statement, Ms. Scott was visiting Navy premises for the purpose of observing fireworks. Thus, as acknowledged by other states applying similar recreational use statutes, walking to or from a fireworks display constitutes a recreational purpose. See Mason v. Berea Indep. School Dist. Fin. Corp., No. 2006-CA-002061-MR, 2007 WL 2998510, at *2 (Ky. Ct. App. Oct. 12, 2007) (recreational use statute applicable to plaintiff's action of walking in the parking lot provided for the fireworks display) (attached as Ex. 2); Caiazza v. Sheeley, No. 30 21 34, 1992 WL 310643, at *1 (Ct. Super. Ct. Oct. 14, 1992) (holding recreational use statute applicable when plaintiff returned to her car after fireworks display) (attached as Ex. 3).

Rhode Island has also defined "recreational purposes" broadly, providing that it:

> includes, but is not limited, to any of the following, or combination thereof: hunting, fishing, swimming, boating, camping, picnicking, hiking, horseback riding, bicycling, pleasure driving, nature study, water skiing, water sports, viewing or enjoying historical, archaeological, scenic, or scientific sites, and all other recreational purposes contemplated by this chapter.

R.I. Gen. Laws § 32-6-2(4); see also Hanley v. State of Rhode Island, 837 A.2d 707, 713 (R.I. 2003) (holding that recreational purposes should be interpreted liberally). As the First Circuit has recognized in examining Maine's similar RUS, "[a]ny number of clearly recreational activities suggest themselves, from bird-watching to sunbathing, to playing ball on the beach. Neither as a matter of grammatical construction, nor sense, is the statute to be read as applying only to recreational activities expressly named." Schneider, 760 F.2d at 368. In this case, the

Complaint reveals that Ms. Scott was using Navy premises for the recreational purpose of observing fireworks.

**3. Plaintiffs' Complaint of Negligence Should be Dismissed Because the United States is Immunized from Suit Pursuant to the Recreational Use Statute And Because Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted Pursuant to the Recreational Use Statute**

Dismissal is the appropriate remedy where, as here, the United States is immunized from suit pursuant to the RUS and the Court need look no further than the face of the Complaint to determine that there is no allegation of willful or malicious conduct for failing to warn against a dangerous condition after discovering the user's peril. A review of the four corners of the Complaint reveals no allegation of willful or malicious conduct, let alone an allegation that the United States failed to warn against a dangerous condition after discovering the user's peril. The Complaint merely alleges a failure to exercise "reasonable care."

The Second Circuit had occasion in Guttridge v. United States, 927 F.2d 730 (2d Cir. 1991), to address a factual scenario similar to the one Plaintiffs allege here. In Guttridge, Plaintiff alleged that he was injured when his bicycle collided with a gate that was located at the exit of the park. Id. at 730. Guttridge brought suit against the United States alleging negligence in that the gate was located in an unreasonably dangerous place, that the government failed to provide adequate warnings, that the gate was not opened in a timely manner, and that the gate was not properly opened. Id. In affirming the district court's dismissal of the complaint, the Second Circuit recognized that New York's RUS did not provide a property owner who willfully or maliciously fails to guard against dangerous conditions not readily discoverable by the public with immunity. Id. at 734. However, the court noted that the plaintiff in Guttridge "alleged his injuries were the result of simple negligence on the part of the employees of the United States."

Id. Accordingly, the court held that since New York's RUS immunizes a private person from suit for negligence, the federal government is similarly immunized. Id. As in Guttridge, Plaintiffs here have alleged mere negligence. Moreover, as in Guttridge, the Complaint is also void of any allegation of willful or malicious conduct. Thus, similar to New York's RUS in Guttridge, Rhode Island's RUS immunizes the United States from suit.

Moreover, numerous federal courts have held that dismissal of the complaint is appropriate where the complaint alleges negligence and the United States is shielded from liability pursuant to the state's recreational use statute. Woods v. United States, 84 F.3d 432, 432 (5th Cir. 1996) (affirming district court's grant of motion to dismiss where estate of drowning victim alleged negligence in maintenance of swimming area and Louisiana recreational use statute released United States from liability); Proud v. United States, 723 F.2d 705, 707 (9th Cir. 1984) (holding district court properly dismissed complaint for failure to state claim upon which relief can be granted where Hawaii's recreational statute barred the claim); West v. United States, No. 00 Civ. 9433 (JCF), 2003 WL 164278, at *5 (S.D.N.Y. Jan. 10, 2003) (granting motion to dismiss for lack of subject matter jurisdiction where facts alleged in complaint were nothing more than simple negligence and holding government entitled to immunity under New York recreational statute) (attached as Ex. 4); Hall v. United States, No. 2:02CV00096, 2003 WL 1877593, at *3 n.2 (W.D.Va. April 15, 2003) ("Even if the discretionary function exception did not apply, this case would be dismissed for lack of subject matter jurisdiction because a private person would not be held liable under the Virginia Recreational Use Statute.") (attached as Ex. 5); Estate of Purkey ex rel. Purkey v. U.S., 299 F.Supp.2d 539, 544 (W.D.N.C. 2004) (dismissing plaintiff's complaint where United States had no duty to warn of hazardous condition and thus was not liable pursuant to the North Carolina

recreational use statute ); Tate v. Burlington Northern Sante Fe R. Co., No. 04 C 3638, 2004 WL 2515829, at *7 (N.D. Ill. Nov. 5, 2004) (dismissing negligence claim "for failure to state a claim upon which relief may be granted because Plaintiff has not pleaded willful and wanton misconduct consistent with the Recreational Use Act") (attached as Ex. 6).

Accordingly, the United States is protected by sovereign immunity in this case because a similarly situated private landowner would be exempt from liability under the RUS. Moreover, Plaintiffs' allegation of negligence fails to state a claim upon which relief can be granted pursuant to the RUS.

## III. Conclusion

For the reasons stated above, the United States respectfully requests that Plaintiffs' Complaint against the United States be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 19th day of February, 2008, I caused to be electronically filed the within Motion to Dismiss and Memorandum in Support of Motion to Dismiss, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Stephen J. Angell, Esq.
155 South Main Street
Suite 203
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov