Westlaw.

Not Reported in S.W.3d
Not Reported in S.W.3d, 2007 WL 2998510 (Ky.App.)
**(Cite as: Not Reported in S.W.3d)**



Mason v. Berea Independent School Dist. Finance Corp.
Ky.App.,2007.
Only the Westlaw citation is currently available.

Unpublished opinions shall never be cited or used as authority in any other case in any court of this state. See KY ST RCP Rule 76.28(4).

Court of Appeals of Kentucky.
Sharon MASON, Appellant
v.
BEREA INDEPENDENT SCHOOL DISTRICT FINANCE CORPORATION; The Board of Education of the Berea Independent School District; and Gary Conkin, individually and in his capacity as employee of the Berea Independent School District, Appellees.
**No. 2006-CA-002061-MR.**

Oct. 12, 2007.

Appeal from Madison Circuit Court, Action No. 05-CI-00793; Julia Hylton Adams, Judge.

Wesley Browne, Brown Law Office, PSC, Richmond, KY, for appellant.
Barbara A. Kriz, Baker, Kriz, Jenkins & Prewitt, PSC, Lexington, KY, for appellee.

Before HOWARD, Judge; GUIDUGLI and KNOPF, Senior Judges.[FN1]

FN1. Senior Judge Daniel T. Guidugli and Senior Judge William L. Knopf sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

*OPINION*

GUIDUGLI, Senior Judge.

***1** Sharon Mason appeals from the summary judgment granted in favor of appellees, Berea Independent School District Finance Corporation, the Board of Education of the Berea Independent School District, and Gary Conkin (collectively referred to as the School District). The issue in this case involves the application of the recreational use statute, KRS 411.190, to limit the liability of the owners of real property adjacent to land actually used for recreation. We affirm.

On July 4, 2004, Mason attended a fireworks display held at a football stadium owned by the City of Berea. Parking was provided at the Berea Community School which is adjacent to the stadium and is owned by either the Berea Independent School District Finance Corporation. No charge was required either to attend the fireworks display or to park at the Berea Community School. After the fireworks had concluded, Mason was seriously injured when she fell into a storm drain located in the parking lot of the community school. The storm drain was marked by a brightly painted yellow curb and the School District had received no notifications of a potential hazards. Mason filed suit against the School District in Madison Circuit Court. The court granted summary judgment in favor of the School District finding that any liability was limited pursuant to KRS 411.190. This appeal followed.

Mason argues that the protections of KRS 411.190 should not extend to the School District in this case because she was not engaged in recreation at the time of her injury and that the use of land for parking is not recreational. Under the circumstances of this case, we find that Mason's interpretation of KRS 411.190 is too narrow.

KRS 411.190 states in pertinent part:

1(c) "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof; hunting, fishing, boating, camping, picnicking, hiking, bicycling, horseback riding, pleasure driving, nature study, water-skiing, winter

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT
2

sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites ...

(2) The purpose of this section is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes ...

(3) Except as specifically recognized by or provided in subsection (6) of this section, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for such purposes.

(4) Except as specifically recognized by or provided in subsection (6) of this section, an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreation purposes does not thereby:

(a) Extend any assurance that the premises are safe for any purpose;

***2** (b) Confer upon the person the legal status of an invitee or licensee to whom a duty of care is owed; or

(c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of those persons.

(6) Nothing in this section limits in any way any liability which otherwise exists:

(a) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity; or

(b) For any injury suffered in any case where the owner of land charges the person or persons who enter or go onto the land for the recreational use thereof ...

A plain reading of this statute indicates that immunity is not conditioned upon the injury arising out of the recreational activity per se, as long as the person injured was on the property for a recreational purpose. *See Webb v. Parish of St. Tammany,* 959 So .2d 921, 925 (La.App. 1 Cir.2007). Mason claims that she entered the lot merely to park her car and not to engage in recreation. However, the trial court found and we agree that "[h]er presence there in that lot on that day was directly and singularly related to her participation in the community recreational activity offered on the adjacent property by the City of Berea."The parking lot was being used in a manner directly corresponding to the expressed intent of the legislature in KRS 411.190(2). Other jurisdictions have extended immunity under recreational use statutes to adjacent property where the activity on the adjacent property was "inextricably connected" to the recreational activity. *See Urban v. Grasser,* 627 N.W.2d 511, 518 (Wis.2001). Mason's action of walking in the parking lot provided for the fireworks display presents such a circumstance.

Mason next argues that there was a genuine issue of material fact as to whether the finance corporation or the school board owned the property in question because Superintendent Gary Conkin testified at his deposition that the board owned the property when the finance corporation was actually the true owner. The trial court found that even if ownership between the two appellees was disputed, it was not a material issue of fact because immunity under KRS 411.190 would extend to either party under these circumstances. We also conclude that there is no genuine issue of material fact with regards to ownership of the parking lot.

Accordingly, the judgment of the Madison Circuit Court is affirmed.

ALL CONCUR.
Ky.App.,2007.
Mason v. Berea Independent School Dist. Finance Corp.
Not Reported in S.W.3d, 2007 WL 2998510 (Ky.App.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.