C
West v. U.S.
S.D.N.Y.,2003.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Helene WEST, Plaintiff,
v.
THE UNITED STATES OF AMERICA and the United States of America, Department of the Interior, Defendants.
**No. 00 Civ. 9433(JCF).**

Jan. 10, 2003.

Hiker injured in a fall in a national historic site sued the United States and the Department of the Interior under the Federal Tort Claims Act (FTCA), seeking damages. On a defense motion to dismiss or, alternatively, for summary judgment, and the hiker cross-moved for summary judgment on liability, the District Court, Francis, IV, United States Magistrate Judge, held that similarly situated private landowner would have been exempt from liability under state law.

Motion to dismiss granted.

West Headnotes

**United States 393 ⇐78(9)**

393 United States
393V Liabilities
393k78 Torts
393k78(5) Nature of Act or Claim
393k78(9) k. Personal Injuries in General. Most Cited Cases
Similarly situated private landowner would have been exempt from liability under New York's recreational use statute for injuries suffered by a hiker when she slipped on a stone slab and fell in a park which was a national historic site, thus precluding imposition of liability on the Government under the Federal Tort Claims Act (FTCA); the park, a wooded area with foot paths, was suitable for hiking, regardless of whether particular portions were so suited, and no facts alleged indicated a willful or malicious failure to guard or warn against a dangerous condition. 28 U.S.C.A. § 1346(b); N.Y.McKinney's General Obligations Law § 9-103.

*MEMORANDUM OPINION AND ORDER*

FRANCIS, Magistrate J.

*1 The plaintiff, Helene West, brings this action pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671*et seq.,* seeking damages for injuries she sustained when she fell while hiking in the Vanderbilt Mansion National Historic Site ("Vanderbilt Park") in Hyde Park, New York. The parties agreed to disposition of this case by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). The defendants, the United States of America and the Department of the Interior (collectively, the "Government"), now move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the action for lack of subject matter jurisdiction. In the alternative, the Government seeks summary judgment under Rule 56 on the ground that it had no duty to warn the plaintiff of an open and obvious danger. Ms. West has cross-moved for summary judgment on liability.

For the reasons that follow, the Government's motion to dismiss is granted and the plaintiff's cross-motion is denied.

*Background*

On September 3, 1998, Ms. West and her 12-year-old grandson, Michael West Scott, went hiking on the grounds of Vanderbilt Park. (Complaint, ¶ 7; Deposition of Helene West dated May 14, 2002 ("West Dep."), attached as Exh. B to Declaration of Silvia L. Serpe dated Aug. 27, 2002 ("Serpe Decl."), at 23, 26). Ms. West's mother lived a block from the park, and the plaintiff had hiked

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 4

there hundreds of times. (West Dep. at 27, 29). Ms. West and her grandson paid no fee to enter the park. (West Dep. at 30). They decided to walk to a structure known as the Powerhouse Dam to look at scenery, and they followed a path through the woods. (Deposition of Michael West dated May 14, 2002 ("M. West Dep."), attached as Exh. C to Serpe Decl., at 8, 11). As they approached their destination, Michael jogged down a stone slab to the dam itself. (M. West Dep. at 16-17). This slab, which is approximately three feet high and five feet wide, is part of the dam and is tilted at a forty-five degree angle relative to the horizontal slabs that form the top of the dam. (West Dep. at 46; Deposition of Henry VanBrookhoven dated May 16, 2002 ("VanBrookhoven Dep."), attached as Exh. D to Serpe Decl., at 90; Deposition of Emanuel Chaconis dated May 16, 2002 ("Chaconis Dep."), attached as Exh. E to Serpe Decl., at 15). When the plaintiff, following her grandson, stepped onto the stone slab, she slipped and fell, injuring herself. (Complaint, ¶ 7; West Dep. at 46). At the time, the slab was wet. (M. West Dep. at 17-18).

In compliance with the FTCA, Ms. West filed a claim with the Department of the Interior. (Complaint, ¶ 3). When that claim was denied, she filed the instant action. (Complaint, ¶ 4).

*Discussion*

The party asserting subject matter jurisdiction bears the burden of establishing it. *SeeMakarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000); *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). In determining a motion to dismiss for lack of subject matter jurisdiction, the court may rely on evidence beyond the complaint in order to resolve material factual disputes. *SeeRobinson v. Government of Malaysia,* 269 F.3d 133, 140 n. 6 (2d Cir.2001); *see alsoKruman v. Christie's International PLC,* 284 F.3d 384, 390 (2d Cir.2002) (noting court's consideration of an economist's affidavit submitted by plaintiff in response to defendant's motion to dismiss for lack of subject matter jurisdiction).

***2** In general, the United States, as sovereign, is immune from suit except insofar as it has consented to be sued. *SeeUnited States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In the absence of a waiver of sovereign immunity, a federal court lacks subject matter jurisdiction over a case against the Government. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Williams v. United States,* 947 F.2d 37, 39 (2d Cir.1991). Accordingly, the boundaries of the court's jurisdiction are defined by the scope of any waiver of sovereign immunity. *SeeMitchell,* 463 U.S. at 212.

The FTCA waives the immunity of the United States with respect to torts committed by Government employees. 28 U.S.C. §§ 1346(b), 2671; *seeGuttridge v. United States,* 927 F.2d 730, 731 (2d Cir.1991). However, the waiver only extends to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [negligent or wrongful] act or omission occurred."28 U.S.C. § 1346(b). This provision incorporates two related principles. First, the court must look to state law to determine potential liability under the FTCA. Second, it is the possible liability of a "private person" that is relevant, not that of any governmental unit. *SeeGuttridge,* 927 F.2d at 731-32.

Following these principles, the Government argues that it is protected by sovereign immunity in this case because a similarly situated private landowner would be exempt from liability under New York's recreational use statute.New York General Obligations Law § 9-103 provides in pertinent part:

1. Except as provided in subdivision two,

a. an owner, lessee or occupant of premises ... owes no duty to keep the premises safe for entry or use by others for ... hiking ... or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

such purposes;

b. an owner, lessee or occupant of premises who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.

2. This section does not limit the liability which would otherwise exist,

a. for willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity; or

b. for injury suffered in any case where permission to pursue any of the activities enumerated in this section was granted for a consideration....

The plaintiff contends that the recreational use statute does not bar her claim for three reasons. None of her arguments has merit.

A. *Applicability of Section 9-103*

***3** First, Ms. West maintains that section 9-103 is not applicable because the Government already operates and supervises Vanderbilt Park as a public facility. In support of this argument, the plaintiff relies on *Ferres v. City of New Rochelle,* 68 N.Y.2d 446, 510 N.Y.S.2d 57, 502 N.E.2d 972 (1986). There, the New York Court of Appeals found that the "sole purpose" of section 9-103 is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property" to pursue enumerated activities such as hiking. *Id.* at 451,510 N.Y.S.2d at 60, 502 N.E.2d 972. From this premise, the court reasoned that a municipality that already provided for public use of its property would not qualify for statutory immunity because that immunity could no longer serve the purpose of encouraging the owner to open its property to others. *Id.* at 452-54, 510 N.Y.S.2d 57, 502 N.E.2d 972, 610 N.Y.S.2d at 61-62.Ms. West contends that the same rationale applies in this case.

The plaintiff's argument, however, is squarely foreclosed by the Second Circuit's holding in *Guttridge.*There, the court found that the relevant question for purposes of the FTCA is not the potential liability of a governmental entity under state law, but the liability of a private person.*Guttridge,* 927 F.2d at 733. The court reasoned that:

[a]lthough it may be true that the New York Legislature neither believed that the United States would need an inducement to open its lands to the public for recreational use nor intended for the United States to be a beneficiary of the statute's protection, these concerns are irrelevant to our analysis. When the United States is sued pursuant to the provisions of the FTCA, it stands in the shoes of a private citizen. Since a private citizen would be immune from suit under the circumstances of this case, the liability of the United States can be no greater.

*Id.* at 734.The same rationale applies here: if a private owner would be immune under section 9-103, then the Government is immune under the FTCA.

B. *Suitability*

Next, the plaintiff maintains that the Government cannot avail itself of immunity under section 9-103 because the area where the accident occurred was not suitable for hiking: the steep, eroded path and the slippery stone slab were dangerous. Indeed, the recreational use statute only applies where "the property is of the sort which the Legislature would have envisioned as being opened up to the public for recreational activities as a result of the inducement offered in the statute."*Ianotti v. Consolidated Rail Corp.,* 74 N.Y.2d 39, 45, 544 N.Y.S.2d 308, 311, 542 N.E.2d 621 (1989). The plurality in *Ianotti* established a two-pronged analysis to determine

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

when the statute applies: "(1) the property must have been physically conducive to or suitable for the particular activity or sport involved, and (2) the property must have been appropriate for public use."*Guttridge,* 927 F.2d at 733 (citing *Ianotti,* 74 N.Y.2d at 45, 544 N.Y.S.2d at 312, 542 N.E.2d 621;*Larini v. Biomass Industries, Inc.,* 918 F.2d 1046, 1050 (2d Cir.1990)).

***4** By this test, Vanderbilt Park was indisputably suitable for hiking. As the New York Court of Appeals held in *Bragg v. Genesee County Agricultural Society,* 84 N.Y.2d 544, 620 N.Y.S.2d 322, 644 N.E.2d 1013 (1994), if the statute

> is to have any force, suitability must be judged by viewing the property as it generally exists, not portions of it at some given time. Any other test, which requires the owner to inspect the land, to correct temporary conditions or locate and warn of isolated hazards as they exist on a specific day, would vitiate the statute by reimposing on the owner the common-law duty of care to inspect and correct hazards on the land.

*Id.* at 552, 620 N.Y.S.2d at 327, 644 N.E.2d 1013. Thus, "[t]he presence of a dangerous condition ... has never been adopted as the test for suitability or appropriateness."*Fenton v. Consolidated Edison Co. of New York, Inc.,* 165 A.D.2d 121, 126, 566 N.Y.S.2d 227, 230 (1st Dep't 1991). Accordingly, where the land as a whole is appropriate for the activity at issue the statute applies, even if some portion of the premises is dangerous or otherwise unsuitable. *SeeLarini,* 918 F.2d at 1050 (road through forest suitable for snowmobiling despite obstacles including trees, stone walls, and pond); *Albright v. Metz,* 88 N.Y.2d 656, 663-64, 649 N.Y.S.2d 359, 363-64, 672 N.E.2d 584 (1996) (land suitable for motorbiking despite portion used as landfill); *Bragg,* 84 N.Y.2d at 546-47,552, 620 N.Y.S.2d at 324, 327, 644 N.E.2d 1013 (land suitable for motorbiking despite gravel excavation); *Fenton,* 165 A.D.2d at 123-24, 126, 566 N.Y.S.2d at 228, 230 (land suitable for motorbiking despite drainage ditches cut across road). Indeed, if isolated hazards rendered land unsuitable under the statute, then virtually no property would be appropriate for hiking, since land that is unspoiled and therefore attractive to hikers generally contains some steep incline, uneven surface, precipice, or other obstacle.

In this case, Vanderbilt Park was plainly conducive to hiking. It is a wooded area with foot paths, adjacent to an historical mansion. Ms. West herself had hiked there numerous times, and "[a] substantial indicator that property is 'physically conducive to the particular activity' is whether recreationists have used the property for that activity in the past; such past use by participants in the sport manifests the fact that the property is physically conducive to it."*Albright,* 88 N.Y.2d at 662, 649 N.Y.S.2d at 362, 672 N.E.2d 584 (citations omitted).

The second prong of the *Ianotti* test is also met: Vanderbilt Park was appropriate for public use. For example, "it was not a limited area such as the back yard of a private homeowner."*Guttridge,* 927 F.2d at 733 (citation omitted). The Government is entitled to immunity from liability, then, unless one of the exceptions in the recreational use statute ap- plies.

C. *Willfulness*

The plaintiff does indeed argue that one of the statutory exceptions applies here. She contends that the Government's conduct constituted a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure, or activity."N.Y. Gen. Oblig. Law § 9-103(2)(a).

***5** To make such a showing, Ms. West would be required to meet a high evidentiary threshold. *SeeLarini,* 918 F.2d at 1051;*Keomanivong v. Metro-North Commuter Railroad,* No. 93 Civ. 4363, 1995 WL 258190, at *3 (S.D.N.Y. May 2, 1995); *Hinchcliffe v. Orange and Rockland Utilities Co.,* 216 A.D.2d 528, 529, 628 N.Y.S.2d 806, 807 (2d Dep't 1995). She would have to prove that the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Government engaged in " '[i]ntentional acts of unreasonable character,' performed in disregard of a known or obvious risk so great as to make it highly probable that harm will result.'" *Larini,* 918 F.2d at 1051 (quoting *Seminara v. Highland Lake Bible Conference, Inc.,* 112 A.D.2d 630, 633, 492 N.Y.S.2d 146, 148 (3d Dep't 1985)).

None of the facts alleged in the complaint or presented in connection with the pending motions hint at more than simple negligence. The plaintiff fell on a slippery stone slab. She contends that the Government should have provided warnings or, perhaps, have barred access to the area. Its failure to do so might have been negligent, but " '[t]he standard imposed by section 9-103 requires a graver act that mere negligence before liability may be imposed." ' *Fenton,* 165 A.D.2d at 128-29, 566 N.Y.S.2d at 231 (quoting *Sega v. State of New York,* 60 N.Y.2d 183, 192-93, 469 N.Y.S.2d 51, 56, 456 N.E.2d 1174 (1983)). Here the facts do not meet that standard, and the statutory exception for willful acts therefore does not apply. *SeeLarini,* 918 F.2d at 1048, 1051 (failure to erect guardrails or warn of precipice adjacent to road used by snowmobilers not willful); *Keomanivong,* 1995 WL 258190, at *1, 3 (train engineer's failure to brake earlier before striking fisherman not willful); *Hinchcliffe,* 216 A.D.2d at 529, 628 N.Y.S.2d at 807 (failure to warn of thin ice created by underground tunnel not willful); *Fenton,* 165 A.D.2d at 128-29, 566 N.Y.S.2d at 231-32 (cutting drainage ditch across road used for motorbiking not willful).

*Conclusion*

In the circumstances of this case, a private person would be immune from liability under New York's recreational use statute. Therefore, the Government may not be held liable under the FTCA and retains its sovereign immunity. Accordingly, the Government's motion to dismiss for lack of subject matter jurisdiction is granted and the plaintiff's cross-motion for summary judgment on liability is denied.

The Clerk of Court shall enter judgment dismissing the complaint.

S.D.N.Y.,2003.
West v. U.S.
Not Reported in F.Supp.2d, 2003 WL 164278 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.