C
Hall v. U.S.
W.D.Va.,2003.
Only the Westlaw citation is currently available.
United States District Court,W.D. Virginia.
Lisa Ellen HALL, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
**No. 2:02CV00096.**

April 15, 2003.

Carl E. McAfee, McAfee Law Firm, P.C., Norton, Virginia, for Plaintiff.
Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Defendant.

OPINION

JONES, J.
***1** In this action under the Federal Tort Claims Act alleging negligence by the Forest Service, I grant the defendant's Motion to Dismiss for lack of subject matter jurisdiction.

I

On April 29, 2001, the plaintiff, Lisa Ellen Hall, entered the Bark Camp Lake Recreation Area to go fishing. She drove with her husband to the entrance of the Recreation Area, paid a three dollar parking fee, and parked her car in the maintained lot. (L. Hall Dep. at 15.) The plaintiff and her husband then proceeded to the lake via an undeveloped "fishermen's trail" that went "through the woods." (J. Hall Dep. at 18.) While fishing from the bank of the lake, the area where the plaintiff was standing "broke loose from the bank and slid out into the water," causing her to fall and injure herself. (L. Hall Dep. at 30.) In her present suit against the United States under the Federal Tort Claims Act, the plaintiff alleges that the Forest Service was negligent in the maintenance and inspection of the area where she fell. The defendant has filed a motion to dismiss for lack of subject matter jurisdiction, and in the alternative, a motion for summary judgment on the merits.[FN1]

FN1. Because I dismiss the case for lack of jurisdiction, I do not reach the motion for summary judgment.

Bark Camp Lake Recreation Area is located in Scott County, Virginia, and is managed by the United States Forest Service. The Recreation Area contains a small "developed" area that is regularly inspected and maintained by Forest Service employees. (Stallard Dep. at 8-9.) This developed area includes a manicured lawn, picnic tables, restroom facilities, a fishing pier, a boat launch area, paved pathways, and a designated parking area. (*Id.* at 11-12, 27-28.)The remaining portion of Bark Camp Lake is largely "undeveloped," meaning that it remains in its natural state. (*Id* . at 30.)There are several "fishermen's trails" and "user created fishing areas" around the lake, but other than occasional trash pickup, these undeveloped areas are not inspected or maintained by the Forest Service. (*Id.* at 32-33.)

Guidelines for the management of National Forest Recreation Areas, such as Bark Camp Lake Recreation Area, are set forth in the Forest Service Manual ("FSM").(*Id.* at 37.)Each District Ranger is directed to "prepare and annually update an operation and maintenance plan for recreation sites."(*Id.* at Ex. 2, p. 13.) In developing this plan, the District Ranger is directed to "establish priorities for the development and management of sites in the following order:

a. Ensure public heath and safety.
b. Protect the natural environment of the site.
c. Manage and maintain sites and facilities to enhance users' interaction with the natural resource.
d. Provide new developments that conform to the National Forest recreation role."

(*Id.* at Ex. 2, p. 4.) There is nothing in the FSM

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 5

that requires the Forest Service to perform specific maintenance duties in specific areas-developed or undeveloped. Instead, such decisions are left to the discretion of the District Ranger. (*Id.* at 39, 55.)The extent of the district's budget, its number of employees, and the desire to leave certain areas natural, are all taken into consideration in determining which areas to develop, manage, maintain, and inspect. (*Id.* at 39-43, 50.)

***2** A sign at the entrance to the Bark Camp Lake Recreation Area reads "Daily Fee Required-Fee Amount $3.00 Per Vehicle."(L. Hall Dep. at Ex. 2.) A person who hikes into the lake to fish and does not park a car in the parking lot is not required to pay this fee. (Stallard Dep. at 53.) A sign is also posted in the entrance area that describes "rules" and "reminders" to ensure "health and safety" and reads "BE CAREFUL! Look out for natural hazards and dangers when you are in the forest. If you hike off trails ... you do so AT YOUR OWN RISK."(*Id.* at Ex. 5.)

The issues in this case have been briefed and argued and the defendant's motions are now ripe for decision.

II

The United States is immune from suit unless it gives specific consent to be sued. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980). The Federal Tort Claims Act ("FTCA") waives sovereign immunity with certain exceptions, but only to the extent that a private person would be liable under the law of the jurisdiction where the alleged negligence occurred. *See*28 U.S.C.A. §§ 2671-2680 (West 1994 & Supp.2002). If an exception to the FTCA applies, or if a private person would not be liable under the same facts, then the plaintiff's case must be dismissed for lack of subject matter jurisdiction. *See Piechowicz v. United States,* 885 F.2d, 1207, 1209 n. 1 (4th Cir.1989).

Subject matter jurisdiction can be challenged at any time by any party or by the court sua sponte. *See Carlisle v. United States,* 517 U.S. 416, 434-35 (1996) (Ginsberg, J., concurring); Fed.R.Civ.P. 12(h)(3). The court must determine questions of subject matter jurisdiction first, before it can address the merits of the case. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). Once subject matter jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir.1999). In assessing whether subject matter jurisdiction exists, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."*Richmond, Fredericksburg, & Potomac R.R. v. United States,* 945 F.2d 765, 768 (4th Cir.1991)."The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."*Id.* The United States has submitted evidence by way of deposition transcripts in support of its motion and the facts surrounding the motion are largely uncontested.

The United States argues that Hall's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the "discretionary function" exception of the FTCA. This exception provides that the United States is not liable for:

Any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

***3** 28 U.S.C.A. § 2680(a). The United States specifically asserts that this exception applies because maintenance and inspection of the undeveloped areas of the Bark Camp Lake Recreation Area are not mandated by government regulation, but are instead left to the discretion of Forest Service personnel.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Supreme Court has established a two-step test to determine if the discretionary function exception applies. A court must first determine "whether the governmental action complained of 'involves an element of judgment or choice." ' *Berkovitz v. United States,* 486 U.S. 531, 536 (1988). This first step is not satisfied if a " 'federal statute, regulation or policy specifically prescribes a course of action for an employee to follow' because 'the employee has no rightful option but to adhere to the directive." ' *United States v. Gaubert,* 499 U.S. 315, 322 (1991) (quoting *Berkovitz,* 486 U.S. at 536)). If no such statute or regulation exists, then a court must ask whether the choice or judgment is "based on considerations of public policy." *Id.* at 323.

The language in the FSM that sets forth guidelines for the operation and management of National Forest Recreational Areas clearly gives Forest Service employees discretion. There is no language that "specifically prescribes a course of action."Instead, the District Ranger must "establish priorities" that involve "considerations of public policy," including management effects on visitor safety, aesthetics, environmental impact, and available financial resources.

In balancing these factors at the Bark Camp Recreation Area, the District Ranger chose to emphasize maintenance and inspection of the developed area and to leave the undeveloped areas as much as possible in their natural state. The District Ranger chose to monitor safety in the undeveloped areas by posting a sign that warned visitors to watch for natural hazards and to hike off the developed trails at their "own risk." It is not the place of this court to second guess these management decisions in the context of tort litigation. *See Berkovitz,* 486 U.S. at 537. *See also Baum v. United States,* 986 F.2d 716, 720-21 (4th Cir.1993) (Park Service's choice of material used to construct guardrails was a decision protected by the discretionary function exception); *Bowman v. United States,* 820 F.2d 1393, 1395 (4th Cir.1987) (Park Service's decision not to place guardrail along embankment was a policy judgment that precluded liability). Accordingly, the discretionary function exception applies to bar the waiver of immunity under the FTCA and the case will be dismissed for lack of subject matter jurisdiction.[FN2]

FN2. Even if the discretionary function exception did not apply, this case would be dismissed for lack of subject matter jurisdiction because a private person would not be liable under the Virginia Recreational Use Statute. *See*Va.Code Ann. § 29.1-509 (Michie 2001). This statute limits the liability of negligent landowners unless the landowner "receives a fee for use of the premises."Va.Code Ann. § 29.1-509(c)-(d). Here, although the plaintiff paid a three dollar fee upon entering the recreation area, the fee was merely for parking. The three dollar fee was charged "per vehicle" and visitors who hiked to the area were not required to pay the fee. Accordingly, the fee was not "for use of the premises." *See Majeske v. Jekyll Island State Park Authority,* 433 S.E.2d 304, 306 (Ga.Ct.App.1993) (holding that parking fee was not a "charge" under the Georgia Recreational Use Statute because people entering the island by means other than car were not charged); *City of Louisville v. Silcox,* 977 S.W.2d 254, 255 (Ky.Ct.App.1998) (holding that parking fee did not preclude the city from immunity because pedestrians and bicyclists entering the park were not charged).*See also Flohr v. Penn. Power & Light Co.,* 800 F.Supp. 1252 (E.D.Pa.1992); *Garreans v. City of Omaha,* 345 N.W.2d 309 (Neb.1984); *Reed v. City of Miamisburg,* 644 N.E.2d 1094 (Ohio Ct.App.1993). Accordingly, because the three dollar parking fee would not preclude immunity for a private person under the Virginia Recreational Use Statute, the United States does

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

not waive immunity under the FTCA.

III

For the forgoing reasons, the defendant's Motion to Dismiss will be granted. An appropriate final order will be entered.

W.D.Va.,2003.
Hall v. U.S.
Not Reported in F.Supp.2d, 2003 WL 1877593 (W.D.Va.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.