**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. SCOTT and DAVID W. SCOTT,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 07-328S** |
| **UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**ANSWER OF THE UNITED STATES**

Defendant, United States of America ("United States"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of the action.

THIRD DEFENSE

The Complaint alleges negligent acts and omissions as to which the United States is immune from suit pursuant to the Rhode Island Recreational Use Statute, R.I. Gen. Laws § 32-6-3.

FOURTH DEFENSE

All injuries and/or damages alleged in the Complaint by the Plaintiffs were sustained without any negligence, fault, or failure to exercise due care on the part of the United States.

FIFTH DEFENSE

All injuries alleged by Plaintiffs as giving rise to this action were caused by the negligence or the failure to exercise due care on the part of Plaintiff Elizabeth Scott.

SIXTH DEFENSE

In the event that United States is found to be negligent, which negligence is denied, the negligence of Plaintiff Elizabeth Scott was the proximate cause and contributed to causing the alleged injuries and damages, thereby barring recovery, or alternatively, mandating that any recovery by Plaintiffs be proportionally reduced.

SEVENTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by Plaintiff Elizabeth Scott before she voluntarily exposed herself to it.

EIGHTH DEFENSE

Plaintiff David Scott's claim is barred because his tort claim was not presented in writing to the appropriate federal agency within two years after his claim accrued.

NINTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action because the Complaint does not allege that, prior to instituting this action, Plaintiff David Scott presented an administrative tort claim that specified a certain amount of damages.

TENTH DEFENSE

The Court lacks jurisdiction over the subject matter of the action because the Complaint does not allege that, prior to instituting this action, Plaintiff Elizabeth Scott presented an administrative tort claim that specified a certain amount of damages.

ELEVENTH DEFENSE

Plaintiffs have no right to a jury trial in this action. 28 U.S.C. § 2402.

TWELFTH DEFENSE

Plaintiffs are proscribed from recovering any amount for pre-judgment interest against Defendant. 28 U.S.C. § 2674.

THIRTEENTH DEFENSE

Plaintiffs' recovery, if any, is limited to the amount claimed administratively. 28 U.S.C. §2675(b).

FOURTEENTH DEFENSE

As to the specific allegations set forth in Plaintiffs' Complaint, Defendant pleads as follows:

1. In response to paragraph numbered one of the Complaint, Defendant states it is without sufficient information to admit or deny the location of the Plaintiffs' residence, the nature of their citizenship, or the nature of their marital relationship and therefore denies said allegations. To the extent a response is deemed required, Defendant denies the truth of the allegations.

2. Admitted.

3. Admitted

4. Admitted.

5. Admitted.

6. Admitted.

7. In response to paragraph numbered seven of the Complaint, Defendant states it is without sufficient information to admit or deny that the Plaintiff Elizabeth Scott in fact tripped and fell or to admit that the alleged fall caused her to suffer severe and permanent personal injuries. To the extent a response is required, Defendant denies the truth of the allegations.

8. Denied.

9. In response to paragraph numbered nine of the Complaint, Defendant states that this paragraph is a jurisdictional assertion to which no response is required.

10. In response to paragraph numbered ten of the Complaint, Defendant denies that Plaintiff David Scott filed an administrative claim with the Navy at any time.

11. In response to paragraph numbered eleven of the Complaint, Defendant states and incorporates by reference its responses to paragraphs numbered one through ten above as if set forth fully herein.

12. In response to paragraph numbered twelve of the Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the allegations.

13. In response to paragraph numbered thirteen, including subparts (a) through (d) of the Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the allegations.

14. In response to paragraph numbered fourteen of the Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the allegations.

15. In response to paragraph numbered fifteen of the Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the allegations.

16. In response to paragraph numbered sixteen of the Complaint, Defendant states that it consists of legal assertions and conclusions to which no response is required. To the extent a response is required, Defendant denies the truth of the allegations.

WHEREFORE, Defendant, having answered the Complaint, respectfully requests that the Court dismiss the Complaint with prejudice, and enter judgment for Defendant, including an award of all fees, costs and expenses incurred in defending this action, as well as any and all other relief this Court deems just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017(fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 6th day of March, 2008, I caused to be electronically filed the within Answer of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Stephen J. Angell, Esq.
155 South Main Street
Suite 203
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov