**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ELIZABETH A. SCOTT and<br>DAVID W. SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-328S |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Elizabeth A. Scott and David W. Scott offer the within Memorandum in support of their Objection to Defendant's Motion to Dismiss Plaintiffs' Complaint. For the reasons discussed herein, Rhode Island's Recreation Use Statute (RUS)[1] does not provide immunity to this defendant. Thus, plaintiffs' complaint does not want for lack of subject matter jurisdiction, and it does state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss ought to be denied.

## I. Introduction

The Complaint before this Court involves an action brought by plaintiffs pursuant to the Federal Tort Claims Act (FTCA)[2] for personal injuries sustained by Plaintiff Elizabeth A. Scott on September 3, 2004, when she tripped and fell in the vicinity of the police station located at the Newport Naval Station. (Compl. ¶ 7). Plaintiff David W. Scott's claim is derivative in nature. (Compl. ¶ 15). On the date of injury complained of, the plaintiffs were invited to enter land controlled by the Newport Naval Station to observe a display of fireworks. (Compl. ¶ 4). At the conclusion of the display Ms. Scott

---

[1] R.I. Gen. Laws § 32-6-1, *et seq.*
[2] This action arises under the Federal Tort Claims Act, 28 U.S.C.§§1346(b), 2671-80. (Compl. ¶ 9).

broke her foot and sustained other injuries when she tripped and fell as a result of a defect in the premises.

Plaintiffs allege in their complaint that the defendant failed to exercise reasonable care to warn Ms. Scott of hazardous or dangerous conditions, to discover these conditions, and to maintain the premises to eliminate these conditions. (Compl. ¶¶ 12-13). It is not a requirement of pleading such an action that the plaintiffs identify the hazardous and/or dangerous condition in the complaint.[3] Furthermore, the defendant was aware of the particular condition complained of by virtue of pictures and other information provided to it by plaintiffs at the time the plaintiffs presented their claim and thereafter.

## II. Argument

### A. Law Governing Motions to Dismiss

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction.

When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996). The court may consider matters presented outside of the pleadings on a motion to dismiss for lack of subject matter jurisdiction. Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F.Supp. 961, 966 n. 8 (D.R.I. 1997).

[3] Fed. R. Civ. P. 8(a)(2) requires that a pleading must contain "*a short and plain statement* of the claim showing that the pleader is entitled to relief." *Emphasis Added.*

### 2. Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted.

The Court is limited to a review of the pleadings in order to determine whether Plaintiffs have a valid claim upon which relief may be granted. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). The court must determine beyond doubt that Plaintiffs could prove no set of facts which would entitle them to relief under the claim for which they seek relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When ruling on a 12(b)(6) motion to dismiss, all well-pleaded factual allegations must be accepted as true by the court. Also, all reasonable inferences must be drawn in the claimant's favor. Finally, the court must determine whether the complaint sets for the sufficient facts to support the challenged claims. Cloroz Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). This does not mean that the court must credit conclusory allegations or indulge unreasonably attenuated inferences. Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st cir. 1997); Ticketmaster-NY, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

### B. Rhode Island's Recreational Use Statute Does Not Provide Immunity to the United States from Liability.

For certain torts, the FTCA functions as a waiver of the United State's sovereign immunity. Santoni v. Potter, 369 F.3d 594, 602 (1st Cir 2004). The FTCA provides, in part, that the United States is liable to the extent that a private person is liable to the claimant under the law of the state where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674. As it is undisputed that Ms. Scott was injured at the

Newport Naval Station, the General Laws of the State of Rhode Island law ought to apply to the matter complained of.

The Defendant argues that Rhode Island's Recreational Use Statute (RUS)[4] provides it with complete immunity from liability; however, the facts of this particular case indicate that the premises in question, the Newport Naval Station, was not open continuously to the public for recreational purposes and when the premises was opened to the public, the public's access was limited and controlled by the defendant. These facts distinguish the matter before the Court from those matters in which a defendant enjoyed the immunity provided to land owners pursuant to RUS.

**1. The Purpose of Rhode Island's RUS and Exceptions to RUS.**

The purpose of the Rhode Island RUS is to encourage landowners to hold their property open to the public for recreational use by limiting the landowner's liability. To that end the RUS provides:

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owned; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.
>
> R.I. Gen. Laws § 32-6-1.

The immunity provided to such owners of land by the statute is not absolute. R.I. Gen. Laws § 32-6-5 provides:

[4] R.I. Gen. Laws § 32-6-1, *et seq.*

> (a) Nothing in this chapter limits in any way any liability which, but for this chapter, otherwise exists:
>
> (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril; or
>
> (2) For any injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for that lease shall not be deemed a "charge" within the meaning of this section.
>
> (b) When the coastal resources management council designate a right-of-way as part of its designation process as specified in § 46-23-6(5), or when the coastal resources management council stipulates public access as a condition of granting a permit, the landowner automatically will have "limited liability" as defined in this chapter, except as specifically recognized by or provided in this section.

On its face, R.I. Gen. Laws § 32-6-1 immunizes an owner of land against suits for negligence provided that the land owner conforms his conduct to the statutory requirements. Notwithstanding, a land owners immunity is limited by statute where the land owner charges a fee in connection with the use of the land, where the land owner willfully and maliciously fails to guard or warn a person about some dangerous condition on the land or where the Costal Resource Management Council makes a designation pursuant to R.I. Gen. Laws § 46-23-6(5). R.I. Gen. Laws § 32-6-5.

Plaintiffs do not dispute that the United States qualifies as an "owner" under the Rhode Island RUS. Guttridge v. United States, 927 F.2d 730, 734 (1991) (United States' liability under the FTCA is that of a private individual, regardless of what a state intends liability to be). As such an owner, however, the United States is bound to all statutory limitations as well any other limitations imposed the Rhode Island Supreme Court in interpreting the RUS.

The plaintiffs in this case admit that they were not charged a fee in connection with fireworks display on September 3, 2004, and they allow that R.I. Gen. Laws § 32-6-5(b) is inapplicable to them in this matter. The last statutory limitation, which is applicable in this matter, is whether the conduct of this defendant was willful or malicious in failing to guard or warn Ms. Scott against a dangerous condition, use, structure, or activity after the defendant discovered the peril. R.I. Gen. Laws § 32-6-5(a)(1). The defendant's conduct in regard to and knowledge of the alleged defect in the premises is something that the plaintiffs expect to be elucidated in the discovery process. If it is discovered that the defendant's conduct was willful or malicious, then a motion to amend the complaint would be in order. As plaintiffs had no such knowledge at the time of filing the complaint in this matter, no such allegation was made. Notwithstanding the forgoing discussion of the statutory limitations on the immunity provided by the Rhode Island RUS, the Rhode Island Supreme Court has also imposed limitations on the immunity provided to land owners by the RUS.

In analyzing the applicability of the RUS to a land owner, the Rhode Island Supreme Court "focus[es] on the character of the premises and the nature and scope of the activity for which the premises are held open to the public." Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006). In Morales, the Court held that where the public's use of the land was limited and controlled, the RUS did not apply. *Id.*

The plaintiffs in the matter before the Court as well as all members of the general public have limited and strictly controlled access to the Newport Naval Station during times when the public is invited onto the Naval Station. Furthermore, the character of the

premises is such that the no area of the Newport Naval Station is continuously open to the public for recreational use.

**2. The Newport Naval Station is Not Continuously Open to the Public for Recreational Purposes.**

The Rhode Island case law addressing the RUS, as well as Federal case law cited by plaintiffs and defendant in this matter, discuss recreational use statutes involving private land held open to the public *continuously* for recreational use. Lacey v. Reitsma, 899 A.2d 455 (R.I. 2006); Smiler v. Napolitano, 911 A.2d 1035 (R.I. 2006); Hanley v. Rhode Island, 837 A.2d 707 (R.I. 2003); Maldonado v. United States, 893 F.2d 267 (1990); Hegg v. United States, 817 F.2d 1328 (1987); Schneider v. United States, 760 F.2d 366 (1985). *Emphasis added*. The Newport Naval Station is not made available to the public for recreational use on a continuous basis.

In order to determine if land is considered held open for the public's recreational use, you must look to "the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." Miller v. City of Dayton, 537 N.E.2d 1294, 1296 (O.H. 1989). This view is also shared by the Rhode Island Supreme Court. Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006). Simply stated, the main characteristic of the Newport Naval Station is that it is a Navy base and part of the military. The property is opened on a limited number of occasions during the year. Affidavit of David W. Scott at ¶ 3 and 4.[5] The property certainly is not opened on a continuous basis for recreational use by the public.

The Naval Station's exercises strict control over its premises with the use of such devises as "No Trespassing" signs and designated "entry points." Scott Aff. at ¶ 9.

[5] Affidavit of David W. Scott, hereinafter referred to as "Scott Afft."

These entry points are the only locations a person may enter the property when the land is being used in its usual course by the Navy and these "entry points" are guarded by security who only allow entry if a person's name is located on an "access list." Scott Aff. at ¶ 9. This is hardly an example of land that is held open to the public for any purpose let alone for recreational use.

It is reasonable to conclude that Rhode Island's RUS is designed to reward a landowner by providing him with a degree of immunity for making his land available to the public continuously, not just on limited and controlled occasions. If a landowner, such as this defendant, has complete control over when, where, and how the public uses its property, the landowner ought not to enjoy the protections afforded by the Rhode Island RUS.

### 3. The Public's Access to the Newport Naval Station is Controlled and Limited Even When the Property is Opened to the Public.

The Naval Station is opened on a limited number of occasions during the year and one such occasion is the annual fireworks display such as the one occurring on September 3, 2004. Scott Aff. at ¶ 3 and 4. On that night, as is the case whenever the Naval Station is opened to the public, only a portion of the premises was accessible to the public. Scott Aff. at ¶¶ 4, 6, and 8. Furthermore, on such occasions there are specifically designated entry and exit pathways to the specific area opened to the public. Scott Aff. at ¶ 6. One of these pathways included a pathway to and from the Newport Naval Police Station parking lot and the area around the police station. Scott. Aff. at ¶ 7. Lighting this pathway, as well as any other conditions in the path, were in the sole control of the landowner. Scott Aff. at ¶ 9. Ms. Scott had no choice but to use this area to enter and exit from the field. Scott Aff. at ¶ 6.

In Morales, it was held that the Rhode Island RUS did not provide the landowner with any immunity for injuries sustained by a plaintiff during a sporting event where at local school department controlled the property and the event while the public was present. Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006). In the matter complained of, the Naval Station exerted a greater level of control over the property and the event than the defendant in Morales.

**Conclusion**

The defendant's property is not held open for the public's recreational use. Instead, the defendant has "No Trespassing" signs posted, as well as security officers posted at each entry point to the property. Anyone wishing to enter onto the Naval Station must either have been invited for a special occasion, receiving limited access confined to a particular location with particular paths of ingress and egress, as in Ms. Scott's circumstance on September 3, 2004, or a person must be on an "access list," which is controlled by Naval Station personnel.

The character of the premises and the level of control exercised by the defendant over the premises, during normal daily operations and during special occasion when the public is invited, make it clear that the defendant is not the type of landowner to whom the Rhode Island RUS extends immunity. Accordingly, plaintiffs respectfully request that Defendant's Motion to Dismiss not be denied.

Respectfully submitted by plaintiffs
through their attorney,

**/s/ Stephen J. Angell**
Stephen J. Angell (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022

**Certification of Service**

I, Stephen J. Angell, hereby certify that on this 24th day of March, 2008, I caused the within Memorandum to be filed electronically with the Clerk of the United State District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified in on the Notice of Electronic Filing, have received notice electronically:

Ly T. Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

**/s/ Stephen J. Angell**
Stephen J. Angell (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022