United States District Court
for the
District of Rhode Island

| | | |
|---|---|---|
| ELIZABETH A. SCOTT, Individually, and DAVID W. SCOTT, Individually, Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-328S |
| UNITED STATES OF AMERICA Defendant. | ) | |

<u>Affidavit of David W. Scott</u>

I, David W. Scott, do hereby depose and say that:

1. I am a named plaintiff in the above entitled matter and, at all times relevant hereto, I am the husband of plaintiff Elizabeth A. Scott.
2. At the time of the incident complained of, I held the rank of Captain in the Newport Naval Station Police Department.
3. In my capacity as a Captain in the Newport Naval Station Police Department I have direct personal knowledge that the Newport Naval Station was opened to the public by invitation only for limited purposes on a limited number of occasions.
4. The limited purposes and occasions for which the Naval Station was open to the public were the following events: (A) the Navy band concert series held 3 to 4 times each summer on the site of Dewey Field; (B) a series of guest lectures held at various times during the year at a minimum of 3 to 4 lectures per year at the Spruance Auditorium; (C) an annual fireworks display occurring on the site of Dewey Field during the year at the end of the summer season to mark the conclusion of the

summer season; (D) a holiday concert series performed by the Navy band held one time during in the holiday season and held in Spruance Auditorium.

5. For all outdoor events referenced in paragraph 4 herein, I have direct personal knowledge that the United States Navy engaged private, civilian, for-profit persons and/or entities to provide concessions to the public. These concessions consisted of food, drink, and goods.

6. I have direct personal knowledge that at the time referenced herein, when the Newport Naval Station was opened to the public, that the public's access to any part of the grounds on the base was restricted to particular paths of ingress and egress including the path traveled by myself and Elizabeth Scott on the night in question.

7. I have direct personal knowledge that the injury complained of in this matter by my wife occurred in an area directly adjacent to the then-existing base police station, and I state further that the area adjacent to the police station was illuminated routinely by a lighting system attached to the exterior of the police station; however, that lighting system had not been functioning at the time of the incident and injury complained of.

8. I have direct personal knowledge that when the base is open to the public the public's presence was expected at and confined to the event locations.

9. I have direct personal knowledge that outside of these special events, the public was not invited onto the property. Instead, any person wishing to enter the property must be on an "access list" controlled by security at particular points on the grounds known

as "entry points." There are "No Trespassing" signs posted at each of these entry points.

David W. Scott

Sworn to and subscribed before me on the 22nd day of March, 2008.

Notary Public

My Commission Expires on

STEPHEN J. ANGELL
Notary Public of Rhode Island
My Commission Expires 9/15/09