**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. SCOTT and DAVID W. SCOTT,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 07-328S** |
| **UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**UNITED STATES OF AMERCIA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW, the United States of America, and submits the following Reply in Support of its Motion to Dismiss Plaintiffs' Complaint.

**I. Plaintiffs' Sole Claim of Negligence in their One-Count Complaint Must Be Dismissed as the Rhode Island Recreational Use Statute Provides Immunity to the United States for Negligence**

Plaintiffs' sole claim of negligence is barred by Rhode Island's Recreational Use Statute ("RUS") which provides immunity to landowners for negligence when individuals use their property for recreational purposes. See R.I. Gen. Laws § 32-6-3; see also Cruz v. City of Providence, 908 A.2d 405, 407 (R.I. 2006) (holding that RUS immunizes city for liability for negligence when individuals use its property for recreational purposes). Plaintiffs do not dispute in their Memorandum in Support of their Objection to Defendant's Motion to Dismiss that the United States is a land owner under the RUS (see Pls.' Supp. Mem. at 5) and that Ms. Scott was on Navy premises for the recreational purpose of observing fireworks (see Pls.' Supp. Mem. at 1-9). Plaintiffs also concede that that the only claim asserted in their Complaint was a claim for negligence. (See Pls.' Supp. Mem. at 2, 6.) Thus, the United States is immune from suit for

negligence pursuant to the RUS.

Accordingly, because the United States is immune from suit, Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction. See, e.g., Woods v. United States, 84 F.3d 432, 432 (5th Cir. 1996) ("Because the United States could not be held liable for damages in this case as a private party under Louisiana Recreational Use statutes, this court lacks jurisdiction over plaintiff's claims."), aff'd, 84 F.3d 432 (5th Cir. 1996); West v. United States, No. 00 Civ. 9433 (JCF), 2003 WL 164278, at *4-5 (S.D.N.Y. Jan. 10, 2003) (granting motion to dismiss for lack of subject matter jurisdiction where New York's RUS provided immunity to the United States for simple negligence) (attached as Ex. 1).

## II. Dismissal is the Appropriate Remedy Where Complaint Merely Alleges Negligence and Fails to Allege Any Willful or Malicious Misconduct on the Part of the United States

Although the United States acknowledges that the RUS does not provide immunity for the willful or malicious failure to guard or warn against a dangerous condition after discovering the user's peril, no such allegation was made in the Complaint. In fact, Plaintiffs admit that they did not allege any willful or malicious conduct on the part of the United States in their Complaint. (Pls.' Supp. Mem. at 6.) They further concede that they have no knowledge that United States' conduct was willful or malicious. (Pls.' Supp. Mem. at 6.) Although Plaintiffs state that they may move to amend their Complaint in the future if it is discovered that the United States' conduct was willful or malicious (Pls.' Supp. Mem. at 6), Plaintiffs should not be able to proceed to the discovery phase based on a claim that is pure conjecture and not presently made in their Complaint.

In Finneman v. U.S. Department of Transportation, No. C-93-3416-MHP, 1994 WL 172253, at *5 (N.D.Cal. 1994) (attached as Ex. 2), aff'd, 74 F.3d 1245 (9th Cir. 1996), plaintiff argued that he should be permitted discovery in order to develop his theory that the government acted willfully so as to demonstrate that the conduct fell within the purview of the willful misconduct exception to the California's RUS. Similar to this case, the complaint in Finneman also failed to contain any willful misconduct allegation.[1] The Finneman court rejected plaintiff's argument and held that the "court requires some reliable basis for permitting this matter to proceed to discovery." Id. [2] As in Finneman, Plaintiff in this case failed to offer any reliable basis for permitting this matter to proceed to discovery. Accordingly, the Court should not permit Plaintiffs "to go on a fishing expedition to try to find evidence for a claim that is pure conjecture." See id.

Further, dismissal is the appropriate remedy because the stated purpose of the RUS "to encourage owners of land to make land and water areas available to the public for recreational

---

[1] Notably, the Finneman court noted that plaintiff's complaint "might well raise Rule 11 concerns, if the complaint had actually contained such an allegation" of willful misconduct. Id.

[2] In Finneman, the government's 12(b)(6) motion to dismiss was converted into a motion for summary judgment because both sides submitted matters outside of the pleadings. Id. Although matters outside of the pleadings have been submitted in this case, the Court need not convert the motion to dismiss into a motion for summary judgment as Defendant has also moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists.").

purposes by limiting their liability to persons entering thereon for those purposes" is defeated if the landowner must bear the costs of litigation. Where, as here, Plaintiffs do not dispute that Ms. Scott was at the Naval Station for a recreational purpose, it would simply be a waste of resources to allow this matter to proceed to discovery.

Moreover, numerous federal courts have held that dismissal of the complaint is appropriate where the complaint alleges negligence and the United States is shielded from liability pursuant to the state's recreational use statute. Guttridge v. United States, 927 F.2d 730 (2d Cir. 1991) (affirming dismissal of complaint where plaintiff "alleged his injuries were the result of simple negligence on the part of the employees of the United States" and United States was immune from liability for negligence under New York's RUS ); Woods v. United States, 84 F.3d 432, 432 (5th Cir. 1996) (affirming district court's grant of motion to dismiss where estate of drowning victim alleged negligence in maintenance of swimming area and Louisiana recreational use statute released United States from liability); Proud v. United States, 723 F.2d 705, 707 (9th Cir. 1984) (holding district court properly dismissed complaint for failure to state claim upon which relief can be granted where Hawaii's recreational statute barred the claim); West v. United States, No. 00 Civ. 9433 (JCF), 2003 WL 164278, at *5 (S.D.N.Y. Jan. 10, 2003) (granting motion to dismiss for lack of subject matter jurisdiction where facts alleged in complaint were nothing more than simple negligence and holding government entitled to immunity under New York recreational statute) (attached as Ex. 1); Hall v. United States, No. 2:02CV00096, 2003 WL 1877593, at *3 n.2 (W.D.Va. April 15, 2003) ("Even if the discretionary function exception did not apply, this case would be dismissed for lack of subject matter jurisdiction because a private person would not be held liable under the Virginia

Recreational Use Statute.") (attached as Ex. 3); Estate of Purkey ex rel. Purkey v. U.S., 299 F. Supp.2d 539, 544 (W.D.N.C. 2004) (dismissing plaintiff's complaint where United States had no duty to warn of hazardous condition and thus was not liable pursuant to the North Carolina recreational use statute ); Tate v. Burlington Northern Sante Fe R. Co., No. 04 C 3638, 2004 WL 2515829, at *7 (N.D. Ill. Nov. 5, 2004) (dismissing negligence claim "for failure to state a claim upon which relief may be granted because Plaintiff has not pleaded willful and wanton misconduct consistent with the Recreational Use Act") (attached as Ex. 4).

## III. Plaintiffs' Argument that the Rhode Island Recreational Use Statute is Only Applicable to Land that is Continuously Open to the Public for Recreational Purposes is Unsupported by the Case Law Cited by Plaintiffs.

Plaintiffs argue that "Rhode Island case law addressing the RUS, as well as Federal case law cited by plaintiffs and defendant in this matter, discuss recreational use statutes involving private land held open to the public continuously for recreational use." (Pls.' Supp. Mem. at 7.) However, a close examination of the six cases to which Plaintiffs cite in support of this argument shows that there is no mention, let alone a discussion, that the lands in question in these cases were in fact continuously open to the public for recreational use. See the following cases cited by Plaintiff: Lacey v. Reitsma, 899 A.2d 455 (R.I. 2006); Smiler v. Napolitano, 911 A.2d 1035 (R.I. 2006); Hanley v. Rhode Island, 837 A.2d 707 (R.I. 2003); Maldonado v. United States, 893 F.2d 267 (10th Cir. 1990); Hegg v. United States, 817 F.2d 1328 (8th Cir. 1987); Schneider v. United States, 760 F.2d 366 (1st Cir.1985).

While the Rhode Island Supreme Court in Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006), stated the focus should be on the "character of the premises and the nature and scope of the activity for which the premises are held open to the public," nothing in this decision

cited by Plaintiffs suggests that the RUS does not apply to land that is not opened on a continuous basis for recreational use by the public. In Morales, the court held that town of Johnston was not immune for negligence because the soccer field in question was not open to the public for recreational activities when a student was injured on it while playing in a school-organized soccer game. Thus, the Morales court found the RUS inapplicable. Id. Morales is distinguished from the present case because nothing in Plaintiffs' Complaint or Plaintiffs' Memorandum suggest that the area in which Ms. Scott fell was not open to the public at the time of her injury. In fact, Plaintiffs assert that the pathway that Ms. Scott used was open to the public. (Pls.' Supp. Mem. at 8.)

Plaintiffs' argument that the Naval Station's general strict control over its premises precludes the RUS from applying is also without merit. Such an argument was rejected by the court in applying Washington's RUS in Miller v. U.S. Dep't of Army, Portland Dist. Corps of Engineers, 37 F.3d 1505 (9th Cir. 1994). The Miller court explained:

> Washington's recreational use statute, by its terms, applies to landowners "who allow members of the public to use them for the purpose of outdoor recreation." It does not require that the land be open to every member of the public at all times

Id.; see also Mansion v. United States, 945 F.2d 1115, 1117-18 (9th Cir.) (California RUS applied to injury sustained during picnic at naval air station even though public access was restricted and noting that security measures plaintiff "attempts to classify as discouragement serve to maintain the integrity of the military facility, not to limit access to the park by permitted users"); Palmer v. United States, 742 F.Supp. 1068, 1072 (D.Haw. 1990) ("The land does not have to be open to every person in the general public for the statute to apply."), aff'd, 945 F.2d 1134 (9th Cir. 1991). As in Miller, the RUS statute in this case also does not require

the land to be open to every member of the public at all times.

## III. Plaintiffs' Suggested Requirement that the Land Must Be Opened to the Public Continuously in Order for Rhode Island's Recreational Use Statute to Apply is Not Supported by the Express Language of the Recreational Use Statute and is Contrary to the Purpose of the Recreational Use Statute

Plaintiffs assert that the RUS requires that the land be opened to the public continuously in order for the RUS to apply. The RUS specifically states:

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.

R.I. Gen. Laws § 32-6-3. Nowhere in the RUS is there a requirement that the land be opened to the public continuously for the RUS to apply.

Further, the RUS states that, "[t]he purpose of this chapter is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability to persons entering thereon for those purposes." R.I. Gen. Laws § 32-6-1; see also 62 American Jurisprudence 2d (2008), Premises Liability, Section 127 (" 'Recreational use' statutes are intended to reduce the growing tendency of landowners to withdraw land from recreational access by removing the risk of gratuitous tort liability that a landowner might run unless the landowner could successfully bar any entry to his or her property for enumerated recreational uses."). Given that the purpose of the RUS is to increase the amount of land held open for recreational use, Plaintiffs' restrictive reading of the statute is contrary to the very purpose of the

RUS. On the other hand, by affording immunity in this situation where Ms. Scott was undisputedly on Navy premises for the recreational purpose of observing fireworks, the purpose of the RUS to encourage landowners to make their recreational property available for use is served.

**IV. Conclusion**

For the reasons stated above, the United States respectfully requests that Plaintiffs' Complaint against the United States be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 9th day of April, 2008, I caused to be electronically filed the within United States of America's Reply in Support of Its Motion to Dismiss with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Stephen J. Angell, Esq.
155 South Main Street
Suite 203
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov