**H**
Finneman v. U.S. Dept. of Transp.
N.D.Cal.,1994.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Mark FINNEMAN, Plaintiff,
v.
U.S. DEPARTMENT OF TRANSPORTATION,
U.S. Coast Guard, Defendants.
**No. C-93-3416-MHP.**

April 7, 1994.

MEMORANDUM AND ORDER

PATEL, District Judge.
*1 Plaintiff Mark Finneman brings this action pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b), against defendants, the United States Department of Transportation and the United States Coast Guard ("the government"), for negligently maintaining a bike path and failing to warn of hazards present on the path. Now before this court is the government's motion to dismiss Mr. Finneman's claim, which the government requests the court convert into a motion for summary judgment.

Having considered the parties' arguments and submissions, and for the reasons set forth below, the court hereby grants summary judgment in favor of the government.

*BACKGROUND*

On March 7, 1993, plaintiff Mark Finneman rode his bicycle along part of a National Park Service designated bike path adjacent to the U.S. Coast Guard Station, Golden Gate, near Sausalito, California. The Coast Guard, which is responsible for maintaining that particular section of the path, was in the process of installing additional lighting along the route. As part of this project, Coast Guard personnel excavated a trench which traversed the path and placed wooden planks across it so that cyclists and pedestrians could continue to use the route. When Mr. Finneman reached the trench, his bicycle struck the edge of one of the wooden planks and he was thrown to the ground, sustaining several injuries. On September 14, 1993, Mr. Finneman filed a complaint against the government under the FTCA, alleging that the government (1) negligently maintained the path, and (2) failed to warn of the danger presented.

On November 22, 1993, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing for dismissal based on California's recreational use statute, California Civil Code section 846 ("section 846"), which immunizes landlords from negligence suits brought by individuals coming onto land for recreational purposes. Moreover, the government argues, Mr. Finneman fails to allege facts sufficient to bring his claim within section 846's exception for wilful failure to warn.[FN1]

In response, Mr. Finneman does not dispute section 846's application to the bike path in question. Instead, he contends that his failure to warn allegation should be construed as an allegation of wilful misconduct. Thus construed, Mr. Finneman argues, his complaint alleges facts sufficient to come within the section's wilful failure to warn exception.

In reply, the government suggests that Mr. Finneman's failure to warn allegation is spurious and that, had his counsel reasonably investigated, she would have discovered that the government did provide warnings. In support of this contention, the government has submitted site photographs and a coast guardsman's declaration that warning signs were in place.

Following the normal briefing of this motion, Mr. Finneman asked for and received permission to file additional papers. In his supplemental opposition,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 2

Mr. Finneman cites several cases supporting his (new) position that section 846 immunity does not apply to the bike path because it was an active construction site. Further, Mr. Finneman provides declarations from two witnesses who maintain there were no warning signs at the accident location. Mr. Finneman also contends that the presence of warning signs is a triable issue of fact such that summary judgment is inappropriate.

***2** Finally, in the last set of papers submitted for this motion, the government argues that because the bike path was never withdrawn from recreational use, section 846 immunity still attaches. Moreover, the government notes that since both sides have relied on matters outside the pleadings the motion must be converted into a motion for summary judgment.

*LEGAL STANDARDS*

Although the government initially brought this motion as a motion to dismiss, both parties have submitted matters outside the pleadings.[FN2] Federal Rule of Civil Procedure 12(b)(6) provides that "if ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *See also Grove v. Mead School Dist.,* 753 F.2d 1528, 1532-33 (9th Cir.1985), *cert. denied,*474 U.S. 826 (1985); Wright & Miller, *Federal Practice and Procedure:* Civil 2d § 1366. Conversion is proper where the parties have notice that the matter may be considered as a motion for summary judgment, and such notice is implied to parties who submit matters beyond the pleadings for consideration. Grove, 753 F.2d at 1533. Since both the government and Mr. Finneman have submitted documents beyond the pleadings and have evinced a clear understanding that the instant motion to dismiss may be converted to one for summary judgment, the court will treat this motion as a motion for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted:
against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The party moving for summary judgment has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine issue of fact. Id. at 323. The burden then shifts to the nonmoving party to present evidence sufficient to support a verdict in its favor on every element of its claim for which it will carry the burden of proof at trial. *Id.* at 322-23. "If the [nonmoving party's] evidence is ... not sufficiently probative ... summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).

The court's function on a motion for summary judgment is not to make credibility determinations, id. at 249, and inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir.1987).

*DISCUSSION*

A party may bring an action against the federal government only to the extent that the government has waived its sovereign immunity. *United States v. Orleans,* 425 U.S. 807, 814 (1976). The government has waived its sovereign immunity in actions such as Mr. Finneman's only to the extent that a private person would be liable under similar circumstances. 28 U.S.C. §§ 1346(b). The court must therefore determine whether a private person would be liable for Mr. Finneman's injuries under California law.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

***3** As noted above, California has a recreational use statute which protects landowners from liability for negligence to those who use their land for recreational purposes. It provides, in relevant part, that

[a]n owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or-use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose.... [However, this section] does not limit the liability which otherwise exists for wilful or malicious failure to warn or guard against a dangerous condition, use, structure or activity....

Cal. Civil Code § 846. Thus, Mr. Finneman's first challenge is to demonstrate that the government is not entitled to immunity in the instant action. He attempts to surmount this obstacle with two different arguments, neither of which is persuasive.

First, Mr. Finneman points to a series of California appellate decisions that have carved out an exception to section 846 for lands "not suitable for, or intended for recreational use." *Domingue v. Presley of Southern California,* 197 Cal.App.3d 1060, 1067 (1988); *see also Potts v. Halsted Financial Corp.,* 142 Cal.App.3d 727 (1983); and *Paige v. North Oaks Partners,* 134 Cal.App.3d 860 (1982). In *Domingue,* the plaintiff fell from a six-foot graded house pad on a lot where home construction had begun. In *Potts,* the plaintiff fell from the roof of a beach house which was under construction. Finally, in *Paige,* the plaintiff fell into an open trench behind a shopping center. In each of these cases, the court found that the construction site was unsuitable for recreational use and barred the landowner from invoking section.846 immunity. Mr. Finneman argues that the bike path in question was an active construction site unsuitable for recreational use such that, under *Domingue,*section 846 immunity cannot attach.

However, the court agrees with the government's contention that the circumstances in *Domingue, Potts* and *Paige* differ materially from those presented in the instant action. Here, the government-landowner was in the process of completing a relatively simple improvement to a designated bike path which was clearly intended for recreational use. There is no evidence that the path was unsuitable for such use. Indeed, the very purpose of the construction was to make the path even more suitable for recreational cyclists. [FN3]

Contrary to Mr. Finneman's argument, the *Domingue* exception cannot be read to encompass every act of construction undertaken on recreational land. The Ninth Circuit recently thwarted a plaintiff's similar attempt to invoke *Domingue* in an FTCA action after she drove her car through a guard rail at a national park. *See Mattice v. U.S. Department of Interior,* 969 F.2d 818 (9th Cir.1992). In *Mattice,* the court observed that the *Domingue* exception applies only to "areas where entry for recreation should not be encouraged," and held that a "national park [is] a tract of land ideally suited for recreation." *Id.* at 822. The court finds that the National Park Service designated bike path in question is similarly "ideally suited for recreational use" and that *Domingue* does not apply.[FN4]

***4** Mr. Finneman's second argument-that even if section 846 does apply (and *Domingue* does not) the government's failure to warn was wilful and thus falls within section 846's wilful misconduct exception-also fails. First, and of paramount importance, Mr. Finneman's complaint does not allege any wilful misconduct by the government. Mr. Finneman alleges for the first time in his *opposition* that the government's failure to warn was wilful. Because Mr. Finneman's complaint fails to allege wilful misconduct, the government is entitled to prevail on its motion to dismiss, were the court inclined to consider it as such. The court prefers, however, to convert the motion into a summary judgment motion as discussed above.

On this motion, the court must view all facts in the light most favorable to Mr. Finneman. However, even taking each of Mr. Finneman's allegations as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

true, and even assuming, arguendo, that the complaint adequately alleges wilful misconduct or leave to amend to so allege were granted, the government must still prevail. Because the government is otherwise immune under section 846, wilfulness is an essential element of Mr. Finneman's claim. To establish wilful misconduct under California law, a plaintiff must show that the defendant: (1) had actual or constructive knowledge of the peril; (2) had actual or constructive knowledge that injury was probable, as opposed to possible; and (3) consciously failed to act to avoid the danger. *Termini v. United States,* 963 F.2d 1264, 1267 (9th Cir.1992) (citing *New v. Consolidated Rock Products* Co., 171 Cal.App.3d 681, 689-690 (1985)).

Mr. Finneman argues that the government (1) had actual or constructive knowledge of the peril because it created that peril by placing the planks over the trench; (2) had actual or constructive knowledge that injuries were probable because it was foreseeable that bicyclists would lose control on the planks; and (3) consciously failed to provide any warning of the danger. These contentions do not add up to wilful misconduct. There is simply no evidence that Mr. Finneman's injuries were "Probable" or even foreseeable, since several other cyclists rode over the trench without incident and apparently without resulting accidents. The evidence, taken in the light most favorable to Mr. Finneman, shows that the government covered a trench with some boards and did not bother to warn bicyclists to be careful. While this failure to warn may well have been inconsiderate, and quite possibly negligent, it cannot properly be characterized as wilful misconduct.

The cases in which the Ninth Circuit has found wilful misconduct have all involved a hidden peril. *See Mattice,* 969 F.2d at 822. For example, wilful misconduct was found in *Termini* when the U.S. Forest Service failed to place any warning signs on a road which abruptly ended at a cliff. Drivers on this road could not see this peril until they were just forty feet from the precipice. The *Termini* court distinguished between the inherent danger of mountain roads in general and the hidden danger of that particular road-it was the presence of an unmarked, unforeseeable danger which raised the government's failure to warn to the level of wilful misconduct. *Termini,* 963 F.2d at 1267.

***5** There was no such hidden peril on the bike route in question. The wooden planks lying across the path were readily apparent. Even if, as Mr. Finneman contends, the government failed to provide warning signs, this omission was merely negligent. None of the extant authorities support a conclusion that such a failure constitutes wilful misconduct on the government's part.

At oral argument, Mr. Finneman's counsel contended that she should be permitted discovery in order to develop further her theory that the government acted wilfully.[FN5] Counsel asserts that she first alleged wilful conduct in her complaint. However, if this is so, she was bound by Rule 11 to ascertain, through "reasonable inquiry," that any wilfulness allegation was "well grounded in fact." Fed.R.Civ.P. 11. When the court inquired as to what facts indicate that the government's failure to warn was wilful, Mr. Finneman's counsel offered a coast guardsman's statement that he "knew something like this would happen." Decl. of Margaret Pocoroba at 2. This coast guardsman, who denies ever making the statement, certainly was not authorized to speak on the government's behalf. Rather, his position was similar to that of a bystander, and any statement he may have made regarding his own misgivings cannot reasonably be taken as evidence that the government had the required "actual or constructive knowledge that injuries were probable." *Termini,* 963 F.2d at 1267.

When asked what other facts indicate that the government's failure to warn was wilful, Mr. Finneman's counsel could present no evidence whatsoever that there have been any other accidents at this site. Moreover, she admitted that several other bicyclists passed over the planks without incident just before and even at the same moment her client fell.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The coast guardsman's statement, then, is the only evidence Mr. Finneman's counsel could muster that could even arguably support an allegation of wilfulness. This is a paltry offering indeed, and might well raise Rule 11 concerns, if the complaint had actually contained such an allegation.

As discussed above, however, the court finds that Mr. Finneman's complaint contains no such wilful misconduct allegation. Rather, it alleges only simple negligence, which appears to be "well grounded in fact" and in compliance with Rule 11. In fact, Mr. Finneman's counsel's intent to make precisely this allegation is affirmed by her own January 13, 1994 letter to the government's counsel, in which she stated unequivocally that "[t]his is a simple negligence case...." Plaintiff's Supp. Opp. Ex. A, 3. The court could not agree more.

The court requires some reliable basis for permitting this matter to proceed to discovery. Mr. Finneman has offered none. There is simply no evidence that the government engaged in wilful misconduct, nor has Mr. Finneman's counsel spelled out what specific reasonable discovery could be undertaken to satisfy Rule 56(f). The court will not permit Mr. Finneman to go on a fishing expedition to try to find evidence for a claim that is pure conjecture.

*CONCLUSION*

***6** For the foregoing reasons, the court hereby GRANTS summary judgment in favor of the government.

IT IS SO ORDERED.

FN1. Section 846 has three exceptions. However, for the purposes of this action, only the wilful failure to warn exception is relevant. The court also notes that since section 846 is dispositive, it is not necessary to address the government's arguments regarding Mr. Finneman's failure to name the United States as a defendant or his allegedly improper service of the defendants he did name.

FN2. The government submitted a declaration from Matthew Conlan maintaining that warning signs had been posted, eight photographs of the site, and a declaration from Assistant U.S. Attorney Patricia Kenney setting forth the reasons why the government believes the plaintiff had no good faith basis to allege a failure to warn. Mr. Finneman submitted declarations from himself as well as witnesses Richard Murray and Margaret Pocoroba which maintain there were no warning signs, as well as three site photographs.

FN3. As the *Domingue* court itself observed, the purpose of section 846 is to encourage property owners to allow the general public to recreate. 197 Cal.App.3d at 1066. Applying *Domingue* in the instant action does nothing to further this legislative purpose. Indeed, imposing simple negligence liability under these circumstances would not only discourage landowners from opening areas for public recreation, it could also dissuade them from maaking improvements to areas already dedicated to that purpose.

FN4. The court notes with interest that a recent California Supreme Court decision casts grave doubt on the continued validity of *Domingue's* "suitability" exception. In *Ornelas v. Randolph,* 4 Cal.4th 1095 (1993), the court wrote:

we conclude that the so-called "suitability" exception to section 846 is not compelled by law or logic.... [T]he Legislature consciously eschewed any restrictions on the property subject to the statute in order to provide clear guidance to landowners, to encourage access to recreationists, and to fairly balance the interests of both. One who avails oneself of the opportunity to enjoy access to the land of another for one of the recreational activities within

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the statute may not be heard to complain that the property was inappropriate for that purpose.
*Id.* at 1108.

FN5. The court notes that Mr. Finneman's counsel raised this issue for the first time at the hearing-she made no motion and submitted no declaration for purposes of Federal Rule of Civil Procedure 56(f).

N.D.Cal.,1994.
Finneman v. U.S. Dept. of Transp.
Not Reported in F.Supp., 1994 WL 172253 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.