C

Tate v. Burlington Northern Santa Fe R. Co.
N.D.Ill.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Frank TATE, Individually and as Special Administrator of the Estate of Tyrone Tate, Plaintiff,
v.
BURLINGTON NORTHERN SANTA FE RAILROAD COMPANY, a foreign corporation, Defendant.
**No. 04 C 3638.**

Nov. 5, 2004.

Edmund J. Scanlan, Scanlan Law Group, Chicago, IL, for Plaintiff.
Kenneth John Wysoglad, Robert John Prendergast, Michael J. Sazdanoff, Kenneth J. Wysoglad & Associates, John F. Newell, Attorney At Law, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

FILIP, J.
*1 Plaintiff's decedent Tyrone Tate ("Tate") was killed in August 2000 when he was struck by a train operated by the defendant, Burlington Northern and Santa Fe Railway Company ("Burlington Northern"). Plaintiff Frank Tate brought this lawsuit individually, and as special administrator of the estate of Tyrone Tate. Plaintiff asserts two claims for damages. Count I alleges that Burlington Northern was negligent by failing to provide adequate warnings and in operating its trains in an unsafe manner. Count II alleges that Tate's death was caused by willful and wanton misconduct by Burlington Northern. Burlington Northern has moved to dismiss the complaint in its entirety under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court grants in part and denies in part Burlington Northern's motion to dismiss.

BACKGROUND FACTS

Burlington Northern owns, maintains, and operates railroad tracks that run over a bridge spanning Sawmill Creek, near Waterfall Glen Forest Preserve in Downers Grove Township in DuPage County, Illinois. (Compl.¶ 2.[FN1]) The bridge is located near an area frequented by fishermen and tourists and there are well-worn paths leading to the bridge. (*Id.* ¶¶ 3-4.) The bridge is commonly used by fishermen and tourists as a means of access to the other side of the river. (*Id.* ¶ 5.) The bridge apparently contains parallel tracks, which allows for two trains to cross the bridge at the same time. (*See id.* ¶ 11.) On August 31, 2000, Tate attempted to cross the bridge to go fishing. (*Id.* ¶ 7.) While he was crossing the bridge, a train traveling toward Tate approached. (*Id.* ¶ 11.) At the same time, a train traveling in the opposite direction approached Tate from behind. (*Id.*) Tate could not hear the second train due to the proximity of the first train traveling toward him. (*Id.*) The second train overtook Tate, striking him and causing his death. (*Id.*)

FN1. The factual allegations are taken from the operative complaint of Plaintiff. The Court assumes the truth of the allegations, as it must under well established precedent. In doing so, the Court takes no position on whether the allegations are in fact true.

A preceding case, No. 02 L 7514, was filed in the Circuit Court of Cook County, Illinois in 2002 and dismissed without prejudice on October 25, 2002. (*See* D.E. 6, Ex. C.) Judge Kathy M. Flanagan held that the complaint was deficient for, *inter alia,* failure to allege willful and wanton conduct, as required by the Illinois Recreational Use of Land and Water Areas Act, 745 ILCS 65/1 ("Recreational Use Act" or "Act"). (*Id.* at 2.) The court rejected Plaintiff's claim that the Act did not apply because Tate was only crossing Defendant's bridge to access a recreation area and not engaged in a recreational

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 4

activity at the time of his death. (*See id.* at 1-2 (rejecting Plaintiff's contention that the Recreational Use Act did "not apply as the Decedent was only crossing over the Defendant's property to get to a recreation area" and holding that "the Act applies and the Plaintiff must allege willful and wanton conduct.").) It went on to add that even if the Act was not applicable, Plaintiff would still be required to allege willful and wanton conduct because Tate was a trespasser. (*Id.*) Plaintiff did not file an amended complaint and the case was ultimately dismissed for want of prosecution on January 22, 2003.

***2** Plaintiff refiled the action in the Circuit Court of Cook County on January 21, 2004. The case was removed to this Court by motion of the Defendant under 28 U.S.C. § 1441. This Court has jurisdiction to hear the case because the parties are of diverse citizenship [FN2] and the amount in controversy exceeds $75,000.

> FN2. Burlington Northern is a Delaware corporation with its principal place of business in Fort Worth, Texas. Plaintiff is a citizen of Illinois, and Tate was a citizen of Illinois.

STANDARD OF REVIEW

When considering a motion to dismiss, the Court accepts the well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 637 (7th Cir.2004). A motion to dismiss should not be granted unless it appears "beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Manning v. Miller,* 355 F.3d 1028, 1031 (7th Cir.2004)."The Federal Rules of Civil Procedure require a plaintiff to plead no more than is necessary to place the defendants on notice of his claim."*Pizzo v. Bekin Van Lines Co.,* 258 F.3d 629, 634 (7th Cir.2001).

DISCUSSION

Count I alleges that certain negligent acts by Defendant caused Tate's death. Count II asks for damages for wrongful death as a result of Defendant's willful and wanton misconduct. To state a claim for wrongful death under Illinois law, Plaintiff must allege that the defendant owed a duty to decedent; defendant breached that duty; the breach of duty proximately caused the decedent's death; and pecuniary damages arose therefrom to persons designated under the Act. *See Leavitt v. Farwell Tower Ltd. P'ship,* 252 Ill.App.3d 260, 192 Ill.Dec. 88, 625 N.E.2d 48, 52 (Ill.App.1993)."The first element, the existence of a duty, is a question of law to be decided by the court," at least where that issue is clear taking the plaintiff's allegations as true. *Reid v. Norfolk & W. Ry. Co.,* 157 F.3d 1106, 1110 (7th Cir.1998) (citing *Rodriguez v. Norfolk & W. Ry. Co.,* 228 Ill.App.3d 1024, 170 Ill.Dec. 708, 593 N.E.2d 597, 607 (Ill.App.1992)). Defendant argues that Count I should be dismissed because the duty it owed Tate was to refrain from willful and wanton behavior because (1) the Recreational Use Act applies, and (2) Tate was a trespasser, and therefore, Plaintiff's allegations that Burlington Northern acted negligently do not state a claim for wrongful death. Defendant also argues that Plaintiff's allegations in Count II do not allege willful and wanton misconduct as a matter of law. The Court will address each count in turn.

COUNT I

Count I alleges that Tate's death was caused by the negligent acts of Burlington Northern and asserts a claim under the Illinois Wrongful Death Act, 740 ILCS 180/1*et seq.* As noted earlier in this opinion, the Circuit Court of Cook County dismissed a substantially similar complaint for failure to allege willful and wanton misconduct, as required by the Recreational Use Act, 745 ILCS 65/1*et seq.* While this dismissal without prejudice does not have *res judicata* effect, *see Cooter Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

359 (1990), this Court agrees with Cook County Circuit Court Judge Flanagan that the Recreational Use Act applies to this suit and that Plaintiff must allege willful and wanton misconduct.

*3 The Court notes that while a substantial portion of Defendant's Motion to Dismiss addresses the applicability of the Recreational Use Act, Plaintiff's response completely ignores this argument and does not respond to it. Plaintiff primarily argued that this case falls under an exception to the usual rule in Illinois that a landowner owes a trespassing plaintiff only a duty to refrain from willful and wanton misconduct. Even if Plaintiff is correct that an exception to the trespass rule might apply, Plaintiff loses if the Recreational Use Act, which governs liability to an individual who enters property or premises for recreational purposes, applies. *See*740 ILCS 130/4; *Jerrick v. Norfolk & Western Ry. Co.,* 124 F.Supp.2d 1122, 1126 (N.D.Ill.2000) ("[T]he ordinary duty of care ... has been expressly abrogated by the Illinois Recreational Act immunity."), *aff'd, Cacia ex rel. Randolph v. Norfolk & W. Ry. Co.,* 290 F.3d 914 (7th Cir.2002). The Act states that except for statutory exceptions, "an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."745 ILCS 65/3. The only exceptions are for "willful or wanton failure to guard or warn against a dangerous condition, use, structure, or activity."745 ILCS 65/6(a). Thus, Plaintiff's claim that a negligence standard applies to this case is mistaken if the Recreational Use Act applies.

## DUTY OF CARE TO A TRESPASSER

Burlington Northern asserts that it owed Tate-a trespasser-no more than a duty to refrain from willful and wanton conduct. Illinois law clearly establishes that Tate was trespassing at the time of his death if he cannot invoke an exception to the trespasser rule.[FN3]*See*625 ILCS 5/18c-7503 ("[N]o person may ... walk, ride, drive or be upon or along the right of way or rail yard of a rail carrier within the State, at a place other than a public crossing."). Generally, "a railroad company owes no duty to a trespasser except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril."*Reid,* 157 F.3d at 1110 (quoting *Rodriguez,* 170 Ill.Dec. 708, 593 N.E.2d at 607). But Illinois courts recognize certain exceptions to this rule.

> FN3. Plaintiff does not dispute Tate's presumptive status as a trespasser at the time of his death. In addition, the question of trespasser status may be determined as a matter of law if there are no factual questions presented. *See Reid,* 157 F.3d at 1110 (citing *Lorek v. Hollenkamp,* 144 Ill.App.3d 1100, 99 Ill.Dec. 232, 495 N.E.2d 679, 681 (Ill.App.1986)). Because the issue is undisputed, and because the question is clear taking Plaintiff's allegations as true, the Court finds that Tate presumptively was trespassing, as that term is defined by 625 ILCS 5/18c-7503, at the time of his tragic demise.

Plaintiff cites *McKinnon v. Northeast Illinois Regional Commuter Railroad Corp.,* 263 Ill.App.3d 774, 200 Ill.Dec. 405, 635 N.E.2d 744, 747 (Ill.App.1994), for the proposition that a landowner owes an ordinary duty of care to a trespasser when he is aware or should be aware that trespassers are in the habit of entering his land at a particular point and traversing an area of small size. Precedent is somewhat split as to whether Plaintiff can invoke this exception. However, even if Plaintiff is given the benefit of the doubt on this issue, his claim still fails, as explained further below, because the negligence claim fails under the Recreational Use Act.

*4 As Plaintiff notes, *McKinnon* discussed what it termed the "beaten path" exception to the "no ordinary duty of care owed to trespassers" rule.*McKinnon* stated that "[u]nder this exception, a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

landowner is liable for injuries to a trespasser proximately caused by its failure to exercise reasonable care in the course of its activities, where the landowner 'knows, or should know from facts within his knowledge, that trespassers are in the habit of entering his land at a particular point or of traversing an area of small size." ' *McKinnon,* 200 Ill.Dec. 405, 635 N.E.2d at 747 (quoting *Miller v. General Motors Corp.,* 207 Ill.App.3d 148, 152 Ill.Dec. 154, 565 N.E.2d 687, 691 (Ill.App.1990)).*Miller v. General Motors* had stated the following regarding the beaten path exception:

A typical case is the frequent use of a "beaten path" that crosses a railroad track, which is held to impose a duty of reasonable care as to the operation of trains.... Liability has been extended in such cases because the landowner's continued toleration of the trespass amounts to permission to make use of the land, so that the plaintiff is not a trespasser but a licensee. While it is true that a failure to object may amount to tacit permission, the mere fact the landowner does not take burdensome and expensive precautions to keep trespassers out, which may well be futile, should not in itself indicate that he is willing to have them enter. The real basis of liability to such "tolerated intruders" would seem to be only the ordinary duty to protect another, where the harm to be anticipated from a risk for which the defendant is responsible outweighs the inconvenience of guarding against it.

*Miller,* 152 Ill.Dec. 154, 565 N.E.2d at 691 (internal citations omitted).

To be sure, more recent authority, including authority from this District and from the Seventh Circuit, casts some doubt on whether Plaintiff can invoke this exception. Specifically, in *Reid v. Norfolk & Western Railway Co.,* 157 F.3d 1106 (7th Cir.1998), the Seventh Circuit stated that, for purposes of this exception, the fact that others may have traversed an area is irrelevant to the analysis. *Id.* at 1111. Rather, the relevant issue, *Reid* instructed, was whether the plaintiff himself has been a frequent trespasser. *See id.*("As Illinois courts have held, '[p]revious use ... by other members of the public is immaterial to plaintiff's case because it cannot be relied on to establish that he was on the premises as a result of an implied invitation." ') (quoting *Rodriguez,* 170 Ill.Dec. 708, 593 N.E.2d at 607, and citing *Briney v. Ill. Cent. R.R. Co.,* 401 Ill. 181, 81 N.E.2d 866, 869 (Ill.1948)); FN4*Sandoval v. Northwest Ill. Reg'l Commuter R.R. Corp.,* No. 99 C 5821, 2001 WL 62605, at *2 (N.D.Ill. Jan.24, 2001) ("Use of the general area by individuals other than ... [the plaintiff-decedent] does not bolster plaintiff's claim. ' *Previous use ... by other members of the public* is immaterial to plaintiff's case ...." ') (quoting *Reid,* 157 F.3d at 1111; emphasis in *Sandoval* ), *aff'd, Sandoval v. Northeast Ill. Reg'l Commuter R.R. Corp.,* 21 Fed. Appx. 492, 2001 WL 1298863 (7th Cir. Oct.23, 2001)). With respect to this caselaw, the Court notes that none of Plaintiff's proffered authority-*i.e.,* the *McKinnon-Miller* line of authority-dealt with the issue of whether the trespassing of others, as opposed to the plaintiff, can be sufficient to trigger the "previous use" or "well worn path" exception, and Plaintiff certainly cites no case rejecting or criticizing the Seventh Circuit's more recent teaching on this question in *Reid.*

FN4. The Seventh Circuit in *Reid* is speaking to the "permissive use exception" rather than to the "beaten path exception," *see Reid,* 157 F.3d at 1111, but the latter is merely one example of the former. *See, e.g., MacKinnon,* 200 Ill.Dec. 405, 635 N.E.2d at 747 (quoting *Miller,* 152 Ill.Dec. 154, 565 N.E.2d at 691).

*5 The Court need not resolve this arguable discrepancy in the caselaw. As explained below, even if Plaintiff is given the benefit of the doubt on this issue, and the Court assumes that the "beaten path" exception has been triggered in the present case, Plaintiff's claim will fail under the Recreational Use Act. As to the "beaten path" question (again, assuming *arguendo* that *McKinnon* and *Miller* survive *Reid* ), the Court will assume that Plaintiff has al-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

leged sufficient facts to plead an exception to Defendant's claim that it only owes Plaintiff the duty to refrain from willful and wanton misconduct, irrespective of the Recreational Use Act, because Plaintiff was a trespasser. In this regard, Plaintiff alleges that on and for a long period of time prior to the date of Tate's death, there were well-worn paths leading to Burlington Northern's bridge spanning Sawmill Creek. (Compl.¶ 3.) Plaintiff also alleges that the bridge was frequently used by tourists and fishermen as a means of access to the Des Plaines river. (*Id.* ¶ 5.) Finally, Plaintiff alleges that Burlington Northern knew, or should have known in the exercise of ordinary care, that pedestrians frequented the bridge. (*Id.* ¶ 9.) The existence of a well-worn path provides evidence of frequent trespass upon the bridge, an area of sufficiently small size. Plaintiff also alleges that Defendant knew, or in the exercise of ordinary care should have known, that pedestrians frequented the tracks and bridge. Because Plaintiff has alleged sufficient facts to set forth a cause of action for negligence under the beaten path exception, the Court will assume that the "beaten path" hurdle has been surmounted and the Court must now consider whether the immunity afforded by the Recreational Use Act applies to the case.

RECREATIONAL USE ACT IMMUNITY

The Recreational Use Act "serves to immunize landowners whose land is being used for recreational purposes from all but wanton and willful conduct."*Cacia ex rel. Randolph v. Norfolk & W. Ry. Co.,* 290 F.3d 914, 917 (7th Cir.2002). The Act provides:

Except as specifically recognized by or provided in Section 6 of this Act, an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

745 ILCS 65/3. Section 6 of the Act provides:

Nothing in this Act limits in any way any liability which otherwise exists:

(a) For willful and wanton failure to guard or warn against a dangerous condition, use, structure, or activity.

(b) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease is not a charge within the meaning of this Section.

*6 745 ILCS 65/6. Thus, if the Act applies, Plaintiff must plead willful and wanton misconduct by the Defendant in order to state a cause of action for wrongful death. *Accord, e.g., Cacia,* 290 F.3d at 918 ("[W]here the Recreational Use Act applies, a Plaintiff may not merely allege that the owner acted negligently, but must also establish that the owner acted willfully and wantonly.") (citation omitted).

The Circuit Court of Cook County held that Tate's activities meet the definition of recreational purposes under the Act, and Plaintiff does not dispute that Tate's act of walking toward the fishing hole is covered by Recreational Use Act. The Act defines recreational or conservation purposes as "any activity undertaken for conservation, resource management, exercise, education, relaxation, or pleasure on land owned by another."745 ILCS 65/2(c). The Illinois Supreme Court has noted that the Act is "sweeping in scope." *Hall v. Henn,* 208 Ill.2d 325, 280 Ill.Dec. 546, 802 N.E.2d 797, 800 (Ill.2003). It added that "[e]xercise, education, relaxation, or pleasure encompasses just about every purpose, absent commerce, for which a person is invited onto another's property."*Id* (internal quotations omitted). Traveling to a fishing spot often involves traversing difficult or unimproved terrain, which Tate was apparently required to do given that this particular fishing spot did not appear to have direct access via a road or walking path. Hiking to a remote fishing spot is sufficiently related to the act of fishing and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

should be considered part of the recreational activity of fishing given the sweeping scope of the Recreational Use Act. *See*745 ILCS 65/2(c) (stating that "recreational or conservation purpose" means "any activity undertaken for conservation, resource management, exercise, education, relaxation, or pleasure on land owned by another."); *cf. Sega v. State,* 60 N.Y.2d 183, 469 N.Y.S.2d 51, 456 N.E.2d 1174, 1179 (N.Y.1983) (holding that sitting and resting are sufficiently related to "hiking" under New York's recreational use statute). Because hiking to a fishing spot is an essential part of the recreational activity of fishing, this Court holds that Tate was engaged in an activity contemplated by the Act while crossing the railroad bridge.

Given that the Recreational Use Act applies to the case, Plaintiff therefore must establish willful and wanton misconduct on the part of Defendant to prevail. Based on the allegations in Plaintiff's complaint (the same allegations which were the basis for his assumed victory on the "well-worn path" issue), Defendant allowed the well-worn paths-through the area and bridge in question-to be open to the public in the form of fishermen and tourists, who used the paths as a means of access to the other side of the river. (Compl.¶¶ 3-5.) As Plaintiff alleges things, the paths were open to the general public, not to some smaller subset of chosen individuals, and the fact that Plaintiff was not there by permission cannot defeat the immunity that the Recreational Use Act is specifically intended to provide. *See, e.g. Cacia,* 290 F.3d at 916 (holding that a railroad that did not open its land to the public but made little effort to restrict public access to the property was entitled to immunity under the Illinois Recreational Use Act); *accord, e.g., Lalani v. Biomass Indus., Inc.,* 918 F.2d 1046, 1049 (2d Cir.1990) (holding that New York version of Recreational Use Act applies even though plaintiff had entered notwithstanding "no trespassing" signs); *Ornelas v. Randolph,* 4 Cal.4th 1095, 17 Cal.Rptr.2d 594, 847 P.2d 560, 568 (Cal.1993) (holding that California version of Recreational Use Act applies even though defendant had not invited plaintiff and in fact had posted "road closed" and "no trespassing" signs).

*7 This Court's earlier holding that the beaten path exception applies to this case is evidence that the bridge was effectively open to the general public. The beaten path exception, known more generally as the "permissive use" exception, is invoked "where habitual acquiescence by the land owner and tolerance is so pronounced that it is tantamount to permission so that the trespasser becomes a licensee."*Rodriguez,* 170 Ill.Dec. 708, 593 N.E.2d at 607. Plaintiff has alleged the presence of a well-worn path and the habitual use of the railroad bridge by tourists and fishermen. The allegations of habitual use by tourists and fishermen are tantamount to claiming habitual use of the bridge by the general public.

Because Tate was engaged in a recreational activity on Defendant's land at the time of his death, the Recreational Use Act applies to this case. Accordingly, Count I, seeking damages as a result of Defendant's alleged negligence, must be dismissed for failure to state a claim upon which relief may be granted because Plaintiff has not pleaded willful and wanton misconduct consistent with the Recreational Use Act.

COUNT II

Count II alleges willful and wanton misconduct by Burlington Northern. Specifically, it alleges Burlington Northern committed the following willful and wanton acts and/or omissions:
(a) despite knowledge that pedestrians use the bridge, failed to place a sign at the entrance to the bridge warning pedestrians of the dangers associated with using the bridge;
(b) failed to sound its train whistle when approaching plaintiff's decedent;
(c) operated its train at a high rate of speed in an area where defendant knew that pedestrians are frequently present;
(d) allowed access to the bridge despite knowledge

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of the significant risks that were associated with crossing the bridge that are unknown to the public.

(Compl.¶ 10).

A complaint alleging willful and wanton misconduct must establish that a defendant acted in "reckless disregard for the safety of others ... [and] allege facts establishing that the defendant failed, after knowledge of impending danger, to exercise ordinary care to prevent it or that defendant failed to discover the danger through recklessness or carelessness when it could have been discovered by ordinary care."*Spangenberg v. Verner,* 321 Ill.App.3d 429, 254 Ill.Dec. 319, 747 N.E.2d 359, 364 (Ill.App.2001). Willful and wanton conduct may be found where there is a conscious and deliberate disregard for the rights or safety of others." *Burke v. 12 Rothschild's Liquor Mart,* 148 Ill.2d 429, 170 Ill.Dec. 633, 593 N.E.2d 522, 531 (Ill.1992) (collecting cases; internal quotations omitted). However, Illinois law does not require intentionally tortious activity to prove willful and wanton conduct. *See, e.g. Ziarko v. Soo Line R.R.,* 161 Ill.2d 267, 204 Ill.Dec. 178, 641 N.E.2d 402, 406 (Ill.1994) (noting "the label 'willful and wanton conduct' has developed in [Illinois] as a hybrid between acts considered negligent and behavior found to be intentionally tortious"). There is a "thin line" between simple negligence and willful and wanton conduct. *See id.*

***8** While Plaintiff has not alleged an intentional act by the Defendant or other injuries or accidents occurring on the bridge, he has made sufficient allegations such that reasonable inferences drawn from those allegations could constitute willful and wanton conduct. To take one example, Plaintiff alleges that Defendant's train failed to signal its whistle when approaching Tate. A reasonable inference that might be drawn from this is that the train crew was aware of Tate's presence on the bridge, but did not provide adequate warning to alert him of the train's presence. Because determining whether Burlington Northern engaged in willful and wanton misconduct will be fact intensive (and because under federal notice-pleading standards Plaintiff does not need to allege specific facts underlying his claim in any event), the appropriate mechanism for assessing whether this claim can succeed is not through a motion to dismiss. Accordingly, Defendant's motion to dismiss Count II of the Complaint is denied.

CONCLUSION

For the reasons discussed in this opinion, the Court grants in part and denies in part Defendant's motion to dismiss the Complaint for failure to state a claim upon which relief may be granted. The motion to dismiss is granted for Count I and denied for Count II.

So ordered.

N.D.Ill.,2004.
Tate v. Burlington Northern Santa Fe R. Co.
Not Reported in F.Supp.2d, 2004 WL 2515829 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.