UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. SCOTT and<br>DAVID W. SCOTT | : | |
| v. | : | C.A. No. 07-328S |
| UNITED STATES OF AMERICA | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion to Dismiss (Document No. 2) (the "Motion") filed by Defendant United States of America. Defendant seeks dismissal pursuant to Fed. R. Civ. P.12(b)(1) and 12(b)(6). Plaintiffs Elizabeth A. and David W. Scott ("Plaintiffs"), filed a timely Objection to Defendant's Motion (the "Objection"). (Document No. 5). Defendant filed a Reply. (Document No. 7).

The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. A hearing was held on April 29, 2008. After reviewing the Motion and the Objection, in addition to performing independent research, this Court recommends that Defendant's Motion to Dismiss (Document No. 2) be GRANTED.

**Facts**

This is a personal injury suit brought against the United States under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. §§ 1346(b) and 2671, et seq. Plaintiffs assert a negligence claim related to a slip and fall which occurred on September 3, 2004 on the premises of the Newport Naval Station.

In particular, Plaintiffs allege that Defendant, by and through the U.S. Department of the Navy, "invited and admitted the general public to the subject premises for a display of fireworks." Compl., ¶ 4. Plaintiff Elizabeth Scott ("Mrs. Scott") visited "those portions of the subject premises held open to the general public" to observe the fireworks display. Id., ¶¶ 5, 6. Mrs. Scott "tripped and fell in the vicinity of the police station located on the subject premises" and was injured. Id., ¶ 7. Plaintiff David Scott ("Mr. Scott") alleges loss of consortium. Id., ¶ 15. Plaintiffs allege that Mrs. Scott was injured as a result of Defendant's negligence, i.e., a breach of the "duty to exercise reasonable care for [Mrs. Scott's] safety and well being including, but not limited to a duty to exercise reasonable care to warn [Mrs.] Scott of hazardous or dangerous conditions known or reasonably known to defendant." Id., ¶ 12.

Both parties have strayed beyond the face of Plaintiffs' Complaint in connection with this Motion. Defendant submits an Affidavit to establish that no admission fee was charged for the fireworks display in question. Plaintiffs do not allege a fee was charged in their Complaint and admit in their Objection (Document No. 5 at 6) that "they were not charged a fee in connection with [the] fireworks display on September 3, 2004." Thus, this fact is deemed admitted, and the Court need not consider Defendant's Affidavit. See Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, 958 F.2d 15, 18-19 (1st Cir. 1992) (presence of affidavit does not automatically convert a Rule 12 motion to one under Rule 56 if the affidavit is not considered).

As to Plaintiffs' submission, it is an Affidavit of Mr. Scott. He states that access to the Newport Naval Station is restricted except for limited purposes including the annual fireworks display. Aff. of Mr. Scott, ¶¶ 3, 4. He further states that "when the base is open to the public the public's presence was expected at and confined to the event locations" and "when the Newport

Naval Station was open to the public, that the public's access to any part of the grounds on the base was restricted to particular paths of ingress and egress including the path traveled by myself and [Mrs.] Scott on the night in question." Id., ¶¶ 6, 8. Defendant did not dispute the contents of Mr. Scott's Affidavit and, consistent with the standard of review applicable to motions under Fed. R. Civ. P. 12(b), it will be accepted as true for purposes of this Motion. See Grimes by and through Grimes v. Sobol, 832 F. Supp. 704, 708 n.5 (S.D.N.Y. 1993) (rather than converting a Rule 12 motion to one under Rule 56, Court may treat a plaintiff's additional factual allegations as true and, in effect, an amendment to the complaint under review).

**Standard of Review**

Defendant has moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. Motions to dismiss under Federal Rules 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Masterson v. United States, 200 F. Supp. 2d 94, 97 (D.R.I. 2002) citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). In ruling on such a motion, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. Id. See also Morey v. Rhode Island, 359 F. Supp. 2d 71, 74 (D.R.I. 2005). The Court will dismiss the claims only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Masterson, 200 F. Supp. 2d at 97.

**Discussion**

Pursuant to the FTCA, the United States has waived its sovereign immunity for torts under "circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the [negligent or wrongful] act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, the Court must look to Rhode Island law on the issue of liability and determine if a "private person," not a governmental entity, would be liable to Plaintiffs under the facts alleged in Plaintiffs' Complaint. West v. United States, No. 00-CIV-9433(JCF), 2003 WL 164278 at *2 (S.D.N.Y. Jan. 10, 2003).

The particular issue presented by Defendant's Motion is the applicability of Rhode Island's Recreational Use Statute ("RUS"), R.I. Gen. Laws § 32-6-1, et seq. "The purpose of [the RUS] is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability to persons entering thereon for those purposes." R.I. Gen. Laws § 32-6-1. Subject to certain exceptions, "an owner of land who either directly or indirectly invites or permits without charge any person to use that property for recreation purposes does not thereby:

> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person."

R.I. Gen. Laws § 32-6-3. The RUS does not, however, provide immunity "for the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril." R.I. Gen. Laws § 32-6-5(a)(1). "[T]he obvious intention of the Legislature was to treat those who use private property for recreational purposes as though they were trespassers." Tantimonico v. Allendale Mut. Ins. Co., 637 A.2d 1056, 1060 (R.I. 1994). "Under Rhode Island law, it is well settled that a landowner owes a trespasser no duty except to refrain from

willful or wanton conduct...after a trespasser is discovered in a position of danger." Cain v. Johnson, 755 A.2d 156, 160 (R.I. 2000) (citations omitted).

**A. The Willful / Malicious Exception**

Plaintiffs concede that they do not allege willful or malicious conduct and do not have a good faith basis to do so. They allege only negligence. However, Plaintiffs argue that they should be permitted to conduct discovery and "[i]f it is discovered that the defendant's conduct was willful or malicious, then a motion to amend the complaint would be in order." Document No. 5 at 6.

Plaintiffs' position is unsupported and inconsistent with the purpose of a statutory immunity. See, e.g., Espinal-Dominguez v. Com. of Puerto Rico, 352 F.3d 490, 497 (1st Cir. 2003) (purpose of immunity is to protect against both potential liability and the expense of protracted litigation). Since Plaintiffs allege no more than simple negligence, they fail to state a claim under Rhode Island law if the RUS otherwise applies. See West, 2003 WL 164278 at *5 (FTCA claim dismissed pursuant to New York's RUS where plaintiff alleged only "simple negligence"); Tate v. Burlington Northern Santa Fe R.R. Co., No. 04 C 3638, 2004 WL 2515829 at *6 (N.D. Ill. Nov. 5, 2004) (failure to "plead willful and wanton misconduct" resulted in dismissal of negligence claim pursuant to Illinois' RUS); and Finneman v. U.S. Dep't of Transp., No. C-93-3416-MHP, 1994 WL 172253 at *4 (C.D. Cal. April 7, 1994) ("because [plaintiff's] complaint fails to allege wilful misconduct, the government is entitled to prevail on its motion to dismiss..." brought under California's RUS.). See also Hanley v. State, 837 A.2d 707, 713 (R.I. 2003) (negligence claim dismissed pursuant to RUS where plaintiffs did not "allege willful or malicious conduct").

**B. Character of the Property**

Plaintiffs' primary argument focuses on the "character" of the premises in question. Plaintiffs contend that the Newport Naval Station is not "continuously" open to the public for recreational purposes and, when it is open, public access is limited to certain portions of the premises. Plaintiffs argue that the RUS was not intended to provide immunity to a landowner under such circumstances, and thus should not apply.

There is nothing in the RUS to support Plaintiffs' position. The RUS does not, by its express terms, condition immunity on "continuous" or "unlimited" recreational access. The stated purpose of the RUS is to encourage landowners to make their land "available to the public for recreational purposes by limiting their liability to persons entering thereon for those purposes." R.I. Gen. Laws § 32-6-1. This legislative purpose is served regardless of whether public access is continuous, annual, occasional or a one-time event, or whether all or a portion of a property is open to the public. Plaintiffs' reliance on Morales v. Town of Johnston, 895 A.2d 721 (R.I. 2006), is misplaced. In Morales, the Rhode Island Supreme Court focused "on the character of the premises and the nature and scope of the activity for which the premises are held open to the public" and held that the RUS did not apply to a high school soccer field during an interscholastic soccer match. Id. at 731-732. It held that the RUS was not intended to apply to "a student athlete participating in an organized sport on a designated athletic field" and that the "soccer field was not open to the public for recreational activities when [the student athlete] was injured." Id. at 730, 731.

This case is plainly distinguishable. Plaintiffs allege here that Defendant "invited and admitted the general public to the subject premises for a display of fireworks." Comp., ¶ 4. In other words, Defendant opened its land to the public for a recreational activity, i.e., a fireworks display.

See, e.g., Mason v. Berea Ind. Sch. Dist., No. 2006-CA-002061-MR; 2007 WL 2998510 (Ky. App. Oct. 12, 2007) (Kentucky's RUS applied to individual injured in parking lot while returning to car after conclusion of July 4th fireworks display); and Caiazza v. Sheeley, No. 30 21 34, 1992 WL 310643 (Conn. Super. Oct. 14, 1992) (same result under Connecticut's RUS). Further, in Morales, the Supreme Court specifically noted that the soccer field was not open to the public at the time of the injury in question. 895 A.2d at 731. This undercuts Plaintiffs' "continuous use" theory as it plainly suggests that the RUS may have applied if the field was open to the public for recreational activities at the time in question and not reserved for a high school soccer match.

**C. Judicial Exception**

At the hearing, Plaintiffs' counsel argued that he did not "believe that the legislature intended the statute to be as rigid as it is and the Supreme Court has said so in Hanley, and they deviated from Hanley in Morales." Thus, he suggested that this Court not follow the "letter of the law." It is not, however, this Court's function to rewrite the RUS or create new exceptions.

Although the Supreme Court has been critical of the RUS' application to publicly owned land, there is no indication in either Hanley or Morales that it failed to apply the RUS by its plain terms. In fact, in Smiler v. Napolitano, 911 A.2d 1035 (R.I. 2006), the Supreme Court noted it was "particularly difficult" to hold the state or a municipality harmless for injuries occurring on public property and expressed concern that the RUS "does nothing to motivate governmental landowners to make their properties safe." Id. at 1042. However, despite these concerns, the Supreme Court applied the RUS by its terms and affirmed the dismissal of a claim against a municipality for injuries suffered by an individual in a city park. As did the Supreme Court, this Court is constrained to apply the RUS by its terms to the allegations in Plaintiffs' Complaint. And, as discussed above, the RUS

mandates dismissal of the instant negligence claim brought by Plaintiffs. Further, even if this Court were inclined to engage in the judicial activism suggested by Plaintiffs' counsel, the Supreme Court's concern with extending the RUS to governmental entities is simply not applicable in the FTCA context. The operative issue under the FTCA is not whether a public landowner would be liable under Rhode Island law. Under the FTCA, the United States is liable for injuries only if a similarly situated private party would be liable under state law. See, West, 2003 WL 164278 at *2 ("it is the possible liability of a 'private person' that is relevant, not that of any governmental unit"), and Woods v. United States, 909 F. Supp. 437, 442 (W.D. La. 1995), aff'd, 84 F.3d 432 (5th Cir. 1996) (per curiam). Since the RUS would immunize a private party under similar circumstances, that immunity extends to Defendant pursuant to the FTCA.

**Conclusion**

For the reasons discussed above, I recommend that Defendant's Motion to Dismiss (Document No. 2) be GRANTED and that Plaintiffs' Complaint (Document No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 7, 2008