**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ELIZABETH A. SCOTT and<br>DAVID W. SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | ) | C.A. No. 07-328S |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND THEIR COMPLAINT**

Plaintiffs Elizabeth A. Scott and David W. Scott offer the within Memorandum in support of their Motion to Amend Complaint. For the reasons discussed herein, Plaintiffs move to amend their complaint to add a count of willful and/or malicious failure to warn. Plaintiffs' preparation to defend and object to defendant's motion to dismiss adduced testimony and information, via the affidavit of David W. Scott[1], supporting plaintiffs' allegation that defendant's conduct of failing to warn plaintiff Elizabeth Scott of faulty lighting was willful and/or malicious.

**Introduction**

The initial Complaint before this Court involves an action brought by plaintiffs pursuant to the Federal Tort Claims Act (FTCA)[2] for personal injuries sustained by Plaintiff Elizabeth A. Scott on September 3, 2004, when she tripped and fell in the vicinity of the police station located at the Newport Naval Station. (Compl. ¶ 7). Plaintiff David W. Scott's claim is derivative in nature. (Compl. ¶ 15). On the date of injury

[1] Affidavit of David W. Scott, hereinafter referred to as "Scott Afft."

[2] This action arises under the Federal Tort Claims Act, 28 U.S.C.§§1346(b), 2671-80. (Compl. ¶ 9).

complained of, the plaintiffs were invited to enter land controlled by the Newport Naval Station to observe a display of fireworks. (Compl. ¶ 4). At the conclusion of the display Ms. Scott broke her foot and sustained other injuries when she tripped and fell as a result of a defect in the premises.

Plaintiffs allege in their Complaint that the Defendant failed to exercise reasonable care to warn Ms. Scott of hazardous or dangerous conditions, to discover these conditions, and to maintain the premises to eliminate these conditions. (Compl. ¶¶ 12-13). It is not a requirement of pleading such an action that the plaintiffs identify the hazardous and/or dangerous condition in the complaint.[3] Furthermore, the Defendant was aware of the particular condition complained of by virtue of pictures and other information provided to it by plaintiffs at the time the Plaintiffs presented their claim and thereafter.

Plaintiffs allege in their Amended Complaint[4] that Defendant was aware that the lighting in the area of Ms. Scott's fall was faulty prior to Ms. Scott's fall, and that defendant willfully or maliciously failed to guard or to warn Ms. Scott against such peril.

## I. Argument

### A. Law Governing Motions to Amend.

When a party wishes to amend his pleading after the period allotted for an "amendment as a matter of course" has passed, he may still amend his pleading either with the opposing party's written consent or with the Court's leave. Fed. R. Civ. P. 15(a). The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

---

[3] Fed. R. Civ. P. 8(a)(2) requires that a pleading must contain "*a short and plain statement* of the claim showing that the pleader is entitled to relief." *Emphasis Added.*
[4] Filed and attached as an exhibit hereto.

Local rules require that a motion to amend a pleading shall be made promptly after the party seeking to amend learns the facts that form the basis for the proposed amendment. LR. Cv. 15.

**B. Plaintiffs Should Be Permitted Leave to Amend Their Complaint to Include A Count of Willful and/or Malicious Failure to Guard or Warn Against a Dangerous Condition, Use, Structure, or Activity.**

During the course of preparing plaintiff's objection and defense to defendant's motion to dismiss, additional facts were made known to plaintiff's counsel indicating that the defendant either knew or should have known of the defective lighting intended to illuminate the area surrounding the police station. Scott Afft. at ¶ 7. On September 3, 2004, defendant's failure to warn Ms. Scott of the lack of lighting and other conditions as well as the restrictions imposed by the defendant on Ms. Scott as to particular paths of ingress and egress[5] constitutes a willful or malicious failure of this defendant to guard or warn Ms. Scott against a dangerous condition, use, structure, or activity on the premises.

The information contained in the affidavit of David W. Scott provides sufficient facts on which the amendment to the complaint is based so as to give rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" in support of the claims made in the complaint.[6]

**1. The Purpose of Rhode Island's RUS[7] and Exceptions to RUS.**

The purpose of the RUS is to encourage landowners to hold their property open to the public for recreational use by limiting the landowner's liability. To that end the RUS provides:

---

[5] Scott Afft. at ¶ 6.
[6] Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967(2007).
[7] R.I. Gen. Laws § 32-6-1 *et seq.*

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owned; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.
>
> R.I. Gen. Laws § 32-6-1.

The immunity provided to such owners of land by the statute is not absolute. R.I. Gen. Laws § 32-6-5 provides:

> (a) Nothing in this chapter limits in any way any liability which, but for this chapter, otherwise exists:
>
> (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril; or
>
> (2) For any injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for that lease shall not be deemed a "charge" within the meaning of this section.
>
> (b) When the coastal resources management council designate a right-of-way as part of its designation process as specified in § 46-23-6(5), or when the coastal resources management council stipulates public access as a condition of granting a permit, the landowner automatically will have "limited liability" as defined in this chapter, except as specifically recognized by or provided in this section.

On its face, R.I. Gen. Laws § 32-6-1 immunizes an owner of land against suits for negligence provided that the land owner conforms his conduct to the statutory requirements. Notwithstanding, a land owner's immunity is limited by statute where the land owner charges a fee in connection with the use of the land, where the land owner

willfully and maliciously fails to guard or warn a person about some dangerous condition on the land or where the Costal Resource Management Council makes a designation pursuant to R.I. Gen. Laws § 46-23-6(5). R.I. Gen. Laws § 32-6-5.

The United States qualifies as an "owner" under the Rhode Island RUS. Guttridge v. United States, 927 F.2d 730, 734 (1991) (United States' liability under the FTCA is that of a private individual, regardless of what a state intends liability to be). As such an owner, however, the United States is bound to all statutory limitations as well any other limitations imposed by the Rhode Island Supreme Court in interpreting the RUS.

The statutory limitation which undeniably defeats the defendant's immunity from liability in this matter is the defendant's conduct of willfully or maliciously failing to guard or warn Ms. Scott against a dangerous condition, use, structure, or activity after the defendant discovered the peril. R.I. Gen. Laws § 32-6-5(a)(1). In this matter, the affidavit of Mr. Scott provides a sufficient factual basis for the plaintiffs to allege willfulness or malice within the meaning of the statute. *Id.* The specifics of the defendant's conduct in regard to and knowledge of the alleged defect in the premises is something that the plaintiffs expect to be elucidated further in the discovery process.

**Conclusion**

This Court has the latitude pursuant to Fed. R. Civ. P. 15(a) and LR. Cv. 15 to permit the plaintiff leave to amend the complaint in this matter. The within memorandum along with the affidavit of David W. Scott demonstrate the basis for the proposed amendment.

Respectfully submitted by plaintiffs
through their attorney,

**/s/ Stephen J. Angell**
Stephen J. Angell (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022

## Certification of Service

I, Stephen J. Angell, hereby certify that on this 16th day of June, 2008, I caused the within Memorandum to be filed electronically with the Clerk of the United State District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified in on the Notice of Electronic Filing, have received notice electronically:

Ly T. Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

**/s/ Stephen J. Angell**
Stephen J. Angell (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022