**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ELIZABETH A. SCOTT and DAVID W. SCOTT, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-328S |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO MAGISTRATE ALMOND'S REPORT AND RECOMMENDATION**

Plaintiffs Elizabeth A. Scott and David W. Scott offer the within Memorandum in support of their Objection to Magistrate Almond's Report and Recommendation. For the reasons discussed herein, the Rhode Island Recreational Use Statute does not immunize the United States under the circumstances of this case. Also, Plaintiff does not concede that no good faith claim exists against defendants for willful and malicious failure to warn, nor does Plaintiffs concede that David Scott's Affidavit fails to contain enough evidence of willful and malicious failure to warn. Finally, Magistrate Almond failed to apply the proper standard in regard to a motion to dismiss for failure to state a claim for which relief may be granted. Thus, Defendant's motion to dismiss should not have been granted. Therefore, Plaintiffs request de *novo* review of Defendant's motion to dismiss as well as the Plaintiff's objection.

## I. Introduction

The Complaint before this Court involves an action brought by plaintiffs pursuant to the Federal Tort Claims Act (FTCA)[1] for personal injuries sustained by Plaintiff

[1] This action arises under the Federal Tort Claims Act, 28 U.S.C.§§1346(b), 2671-80. (Compl. ¶ 9).

Elizabeth A. Scott on September 3, 2004, when she tripped and fell in the vicinity of the police station located at the Newport Naval Station. (Compl. ¶ 7). Plaintiff David W. Scott's claim is derivative in nature. (Compl. ¶ 15). On the date of injury complained of, the plaintiffs were invited to enter land controlled by the Newport Naval Station to observe a display of fireworks. (Compl. ¶ 4). At the conclusion of the display Ms. Scott broke her foot and sustained other injuries when she tripped and fell as a result of a defect in the premises.

Plaintiffs allege in their complaint that the defendant failed to exercise reasonable care to warn Ms. Scott of hazardous or dangerous conditions, to discover these conditions, and to maintain the premises to eliminate these conditions. (Compl. ¶¶ 12-13). It is not a requirement of pleading such an action that the plaintiffs identify the hazardous and/or dangerous condition in the complaint.[2] Furthermore, the defendant was aware of the particular condition complained of by virtue of pictures and other information provided to it by plaintiffs at the time the plaintiffs presented their claim and thereafter.

Finally, Plaintiffs are moving to amend their complaint to include a count of negligence on the basis of defendant's willful and malicious failure to warn plaintiff, Elizabeth Scott, of a dangerous condition.

## I. Argument

### A. Law Governing Objection to Magistrate's Recommendation and Report.

Once a party is served with the Magistrate's Report and Recommendation, that party has the right to file any objections. LR Cv. 72 (d). Upon receipt of a party's

---

[2] Fed. R. Civ. P. 8(a)(2) requires that a pleading must contain "*a short and plain statement* of the claim showing that the pleader is entitled to relief." *Emphasis Added.*

objection to the Magistrate's Report and Recommendation the District Court must conduct *de novo* review of those issues objected to.[3] *De novo* review must include, at minimum, a reading of the transcript of the evidentiary hearing conducted by the Magistrate and fresh consideration to those issues objected to.[4] Though *de novo* determination by the district court does not mean a *de novo* hearing, the court may take additional evidence, witnesses, or remand the case to the Magistrate for further development.[5] It is in the district court's sound discretion whether or not it is necessary or desirable to conduct a new evidentiary hearing or start from scratch.[6] Whether or not the District Court Judge decides to accept new evidentiary material, the judge still has the authority and responsibility to make a final decision based on his *de novo* review of the issues objected to.[7]

**B. Rhode Island's Recreational Use Statute Does Not Provide Immunity to the United States from Liability.**

For certain torts, the FTCA functions as a waiver of the United State's sovereign immunity. Santoni v. Potter, 369 F.3d 594, 602 (1st Cir 2004). The FTCA provides, in part, that the United States is liable to the extent that a private person is liable to the claimant under the law of the state where the act or omission occurred. *See* 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674. As it is undisputed that Ms. Scott was injured at the

---

[3] Taylor v. Farrier, 910 F.2d 518, 521 (8th Cir. 1990) in which the Court of Appeals Circuit Judge held that in conducting de novo review of magistrate's determination that prisoner was denied due process when he was transferred from general prison population to segregation unit, district court was required to review transcript or tape recording of evidentiary hearing before magistrate.
[4] Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998) in which the Court of Appeals Circuit Judge held that denial of a de novo evidentiary hearing was not abuse of discretion since it rested on other valid reasons; Rajaratnam v. Moyer, 47 F.3d 922, 925 (7th Cir. 1995).
[5] Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995); In the Matter of the Search and Seizure of Billy Ray Shivers, 900 F.Supp. 60, 65 (E.D.Tex. 1995)
[6] United States v. Jones, 980 F.Supp. 359, 360-61 (D.Kan. 1997).
[7] United States v. Tortora, 30 F.3d 334, 337 (2d Cir. 1994).

Newport Naval Station, the General Laws of the State of Rhode Island law ought to apply to the matter complained of.

The Defendant argues that Rhode Island's Recreational Use Statute (RUS)[8] provides it with complete immunity from liability; however, the facts of this particular case indicate that the premises in question, the Newport Naval Station, was not open continuously to the public for recreational purposes and when the premises was opened to the public, the public's access was limited and controlled by the defendant. These facts distinguish the matter before the Court from those matters in which a defendant enjoyed the immunity provided to land owners pursuant to RUS.[9]

Furthermore, Plaintiffs are in the process of amending their complaint to include a count for willful or malicious failure to warn which is an exception of the RUS.

**1. The Purpose of Rhode Island's RUS and Exceptions to RUS.**

The purpose of the Rhode Island RUS is to encourage landowners to hold their property open to the public for recreational use by limiting the landowner's liability. To that end the RUS provides:

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owned; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.
>
> R.I. Gen. Laws § 32-6-1.

[8] R.I. Gen. Laws § 32-6-1, *et seq.*
[9] R.I. Gen. Laws § 32-6-5 (a) (1).

The immunity provided to such owners of land by the statute is not absolute. R.I. Gen. Laws § 32-6-5 provides:

> (a) Nothing in this chapter limits in any way any liability which, but for this chapter, otherwise exists:
>
> (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril; or
>
> (2) For any injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for that lease shall not be deemed a "charge" within the meaning of this section.
>
> (b) When the coastal resources management council designate a right-of-way as part of its designation process as specified in § 46-23-6(5), or when the coastal resources management council stipulates public access as a condition of granting a permit, the landowner automatically will have "limited liability" as defined in this chapter, except as specifically recognized by or provided in this section.

On its face, R.I. Gen. Laws § 32-6-1 immunizes an owner of land against suits for negligence provided that the land owner conforms his conduct to the statutory requirements. Notwithstanding, a land owners immunity is limited by statute where the land owner charges a fee in connection with the use of the land, where the land owner willfully and maliciously fails to guard or warn a person about some dangerous condition on the land or where the Costal Resource Management Council makes a designation pursuant to R.I. Gen. Laws § 46-23-6(5). R.I. Gen. Laws § 32-6-5.

Plaintiffs do not dispute that the United States qualifies as an "owner" under the Rhode Island RUS. Guttridge v. United States, 927 F.2d 730, 734 (1991) (United States' liability under the FTCA is that of a private individual, regardless of what a state intends liability to be). As such an owner, however, the United States is bound to all statutory

limitations as well any other limitations imposed the Rhode Island Supreme Court in interpreting the RUS.

The plaintiffs in this case admit that they were not charged a fee in connection with fireworks display on September 3, 2004, and they allow that R.I. Gen. Laws § 32-6-5(b) is inapplicable to them in this matter. The last statutory limitation, which is applicable in this matter, is whether the conduct of this defendant was willful or malicious in failing to guard or warn Ms. Scott against a dangerous condition, use, structure, or activity after the defendant discovered the peril. R.I. Gen. Laws § 32-6-5(a)(1). The defendant's conduct in regard to and knowledge of the alleged defect in the premises is something that the plaintiffs expect to be elucidated in the discovery process. Plaintiffs have discovered that the defendant's conduct was willful or malicious, and a motion to amend the complaint is in order. As plaintiffs had no such knowledge at the time of filing the complaint in this matter, no such allegation was made. Notwithstanding the forgoing discussion of the statutory limitations on the immunity provided by the Rhode Island RUS, the Rhode Island Supreme Court has also imposed limitations on the immunity provided to land owners by the RUS.

In analyzing the applicability of the RUS to a land owner, the Rhode Island Supreme Court "focus[es] on the character of the premises and the nature and scope of the activity for which the premises are held open to the public." Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006). In Morales, the Court held that where the public's use of the land was limited and controlled, the RUS did not apply. *Id.*

The plaintiffs in the matter before the Court as well as all members of the general public have limited and strictly controlled access to the Newport Naval Station during

times when the public is invited onto the Naval Station. Furthermore, the character of the premises is such that the no area of the Newport Naval Station is continuously open to the public for recreational use.

### 2. The Newport Naval Station is Not Continuously Open to the Public for Recreational Purposes.

The Rhode Island case law addressing the RUS, as well as Federal case law cited by plaintiffs and defendant in this matter, discuss recreational use statutes involving private land held open to the public *continuously* for recreational use. Lacey v. Reitsma, 899 A.2d 455 (R.I. 2006); Smiler v. Napolitano, 911 A.2d 1035 (R.I. 2006); Hanley v. Rhode Island, 837 A.2d 707 (R.I. 2003); Maldonado v. United States, 893 F.2d 267 (1990); Hegg v. United States, 817 F.2d 1328 (1987); Schneider v. United States, 760 F.2d 366 (1985). *Emphasis added*. The Newport Naval Station is not made available to the public for recreational use on a continuous basis.

In order to determine if land is considered held open for the public's recreational use, you must look to "the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public." Miller v. City of Dayton, 537 N.E.2d 1294, 1296 (O.H. 1989). This view is also shared by the Rhode Island Supreme Court. Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006). Simply stated, the main characteristic of the Newport Naval Station is that it is a Navy base and part of the military. The property is opened on a limited number of occasions during the year. Affidavit of David W. Scott at ¶ 3 and 4.[10] The property certainly is not opened on a continuous basis for recreational use by the public.

[10] Affidavit of David W. Scott, hereinafter referred to as "Scott Afft."

The Naval Station's exercises strict control over its premises with the use of such devises as "No Trespassing" signs and designated "entry points." Scott Aff. at ¶ 9. These entry points are the only locations a person may enter the property when the land is being used in its usual course by the Navy and these "entry points" are guarded by security who only allow entry if a person's name is located on an "access list." Scott Aff. at ¶ 9. This is hardly an example of land that is held open to the public for any purpose let alone for recreational use.

It is reasonable to conclude that Rhode Island's RUS is designed to reward a landowner by providing him with a degree of immunity for making his land available to the public continuously, not just on limited and controlled occasions. If a landowner, such as this defendant, has complete control over when, where, and how the public uses its property, the landowner ought not to enjoy the protections afforded by the Rhode Island RUS.

3. **The Public's Access to the Newport Naval Station is Controlled and Limited Even When the Property is Opened to the Public.**

The Naval Station is opened on a limited number of occasions during the year and one such occasion is the annual fireworks display such as the one occurring on September 3, 2004. Scott Aff. at ¶ 3 and 4. On that night, as is the case whenever the Naval Station is opened to the public, only a portion of the premises was accessible to the public. Scott Aff. at ¶¶ 4, 6, and 8. Furthermore, on such occasions there are specifically designated entry and exit pathways to the specific area opened to the public. Scott Aff. at ¶ 6. One of these pathways included a pathway to and from the Newport Naval Police Station parking lot and the area around the police station. Scott. Aff. at ¶ 7. Lighting this pathway, as well as any other conditions in the path, were in the sole control of the

landowner. Scott Aff. at ¶ 9. Ms. Scott had no choice but to use this area to enter and exit from the field. Scott Aff. at ¶ 6.

In Morales, it was held that the Rhode Island RUS did not provide the landowner with any immunity for injuries sustained by a plaintiff during a sporting event where at local school department controlled the property and the event while the public was present. Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006). In the matter complained of, the Naval Station exerted a greater level of control over the property and the event than the defendant in Morales.

4. **Defendants' Failure to Warn Plaintiffs of the Dangerous Conditions That Resulted in Plaintiffs' Injuries Was Willful or Malicious.**

The Rhode Island Recreational Use Statute states, in pertinent part, as follows: "Nothing in this chapter limits in any way any liability which, but for this chapter, otherwise exists: (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril."[11] As this exception to the RUS immunity clearly states, if the landowner is aware of the user's peril due to a dangerous condition on the land, he must warn the land user of this condition.[12] If he fails to warn the user of this peril and the user is injured, as in Plaintiff's case, then the landowner may not use the RUS for immunity from liability despite holding the land open for use by the public for recreational purposes.[13]

Though Plaintiffs did not initially plead willful or malicious failure to warn in their complaint, they are moving to amend their complaint to include a count based on defendant's willful and/or malicious failure to warn defendant, Elizabeth Scott, of the

[11] R.I. Gen. Laws § 32-6-5 (a) (1).
[12] Lacey v. Reitsma, 899 A.2d 455, 458 (R.I. 2006).
[13] R.I. Gen. Laws § 32-6-5 (a) (1).

lack of lighting in the vicinity of the police station. In an affidavit given in support of plaintiffs opposition to defendant's motion to dismiss, David Scott "h[ad] direct personal knowledge that the injury complained of in this matter by my wife occurred in an area directly adjacent to the then-existing base police station, and I state further that the area adjacent to the police station was illuminated routinely by a lighting system attached to the exterior of the police station; however, that lighting system had not been functioning at the time of the incident and injury complained of." Scott Aff. at ¶ 7. Further discovery will demonstrate that Plaintiff's peril, caused by the dangerous condition, was known to Defendant landowner, who failed to warn Plaintiffs and protect her from injury.

**B. Magistrate Almond Failed To Apply The Most Recent Standard Of Review In Connection With a Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted.**

In May of 2007 the United States Supreme Court adopted a new standard of review for a motion to dismiss for failure to state a claim for which relief may be granted.[14] In its decision, the Supreme Court directly addressed the retirement of the old standard often quoted from Conley v. Gibson which stated that a claim would be dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[15]

The new standard of review set out in Bell Atlantic Corp. v. Twombly requires a pleader show that the allegations "possess enough heft" to establish an entitlement to relief.[16] In other words, pleaders must allege enough facts to raise their claims beyond the level of speculation, and must instead "nudge their claims across the line from

[14] Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955(2007).
[15] Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
[16] Bell Atlantic Corp., 127 S.Ct. at 1965.

conceivable to plausible."[17] The facts they plead must be sufficient to give rise to a "reasonably founded hope that the discovery process will reveal relevant evidence" in support of their claims.[18]

In the Plaintiffs' case, David Scott's affidavit elucidates enough facts to demonstrate that the plaintiffs have reasonable founded hope that the discovery process will reveal relevant evidence in support of their claims on the basis of negligence and on the basis of negligence caused by defendant's willful and malicious conduct.

**<u>Conclusion</u>**

The defendant's property is not held open for the public's recreational use. Instead, the defendant has "No Trespassing" signs posted, as well as security officers posted at each entry point to the property. Anyone wishing to enter onto the Naval Station must either have been invited for a special occasion, receiving limited access confined to a particular location with particular paths of ingress and egress, as in Ms. Scott's circumstance on September 3, 2004, or a person must be on an "access list," which is controlled by Naval Station personnel.

The character of the premises and the level of control exercised by the defendant over the premises, during normal daily operations and during special occasion when the public is invited, make it clear that the defendant is not the type of landowner to whom the Rhode Island RUS extends immunity. Accordingly, plaintiffs respectfully request that Defendant's Motion to Dismiss not be denied.

Finally, even if the premises are determined to be held open to the public for recreational purposes, Defendant's failure to warn Plaintiff of the dangerous condition of

---

[17] *Id.* at 1974.
[18] *Id.* at 1967.

which they had knowledge was willful or malicious. Thus, this Defendant does not enjoy immunity for its conduct pursuant to the RUS. Instead, Plaintiff's injury and plaintiffs' claims fall under an exception to the RUS exposing Defendant to potential liability for damages in this matter.

Respectfully submitted by plaintiffs
through their attorney,

**/s/ Stephen J. Angell**
Stephen J. Angell (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022

**Certification of Service**

I, Stephen J. Angell, hereby certify that on this 16th day of June, 2008, I caused the within Memorandum to be filed electronically with the Clerk of the United State District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified in on the Notice of Electronic Filing, have received notice electronically:

Ly T. Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

**/s/ Stephen J. Angell**
Stephen J. Angell (6132)
**Law Office of Stephen J. Angell**
155 South Main Street, Suite 203
Providence, RI 02903-2963
Email: sangell@angellfirm.com
Telephone: 401-276-0066
Facsimile: 401-276-0022