**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. SCOTT and DAVID W. SCOTT,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 07-328S** |
| **UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**UNITED STATES OF AMERCIA'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION AND TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT**

The United States of America hereby responds to Plaintiffs' Objection to Magistrate Judge Almond's Report and Recommendation and to Plaintiffs' Motion to Amend their Complaint. United States Magistrate Judge Lincoln D. Almond's Report and Recommendation dated May 7, 2008, recommending that Defendant's Motion to Dismiss be granted, should be adopted, and Plaintiffs' Motion to Amend their Complaint should be denied for the reasons stated in the accompanying memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. SCOTT and DAVID W. SCOTT,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. No. 07-328S** |
| **UNITED STATES OF AMERICA** | ) | |
| **Defendant.** | ) | |

**<u>UNITED STATES OF AMERCIA'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE ALMOND'S REPORT AND RECOMMENDATION AND RESPONSE TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT</u>**

The United States of America submits the following Memorandum in Response to Plaintiffs' Objection to Magistrate Judge Almond's Report and Recommendation ("R & R ) and to Plaintiffs' Motion to Amend their Complaint.

United States Magistrate Judge Lincoln D. Almond's R & R issued on May 7, 2008, recommending that Defendant's Motion to Dismiss be granted, should be adopted. Contrary to Plaintiffs' argument, Plaintiffs' sole claim of negligence in their present Complaint must be dismissed because the Rhode Island Recreational Use Statute ("RUS") provides immunity to the United States for negligence. Moreover, Plaintiffs' assertion that the RUS is applicable to land that is continuously open to the public for recreational purposes is unsupported by the case law cited by Plaintiffs and by the express language and purpose of the RUS. As to Plaintiffs' claim that the Magistrate Judge Almond failed to apply the <u>Twombly</u> motion to dismiss standard, the results remain the same as Plaintiffs still have failed to state a claim under <u>Twombly</u>.

Further, with respect to Plaintiffs' Motion to Amend their Complaint, amendment would not be appropriate given Plaintiffs' representation to the United States and to this Court that it had no good faith basis for alleging willful or malicious conduct on the part of the United States. Notably, Plaintiffs' counsel represented in open court:

> We did not allege malicious or willfulness [sic] conduct because we don't have a good faith basis for it at this point. Nor are we requesting of the Court that we be allowed to go on some fishing expeditions to amend our complaint. If those things bear themselves out in the course of discovery, certainly we would amend the complaint.

(Ex. 1, Tr. 8:13-20 (emphasis added).) In addition, Plaintiffs' Motion to Amend their Complaint should be denied based on the futility of the amendment.

## I. Facts and Procedural History

This is an action for personal injury brought against the United States under the Federal Tort Claims Act ("FTCA"). Plaintiffs Elizabeth A. Scott and David W. Scott allege that on September 3, 2004, the United States Department of the Navy invited and admitted the general public to its premises at the Newport Naval Station in Rhode Island to observe a display of fireworks. (Compl. ¶ 4.) Notably, Plaintiffs concede that no fee was charged for observing the fireworks. (Pls.' Supp. Mem. Obj. to R & R at 6.) Plaintiffs allege that Ms. Scott visited the premises of the Newport Naval Station for the "purposes of observing the display of fireworks." (Compl. ¶¶ 5-6.) While on the premises of the Newport Naval Station, Plaintiffs claim that Ms. Scott tripped and fell in the vicinity of the police station. (Compl. ¶ 7.)

On August 30, 2007, Plaintiffs filed a Complaint in this Court alleging one count of negligence for failing to exercise reasonable care to warn Ms. Scott of hazardous or dangerous conditions, to discover these conditions, and to maintain the premises to eliminate these conditions. (Compl. ¶¶ 12-13.) Plaintiffs' Complaint failed to identify these allegedly

"hazardous or dangerous conditions." Plaintiffs claim that as a result of the United States' negligence, Ms. Scott incurred personal injury, lost wages and income. (Compl. ¶ 14.) Plaintiffs also assert that Mr. Scott has suffered a loss of consortium due to the United States' negligence. (Compl. ¶ 15.) Plaintiffs seek damages in the amount of $165,000, plus interest and costs. (Compl. Prayer for Relief.)

On February 19, 2008, the United States filed a Motion to Dismiss Plaintiffs' Complaint to which Plaintiffs filed a response on March 24, 2008. Plaintiffs conceded in their response to the motion to dismiss that they have no knowledge that United States' conduct was willful or malicious (Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 6) and that the only claim asserted in their Complaint was a claim for negligence (Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 2, 6). Attached to Plaintiffs' response was the affidavit of Plaintiff David W. Scott. On April 9, 2008, the United States filed a reply to Plaintiffs' response to the motion to dismiss. At the April 29, 2008, hearing on the motion to dismiss before United States Magistrate Judge Lincoln D. Almond, Plaintiffs again represented to the Court that they had no good faith basis for alleging that the United States' conduct was willful or malicious. (Ex. 1, Tr. 8:13-20.)

Thereafter, Judge Almond issued his R & R on May 7, 2008, in which he recommended that the United States' Motion to Dismiss be granted because the United States was immune from suit for claims of negligence pursuant to Rhode Island's Recreational Use Statute ("RUS"). (R & R at 7-8.) On June 16, 2008, Plaintiffs filed their Objection to Magistrate Judge Almond's R & R. In their objection, Plaintiffs assert that: (1) the RUS does not immunize the United States under the circumstances of this case because the Newport Naval Station was not open continuously to the public for recreational purposes and when the premises was opened to the public, the public's access was limited and controlled by Defendant (Pls.' Supp. Mem. Obj. to R

& R at 1, 4, 7-9); (2) Plaintiffs do not concede that any good faith basis exists to allege a willful or malicious failure to warn (Pls.' Supp. Mem. Obj. to R & R at 1, 9-10); and (3) that Magistrate Judge Almond failed to apply the proper standard in regard to a motion to dismiss for failure to state a claim upon which relief can be granted (Pls.' Supp. Mem. Obj. to R & R at 1, 10-11).

On the same date that Plaintiffs filed their Objection to the Magistrate Judge Almond's R & R, Plaintiffs also filed a Motion to Amend their Complaint in which they seek to add a count of willful or malicious failure to warn Ms. Scott of "hazardous or dangerous conditions." See Proposed Amended Compl. attached to Mot. to Amend ¶¶ 17-22.) Similar to their original Complaint, the proposed Amended Complaint does not provide any factual allegations identifying these broadly labelled "hazardous or dangerous conditions." (See Proposed Amended Compl. attached to Mot. to Amend.) Count II of the Proposed Amended Complaint, other than adding the words "willful or malicious," is essentially the same as the sole count for negligence in their original Complaint. (See Proposed Amended Compl. ¶¶ 17-22 attached to Mot. to Amend; Compl. ¶¶ 11-16.)

Also attached to their Motion to Amend is the previously filed affidavit of David W. Scott. The Scott Affidavit was previously filed three months earlier on March 24, 2008, in conjunction with Plaintiffs' response to the motion to dismiss. Relying on the Scott Affidavit, Plaintiffs now argue that "the defendant either knew or should have known of the defective lighting intended to illuminate the area surrounding the police station," [1] and that "the information contained in the affidavit of David W. Scott provides sufficient facts on which the amendment to the complaint is based." (Pls.' Mem. Supp. Mot. to Amend at 3.) Plaintiffs, in

---

[1] Notably, no such allegation of defective lighting is alleged in the proposed Amended Complaint. (See Proposed Amended Compl. attached to Mot. to Amend.)

their Memorandum in Support of their Objection to Magistrate Judge Almond's R & R, do not explain why they previously represented to this Court that they had no good faith basis to allege willful or malicious conduct on the part of the United States. Plaintiffs have also failed to explain why they waited three months after filing the Scott Affidavit and over a month after Magistrate Judge Almond issued his R & R to file their Motion to Amend their Complaint.

## II. Argument

### A. Standard of Review for Objections to a Magistrate Judge's Report and Recommendation of Dispositive Motions

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See also 28 U.S.C. § 636(b)(1); Hartford Ins. Co. v. General Elec. Co., 526 F.Supp.2d 250 (D.R.I. 2007) (Smith, J.) (applying de novo standard of review to objections to the magistrate judge's R & R). In addition, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). The de novo standard of review, however, does not require a new hearing. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).

Further Local Rule of Civil Procedure 72(d)(2) provides:

> An objection to a magistrate judge's Report and Recommendation shall be accompanied by a memorandum of law specifying the findings and/or recommendations to which objection is made, the basis for the objection, and a transcript of any evidentiary hearing(s) before the magistrate judge.

Although Plaintiffs argue that the Court must review the transcript of the hearing before Magistrate Judge Almond, Plaintiffs have failed to submit the transcript of the hearing as required by Local Rule of Civil Procedure 72(d)(2).

**B. Law Governing Motions to Amend**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of right before a responsive pleading is filed. Otherwise, Rule 15(a) provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Internat'l of P. R., Inc., 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)). A court may deny a motion to amend based on "undue delay, bad faith, futility, and the absence of due diligence on the movant's part." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). In addition, Local Rule of Civil Procedure 15 requires that "[a]ny motion to amend a pleading shall be made promptly after the party seeking to amend first learns of facts that form the basis for the proposed amendment."

**C. The Federal Tort Claims Act and Rhode Island's Recreational Use Statute**

The United States enjoys sovereign immunity from suit, unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). The FTCA, 28 U.S.C. § 2671, et seq., provides a limited waiver of the United States' immunity for certain common law torts. Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004). After exhaustion of administrative remedies, the FTCA provides that the United States is amenable to suit in tort only to the extent a private person would be liable to the claimant under the law of the state where the act or omission occurred. See 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674. It is undisputed that the injury took place at the Newport Naval Station, Newport, Rhode Island. Therefore, Rhode Island law applies.

Like a number of states, Rhode Island has in place its RUS to encourage landowners to make their land open to the public for recreational use by limiting liability. See R.I. Gen. Laws § 32-6-1. The RUS provides:

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.

R.I. Gen. Laws § 32-6-3.

The RUS treats direct and indirect invitees as trespassers for purposes of tort liability. Hanley v. State, 837 A.2d 707, 713 (R.I. 2003). The landowner owes a trespasser no duty of "reasonable care." See Zoubra v. N.Y., New Haven and Hartford R. Co., 150 A.2d 643, 644-45 (R.I. 1959) (holding that defendant owed no duty to trespasser except not to willfully or wantonly injure her after actually discovering her). Similarly, R.I. Gen. Laws § 32-6-5(a) provides:

> Nothing in this chapter limits in any way liability which, but for this chapter, otherwise exists:
>
> (1) For the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril; or
>
> (2) For any injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for that lease shall not be deemed a "charge" within the meaning of this section.

Simply put, where a private landowner makes its land available to the public for recreational use, the landowner is only liable for willful and malicious failure to warn against a dangerous condition after discovering the user's peril or when it charges the recreational user a fee to enter the land.

### D. Plaintiffs' Sole Claim of Negligence in their One-Count Complaint Must Be Dismissed as the Rhode Island Recreational Use Statute Provides Immunity to the United States for Negligence

Plaintiffs' sole claim of negligence is barred by Rhode Island's RUS which provides immunity to landowners for negligence when individuals use their property for recreational purposes. See R.I. Gen. Laws § 32-6-3; see also Cruz v. City of Providence, 908 A.2d 405, 407 (R.I. 2006) (holding that RUS immunizes city for liability for negligence when individuals use its property for recreational purposes).

Plaintiffs do not dispute that the United States is a land owner under the RUS (see Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 5; Pls.' Supp. Mem. Obj. to R & R at 5) and that Ms. Scott was on Navy premises for the recreational purpose of observing fireworks (see Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 1-9). Plaintiffs also concede that that the only claim asserted in their Complaint was a claim for negligence. (See Pls.' Supp. Mem. in Response to Mot. to Dismiss at 2, 6; Ex. 1, H'rg Tr. at 8:4-6.; Pls.' Supp. Mem. Obj. to R & R at 9.) Thus, the United States is immune from suit for negligence pursuant to the RUS.

Accordingly, because the United States is immune from suit, Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction. See, e.g., Woods v. United States, 909 F.Supp. 437, 442 (W.D. La. 1995) ("Because the United States could not be held liable for damages in this case as a private party under Louisiana Recreational Use statutes, this court lacks jurisdiction over plaintiff's claims."), aff'd, 84 F.3d 432 (5th Cir. 1996); West v. United States,

No. 00 Civ. 9433 (JCF), 2003 WL 164278, at *4-5 (S.D.N.Y. Jan. 10, 2003) (granting motion to dismiss for lack of subject matter jurisdiction where New York's RUS provided immunity to the United States for simple negligence) (attached as Ex. 2); see also additional cases cited in Defs.' Mem. Supp. Mot. to Dismiss at 9-10.

**E. Plaintiffs' Argument that the Rhode Island Recreational Use Statute Is Only Applicable to Land that is Continuously Open to the Public for Recreational Purposes is Unsupported by the Case Law Cited by Plaintiffs.**

Plaintiffs argue that "Rhode Island case law addressing the RUS, as well as Federal case law cited by plaintiffs and defendant in this matter, discuss recreational use statutes involving private land held open to the public continuously for recreational use." (Pls.' Supp. Mem. Obj. to R & R at 7; Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 7.) However, a close examination of the six cases to which Plaintiffs cite in support of this argument shows that there is no mention, let alone a discussion, that the lands in question in these cases were in fact continuously open to the public for recreational use. See the following cases cited by Plaintiffs: Lacey v. Reitsma, 899 A.2d 455 (R.I. 2006); Smiler v. Napolitano, 911 A.2d 1035 (R.I. 2006); Hanley v. Rhode Island, 837 A.2d 707 (R.I. 2003); Maldonado v. United States, 893 F.2d 267 (10th Cir. 1990); Hegg v. United States, 817 F.2d 1328 (8th Cir. 1987); Schneider v. United States, 760 F.2d 366 (1st Cir.1985).

While the Rhode Island Supreme Court in Morales v. Town of Johnston, 895 A.2d 721, 731 (R.I. 2006), stated the focus should be on the "character of the premises and the nature and scope of the activity for which the premises are held open to the public," nothing in this decision cited by Plaintiffs suggests that the RUS does not apply to land that is not opened on a continuous basis for recreational use by the public. In Morales, the court held that the town of Johnston was not immune for negligence because the soccer field in question was not open to the

public for recreational activities when a student was injured on it while playing in a school-organized soccer game. Id. at 731-32. Thus, the Morales court found the RUS inapplicable. Id. Morales is distinguished from the present case because nothing in Plaintiffs' Complaint or Plaintiffs' Memorandum in Support of the Objection to the R U& R suggest that the area in which Ms. Scott fell was not open to the public at the time of her injury. In fact, Plaintiffs assert that the pathway that Ms. Scott used was open to the public. (Pls.' Supp. Mem. Obj. to R & R at 8; Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 8.)

Similarly, the argument that the land in question must be continuously opened to the public for the RUS to apply was raised by the plaintiff and rejected by the court in applying Washington's RUS in Miller v. U.S. Dep't of Army, Portland Dist. Corps of Eng'rs, 37 F.3d 1505 (9th Cir. 1994). The Miller court explained:

> Washington's recreational use statute, by its terms, applies to landowners "who allow members of the public to use them for the purpose of outdoor recreation." It does not require that the land be open to every member of the public at all times.

Id.; see also Palmer v. United States, 742 F.Supp. 1068, 1072 (D. Haw. 1990) ("The Hawaii Recreational Use Statute applies to military property even though they may be closed to the general public. . . . The land does not have to be open to every person in the general public for the statute to apply."), aff'd, 945 F.2d 1134 (9th Cir. 1991). As in Miller and Palmer, the RUS statute in this case also does not require the land to be open to every member of the public at all times.

In addition, Plaintiffs' assertion that Naval Station's general strict control over its premises precludes the RUS from applying is also without merit. In Mansion v. United States, 945 F.2d 1115 (9th Cir. 1991), the Court held that the California RUS applied to an injury sustained during a picnic at a naval air station even though public access was restricted. Id. at

118. The Mansion court noted that the security measures plaintiff "attempts to classify as discouragement serve to maintain the integrity of the military facility, not to limit access to the park by permitted users." Id.; see also Ravell v. United States, 22 F.3d 960, 961 (9th Cir. 1994) (California RUS applied to injury sustained on part of Norton Air Force Base normally closed to public, but was open for free air show).

**F. Plaintiffs' Suggested Requirement that the Land Must Be Opened to the Public Continuously in Order for Rhode Island's Recreational Use Statute to Apply is Not Supported by the Express Language of the Recreational Use Statute and is Contrary to the Purpose of the Recreational Use Statute**

Plaintiffs assert that the RUS requires that the land be opened to the public continuously in order for the RUS to apply. The RUS specifically states:

> Except as specifically recognized by or provided in § 32-6-5, an owner of land who directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>
> (4) Extend any assurance that the premises are safe for any purpose;
>
> (5) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>
> (6) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person.

R.I. Gen. Laws § 32-6-3. Nowhere in the RUS is there a requirement that the land be opened to the public continuously for the RUS to apply.

Further, the RUS states that, "[t]he purpose of this chapter is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability to persons entering thereon for those purposes." R.I. Gen. Laws § 32-6-1; see also 62 American Jurisprudence 2d (2008), Premises Liability, Section 127 (" 'Recreational use' statutes are intended to reduce the growing tendency of landowners to withdraw land from recreational

access by removing the risk of gratuitous tort liability that a landowner might run unless the landowner could successfully bar any entry to his or her property for enumerated recreational uses.”). Given that the purpose of the RUS is to increase the amount of land held open for recreational use, Plaintiffs’ restrictive reading of the statute is contrary to the very purpose of the RUS. On the other hand, by affording immunity in this situation where Ms. Scott was undisputedly on Navy premises for the recreational purpose of observing fireworks, the purpose of the RUS to encourage landowners to make their recreational property available for use is served. See Ravell v. United States, 855 F.Supp. 300 (C.D. Cal. 1992) (“The Court believes that the purpose of [the RUS] and the intent of the Legislature is best served in this case by the granting of immunity. This will encourage the Air Force to continue to open its land to the general public for the air shows that so many people enjoy.”), aff’d 22 F.3d 960 (9th Cir. 1994).

**G. Plaintiffs’ New Allegation of Willful and Malicious Is Contrary to Plaintiffs’ Assertion in their Memorandum and at the Hearing on the Motion to Dismiss that Plaintiffs Have No Good Faith Basis for Alleging Willful or Malicious Conduct on the Part of the United States.**

In Plaintiffs’ Memorandum in Support of their Objection to Magistrate Judge Almond’s R & R, Plaintiffs now assert that “Plaintiff [sic] does not concede that no [sic] good faith claim exists against defendants for willful and malicious failure to warn.” (Pls.’ Supp. Mem. Obj. to R & R at 1.) In addition, Plaintiffs allege that, “Plaintiffs have discovered that the defendant’s conduct was willful or malicious, and a motion to amend is in order.” (Pls.’ Supp. Mem. Obj. to R & R at 6.)

Notably, the only evidence that Plaintiffs cite to support their allegation of willful or malicious conduct is the affidavit of David Scott (Pls.’ Mem. Supp. Mot. to Amend at 3), which is the same affidavit previously submitted with Plaintiffs’ memorandum in response to

Defendant's Motion to Dismiss (Scott Aff. attached to Pls.' Supp. Mem. in Response to Mot. to Dismiss). The Scott Affidavit was submitted with the same memorandum in which Plaintiffs conceded that they have no knowledge that United States' conduct was willful or malicious. (Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 6.) Specifically, Plaintiffs stated that, "[i]f it is discovered that the defendant's conduct was willful or malicious, then a motion to amend the complaint would be in order. As plaintiffs have no such knowledge at the time of filing the complaint in this matter, no such allegation was made." (Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 6.)

Further, after having submitting this same affidavit in response to Defendant's Motion to Dismiss, Plaintiffs' counsel acknowledged and represented to this Court that Plaintiffs still had no good faith basis to allege willful or malicious conduct on the part of the United States. Plaintiffs' counsel asserted:

> We did not allege malicious or willfulness [sic] conduct because we don't have a good faith basis for it at this point. Nor are we requesting of the Court that we be allowed to go on some fishing expeditions to amend our complaint. If those things bear themselves out in the course of discovery, certainly we would amend the complaint.

(Ex. 1, Tr. 8:13-20 (emphasis added).)

In an eleventh-hour attempt to save their Complaint and contrary to Plaintiffs' previous representations to this Court, Plaintiffs have now filed a Motion to Amend their Complaint to add a count of willful or malicious conduct by the Defendant. As this Court has emphasized, "[d]e novo review, however, does not contemplate consideration by the Court of arguments not seasonably raised before the Magistrate." Hartford Ins. Co. v. General Elec. Co., 526 F.Supp.2d 250, 251 (D.R.I. 2007) (Smith, J.); see also Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is

not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate . . . . Systematic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."); . Kachougian v. United States, No. 96-508-T, 1999 WL 973533 at *2 (D. R.I. Sept. 10, 1999) (Torres, J.) ("[a] party may not raise an issue for the first time in its objection to a report and recommendation" (attached as Ex. 3). Based on Plaintiffs' prior representations to this Court that they do not have a good faith basis for alleging willful or malicious conduct on the part of the United States and the fact that Plaintiffs are now arguing for the first time that the Scott Affidavit provided evidence that the United States' conduct was willful or malicious, Plaintiffs' Motion to Amend the Complaint should be denied. Borden v. Sec'y of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to de novo review by the district court of the [magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.")

### H. Under Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955 (2007), Plaintiffs Fail to State A Claim Upon Which Relief Can Be Granted.

Plaintiffs argue that Magistrate Judge Almond failed to apply the standard of review, articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), for a motion to dismiss for failure to state a claim upon which relief may be granted.[2] Under

---

[2] Twombly was not cited by either party to the Magistrate Judge. In Twombly, the Court explicitly backed away from the Rule 12(b)(6) standard articulated in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46.) The Court explained that under Conley's "no set of facts" standard, "a wholly conclusory statement of [sic] claim would survive a motion to dismiss whenever the pleadings left open the

Twombly, in order to survive a motion to dismiss, Plaintiffs' well-pleaded facts must possess enough "heft" to show that they are entitled to relief. See id. at 1959; Clark v. Boscher, 514 F.3d 107 (1st Cir. 2008). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965 (citations omitted). Thus, factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1964-65; see also Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

As Plaintiffs concede that that the only claim asserted in their Complaint was a claim for negligence (see Pls.' Supp. Mem. in Resp. to Mot. to Dismiss at 2, 6; Ex. 1, H'rg Tr. at 8:4-6.; Pls.' Supp. Mem. Obj. to R & R at 9), Plaintiffs have still failed to state a claim upon which relief can be granted under Twombly. Because the analysis and outcome remains the same under Twombly, the Court need only modify the R & R to rely on the standard set forth in Twombly. See Jones v. Dovery, No. 06cv1979-LAB (AJB), 2008 WL 733468, at *1 (S.D. Cal. March 18, 2008) (modifying R & R to reflect Twombly standard and stating that modification does not alter the R & R's analysis) (attached as Ex. 4); Williams v. Allegan County Sherriff Dep't, No. 1:07-cv-1052, 2008 WL 1701649, at *2 n. 1 (W.D. Mich. April 9, 2008) ("Twombly's modification of the 12(b)(6) standard does not affect the analysis or outcome here. In some cases, Twombly may make it easier, not harder, to grant 12(b)(6) dismissal than the Conley standard.") (attached as Ex. 5); Sayre v. McBride, Nos. 5:07-cv-00282, 5:07-cv-402, 2008 WL 373681, at * 1 (S.D.

---

possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. The Court observed that "after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

W.Va. Feb. 12, 2008) ("Even under the magistrate judge's application of the more relaxed standard of Conley v. Gibson, 355 U.S. 41 (1957), Plaintiff fails to state a claim upon which relief can be granted.") (attached as Ex. 6).

**I. Plaintiffs' Motion to Amend their Complaint Should Be Denied Because of the Futility of the Proposed Amendment.**

Plaintiffs' Motion to Amend their Complaint should be denied because of the futility of the proposed amendment. Plaintiffs' Motion to Amend relies on the Scott Affidavit as the basis for the amendment. (Pls. Mem. Supp. Mot. to Amend at 3.) The Scott Affidavit was filed three months prior to the filing of the Motion to Amend. Notably, Plaintiffs have failed to explain why the Motion to Amend was not promptly made after the Plaintiffs first learned of facts that formed the basis for the proposed amendment pursuant to Local Rule of Civil Procedure 15.

Further, the proposed amendment seeks to add an additional count which essentially mirrors the language of the original Complaint for negligence. Count II of the Proposed Amended Complaint, other than adding the words "willful or malicious," is essentially the same as Plaintiffs' original Complaint for negligence. (See Proposed Amended Compl. attached to Mot. to Amend ¶¶ 17-22; Compl. ¶¶ 11-16.) Plaintiffs should not be permitted to recast a negligence claim by merely adding the words "willful or malicious." See Zoubra v N.Y., New Haven and Hartford R. Co., 150 A.2d 643, 645 (R.I. 1959) ("The mere allegation that [defendant] did willfully and wantonly cause its train to propelled against plaintiff is not an averment of fact but a mere conclusion of law. Such failure to allege facts is fatal."); Bradshaw v. Tri-County of Southwestern Mich. Snowmobile Club, No. 1:93-CV-834, 1994 WL 841291, at *7 (W.D. Mich. 1994) (denying motion to amend based on futility and stating that "Plaintiff cannot avoid the application of the [recreational use statute] merely by pleading the key words.

Mere negligence cannot be recast as 'wilfulness' simply for the purposes of bringing a complaint.") (quotations omitted) (attached as Ex. 7). Under Twombly, Plaintiffs are required to plead more than labels and conclusions to show that they are entitled to relief. See Twombly, 127 S. Ct. at 1965. Thus, Plainitffs pleading the conclusory label of "willful or mailicious," without any supporting factual allegations, fails to state a claim under Twombly.

Moreover, Plaintiffs' reliance on the Scott Affidavit to show that the affidavit provides factual allegations amounting to willful or malicious conduct on the part the United States is unwarranted. As stated above, this is the same affidavit that was attached to Plaintiffs' response to Defendant's Motion to Dismiss wherein Plaintiffs maintained and represented to this Court that Plaintiffs had no knowledge of willful or malicious conduct on the part of the United States.

Even assuming that this Court ignores Plaintiffs' prior representations to this Court and to the United States that Plaintiffs have no good faith basis to allege willful or malicious conduct, the facts, as alleged in Mr. Scott's Affidavit, do now show that Plaintiffs are entitled to relief. Specifically, Plaintiffs cite to Paragraphs 6 and 7 of the Scott Affidavit to show that the United States conduct was willful or malicious. (Pls.' Mem. Supp. Mot. to Amend at 3.) In Paragraph 6 of the Scott Affidavit, Mr. Scott states:

> I have direct personal knowledge that at the time referenced herein, when the Newport Naval Station was opened to the public, that the public's access to any part of the grounds on the base was restricted to particular paths of ingress and egress including the path traveled by myself and Elizabeth Scott on the night in question.

(Pls.' Mem. Supp. Mot. to Amend, Scott Aff. ¶ 6.) In Paragraph 7 of the affidavit, Mr. Scott asserts:

> I have direct personal knowledge that the injury complained of in this matter by my wife occurred in an area adjacent to the then-existing base police station, and I state further that the area adjacent to the police station was illuminated routinely by a lighting system

> attached to the exterior of the police station; however, that lighting system had not been functioning at the time of the incident and injury complained of.

(Pls.' Mem. Supp. Mot. to Amend, Scott Aff. ¶ 7.)

Relying on Paragraphs 7-8 of the Scott Affidavit, Plaintiffs now argue that the United States' failure to warn Ms. Scott of the lack of lighting and the restrictions imposed by the United States on Ms. Scott as to particular paths of ingress and egress constitutes a willful or malicious failure of the United States to guard or warn Ms. Scott against a dangerous condition. (Pls.' Mem. Supp. Mot. to Amend at 3.) Even assuming that these allegations are true, Plaintiffs fail to show that these allegations rise to the level of willful or malicious conduct on the part of the United States. See, e.g. Scanlon v. Dep't of the Army, 277 F.3d 598, 601 (1st Cir. 2002) (even assuming that the Army failed to properly secure and maintain manhole in parking lot, Army's conduct was not willful, wanton or reckless); Ravell v. United States, 22 F.3d 960, 963 (9th Cir. 1994) ("when Ravell, a member of the general public, came into the Norton Air Force Base without a direct personal invitation, the United States did not owe her a duty of care to make the flight line safe for her use"); Sandler v. Commonwealth, 644 N.E.2d 641, 644-45 (Mass. 1995) (Commonwealth's failure to remedy risk of harm created by chronically unlit tunnel with missing drain covers was neither wanton or reckless.) Ali v. City of Boston, 804 N.E.2d 927, 932 (Mass. 2004) (erecting gate across a bicycle path, which plaintiff crashed into during evening, without warning signs or lights, not reckless conduct for purposes of recreational use statute).

In fact, even assuming that the RUS did not bar recovery in this case, a lack of lighting is an obvious danger to which there is no duty to warn even under a negligence theory of recovery. See Bucki v. Hawkins, 914 A.2d 491, 496-97 (R.I. 2007) (in negligence case holding that

defendant had no duty to warn of open and obvious danger); Howarth v. Gilbane Bldg. Co., 701 A.2d 811, 811-12 (R.I. 1997) (holding as a matter of law that plaintiff assumed the risk of his injuries and that defendant had no duty to warn of open and obvious danger).

Thus, Plaintiffs' factual allegations are not enough to raise a right to relief above the speculative level. As the Supreme Court has recognized, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 127 S. Ct. at 1966 (quotations omitted). Accordingly, Plaintiffs' Motion to Amend should be denied based on futility.

## III. Conclusion

For the reasons stated above, the United States respectfully requests that Magistrate Judge Almond's R & R dated May 7, 2008, recommending that Defendant's Motion to Dismiss be granted, be adopted, and that Plaintiffs' Complaint against the United States be dismissed in its entirety. In addition, the United States requests that Plaintiffs' Motion to Amend their Complaint be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 18th day of July, 2008, I caused to be electronically filed the within Response and Memorandum in Response to Plaintiffs' Objection to Magistrate Judge Almond's Report and Recommendation and to Plaintiffs' Motion to Amend their Complaint with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Stephen J. Angell, Esq.
155 South Main Street
Suite 203
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov