**H**
Kachougian v. U.S.
D.R.I.,1999.

United States District Court, D. Rhode Island.
Harry KACHOUGIAN and Susan Kachougian
v.
UNITED STATES OF AMERICA and Internal Revenue Service
**No. 96-508-T.**

Sept. 10, 1999.

*MEMORANDUM AND ORDER*

TORRES, J.
*1 Harry and Susan Kachougian brought this action against the United States of America and the Internal Revenue Service ("IRS") (hereinafter collectively referred to as the "government") in which they seek damages, pursuant to 26 U.S.C. § 7433, for the government's allegedly unlawful tax collection activities.

The case presently is before the Court for consideration of the plaintiffs' objections to two reports by a Magistrate Judge recommending that the government's Rule 12(b)(6) motion to dismiss be granted and that the plaintiffs' motion to amend their complaint be denied.

Because I find that amendment would be futile, and because I further find that the original complaint does state a claim upon which relief may be granted, the recommendation that the motion to amend be denied is accepted and the recommendation that the motion to dismiss be granted, is rejected.

*Background*

The pertinent facts alleged in the plaintiff's *prose* complaint are as follows.

In June of 1994, special agent Domenic Cambra of the IRS, appeared at the plaintiffs' home and informed them that there was an outstanding tax assessment against them amounting to approximately $92,000. The assessment purportedly was based upon the plaintiffs' 1992 income tax return. The plaintiffs deny receiving prior notice of any such assessment and allege that they told Cambra that they did not even file a 1992 return because their income was insufficient to trigger the filing requirement.

According to the plaintiffs, Cambra stated that he would look into the matter and get back to them. However, in September of 1994, the plaintiffs received notice that Cambra had filed a notice of levy on their home. The plaintiffs continued to dispute any tax liability and, on numerous occasions, demanded that the IRS produce what it claimed was their 1992 return.

On June 21, 1995, the plaintiffs received a letter from the IRS acknowledging that no such return could be located and extending an apology for any inconvenience resulting from the error. It is not clear whether the lien was released at that time. Being in no mood to accept the tendered apology, the plaintiffs commenced this action.

*Procedural History*

The *prose* complaint was filed pursuant to 26 U.S.C. § 7433 which permits taxpayers to maintain actions against the United States for certain unlawful collection activities by the IRS. The government responded by filing a "Motion to Dismiss or, Alternatively, for Summary Judgment."That motion was referred to a Magistrate Judge who recommended that it be granted.

After obtaining counsel, the plaintiffs objected to that recommendation and, in an apparent effort to address some of the deficiencies cited by the Magistrate Judge, moved to amend their complaint to assert a claim under § 7432. The motion to amend,

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 3

also, was referred to the Magistrate Judge who recommended that it be denied. The plaintiffs have objected to that recommendation, too.

*2 The Court, now, is called upon to rule on both recommendations.

*Discussion*

I. *Standard of Review Under 28 U.S.C. § 636(b)(1)(B)*

When an objection is made to a Magistrate Judge's recommendation regarding a matter referred pursuant to 28 U.S.C. § 636(b)(1)(B), the district court conducts a *denovo* review. However, the scope of review is limited to the matters raised by the parties' objections. The Court is not obliged to, *suasponte,* review determinations that have not been challenged. Nor is it the Court's role to parse the record in search of evidence or arguments that may support or counter the objections raised. *SeeSantiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir.1998) ("The district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge."). Rather, it is incumbent upon the parties to cite the relevant portions of the record in their objections and/or responses to objections.

Moreover, objections must relate to matters presented to the Magistrate Judge. A party may not raise an issue for the first time in its objection to a report and recommendation. *SeePaterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir.1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.... Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

II. *The Motion to Amend*

A. *Standard of review*

Generally, leave to amend is granted freely "when justice so requires." Fed.R.Civ.P. 15(a). However, a motion to amend may be denied when allowing the proposed amendment would be an exercise in futility. *Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir.1994).

B. *Section 7432*

In this case, the proposed amendment seeks to add a claim under § 7432 which permits a taxpayer to bring an action against the United States for damages resulting from the IRS's knowing or negligent failure to release a lien on the taxpayer's property. 26 U.S.C. § 7432(a) (1994). Section 6325 requires the IRS to release a lien within 30 days after learning that it is unenforceable. 26 U.S.C. § 6325(a)(1) (1994).

One of the reasons given by the Magistrate Judge for recommending denial of the motion to amend was the plaintiffs' failure to exhaust their administrative remedies. Since that reason is sufficient to support the recommendation, there is no need to address the plaintiffs' challenge to the remaining reasons.

Section 7432(d)(1) expressly provides that, in order to recover damages under § 7432, a taxpayer, first, must exhaust available administrative remedies.

> *3 *(d) Limitations. (1) Requirement that administrative remedies be exhausted.* A judgment for damages shall not be awarded ... unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

By regulation, the IRS has established a comprehensive administrative review process. *See*26 C.F.R. § 301.7432 (1999).

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

The plaintiffs' argument that the IRS's letter conceding that the 1992 tax assessment was unenforceable satisfies the exhaustion requirement is without merit. Their claim is for the damages that they allegedly sustained as a result of the lien based on that assessment. That claim never was presented, and the plaintiffs' failure to exhaust their administrative remedies with respect to that claim would render their proposed amendment an exercise in futility.

III. *The Motion to Dismiss or for Summary Judgment*

A. *Standard of Review*

Motions to dismiss and motions for summary judgment are intended to provide a simple, expeditious and relatively inexpensive means of resolving cases in which there is no need for a full-blown trial. Although it is difficult to fault counsel for filing the instant motion, this case presents a typical example of how such motions frequently have the opposite effect by complicating and protracting the proceedings thereby increasing the time and resources expended by litigants and the Court in seeking to resolve what, otherwise, would be relatively simple issues.

One source of confusion is the fact that the standards for deciding a motion to dismiss and a motion for summary judgment differ markedly and when both are joined, it becomes difficult to determine the motion to which each argument relates.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court does not look beyond the four corners of the complaint. Moreover, it must accept the facts as alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *SeeGooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). The motion should be granted "[o]nly if, when viewed in this manner, the pleading shows no set of facts which could entitle [the] plaintiff to relief."*Id.*

On the other hand, motions for summary judgment incorporate matters outside of the pleadings. Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. *SeeUnited States v. One Parcel of Real Property With Bldgs., Appurtenances, And Improvements, Known as Plat 20, Lot 17, Great Harbor Neck, New Shoreham, R.I.*, 960 F.2d 200, 204 (1st Cir.1992).

B. *Section 7433*

*4 As already noted, the *prose* complaint was brought pursuant to § 7433. That section permits a taxpayer to sue the United States for damages:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States.

26 U.S.C. § 7433(a).[FN1]

> FN1. In 1998, § 7433(a) was amended to permit claims based on negligence. Plaintiffs' complaint, however, was filed before that amendment.

Like § 7432, § 7433 limits any recovery for damages to "actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee."26 U.S.C. § 7433(b)(1) (1994). However, unlike § 7432, at the time this action was commenced, § 7433 did not require exhaustion of administrative remedies.[FN2]

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

FN2. In 1998, § 7433(d)(1) was amended to require exhaustion.

In the memorandum filed in support of its motion, the government argued that the case should be *dismissed* for three reasons:

1. That service of process was improper;

2. That the complaint fails to allege "actual, direct economic damages;" and,

3. That section 7433 is inapplicable because the conduct complained of relates to *assessment* activity rather than *collection* activity.

Alternatively, the government argued that *summary judgment* should be granted in its favor because there is no evidence that IRS agents acted "recklessly or intentionally" or that they disregarded any regulation or statutory provision.

The Magistrate Judge's report does not address the propriety of service or whether summary judgment is warranted, and the government makes no mention of these issues in its response to the plaintiff's objection. Accordingly, the Court will consider, only, the issues raised by the plaintiffs' objection.

The Magistrate Judge cites three reasons for recommending dismissal. They are:

1. That the plaintiffs failed to allege a specific statutory provision or regulation which they contend that the IRS disregarded;

2. That the plaintiffs "cannot show" actual or direct damages as required by § 7433(b); and,

3. That the damages claimed did not result from any wrongful *collection* activities.

1. *Specification of the Provision Violated*

It is true that the complaint fails to identify the specific statutory provision or regulation that the plaintiffs claim was violated. In their objection to the Magistrate Judge's recommendation, the plaintiffs assert that they are relying upon 26 U.S.C. § 6303, which requires the IRS to provide them with notice and a demand for payment within sixty days after making an assessment of their tax liability.

That assertion cannot cure any deficiency in the complaint. However, the complaint is not deficient. While it does not expressly mention § 6303, it clearly alleges that, before agent Cambra's visit, the plaintiffs had received no notice of assessment or demand for payment. (Compl.¶ 2.4.) Moreover, the government's own statement of undisputed facts makes it clear that agent Cambra's visit occurred much more than sixty days after assessment. The government points to an IRS form dated July 26, 1993, which it asserts shows that the required notice of assessment was mailed to the plaintiffs. Obviously, the assessment must have predated that "notice;" and, therefore, it would have been made approximately one year before the plaintiffs claim to have learned of it.

*5 The government cites the form as proof that the notice requirement was satisfied. That contention fails for two reasons. First, as previously noted, a motion to dismiss tests only the sufficiency of the complaint. It does not encompass matters outside the pleadings.

In addition, the government has failed to provide any evidence that would identify the form as a timely notice of assessment and demand for payment. From examining the form itself, it is impossible to tell what the alleged notice consisted of. Furthermore, although the government argues that notice is deemed effective when mailed, *cf.Tadros v. Commissioner of Internal Revenue,* 763 F.2d 89, 91 (2d Cir.1985) (dealing with notice sent pursuant to 26 U.S.C. § 6213(a)), there is no indication whether or when the alleged notice was mailed.

In short, the complaint provides the government with fair notice of the facts upon which plaintiffs' claim is based and it alleges a violation of the re-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

quirements of § 6303. Nothing further is required.

2. *Economic Damages*

The complaint seeks damages for "substantial professional and personal embarrassment, loss of goodwill, and unnecessary attorneys' and accountants' fees."(Compl.¶ 4.1.) In their memoranda and arguments to the Magistrate Judge, the plaintiffs also claim that the lien prevented them from selling their home and moving to another location where Harry Kachougian had been offered a better job.

The Magistrate Judge correctly points out that § 7433(b) precludes recovery for non-pecuniary damages. Thus, embarrassment and loss of good will are not compensable except to the extent that they result in actual pecuniary damages. *See*26 C.F.R. § 301.7433-1(b)(1). The Magistrate Judge goes on to state that the damages claimed for attorneys' and accountants' fees are "unsupported by the facts because the Kachougians do not allege that they employed any professionals to assist them in having the tax assessment abated."(Feb. 9, 1998, Report and Recommendation at 7.) It is not clear from that statement whether the Magistrate Judge was applying the standard applicable to motions to dismiss; or, whether he was erroneously applying the summary judgment standard. However, even assuming that he was looking only to the sufficiency of the allegations contained in the complaint, his reading of those allegations appears to be overly restrictive.

It is difficult to understand how the IRS's failure to notify the plaintiffs sooner about the assessment could have caused the plaintiffs to incur attorneys' and accountants' fees; or, even how tardy notification could have been responsible for an inability to sell their home. However, viewing the complaint in the light most favorable to the plaintiffs, it cannot be said, with reasonable certainty, that they would be unable to prove such a link.

3. *Collection Activities*

Section 7433 creates a cause of action for damages incurred as a result of unlawful conduct by the IRS "in connection with any *collection* of Federal tax ..."26 U.S.C. § 7433(a) (emphasis added). As the Magistrate Judge correctly noted, an action under § 7433 may not be based upon improper *assessment* of a tax. *SeeGonsalves v. Internal Revenue Serv.*, 975 F.2d 13, 15-16 (1st Cir.1992); *see alsoMiller v. United States*, 66 F.3d 220, 222-23 (9th Cir.1995); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.1994). As the First Circuit stated in *Gonsalves*,"[t]axpayers who wish to challenge the IRS'[s] calculation of their tax liability must file either a petition for redetermination in the Tax Court or a refund action in the district court.Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures." *Gonsalves*, 975 F.2d at 16 (citations omit- ted).

*6 In this case, the Magistrate Judge concluded that although the assessment was incorrect, none of the actions taken to collect on that assessment violated any statute or regulation. However, as already noted, the complaint sufficiently alleges a violation of § 6303.

The Magistrate Judge also cites the fact that the IRS "did not actually collect any tax from the [plaintiffs]" as a further reason for concluding that their claim is not based on "collection" activity. (Feb. 9, 1998, Report and Recommendation at 7.) However, steps taken by the IRS in an effort to collect a tax need not be successful in order to be deemed steps taken "in connection with any collection of Federal tax."Otherwise, a taxpayer who was damaged by recklessly and intentionally unlawful acts would be without recourse unless the unlawful activity succeeded. Clearly, that is not what Congress intended.

Moreover, the Internal Revenue Code, itself, clearly indicates that the notice of assessment and demand for payment required by § 6303 are part of the collection process. Section 6303 and §§ 6321-25, which deal with the imposition, filing and release

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

of liens, all are found in Chapter 64 which is entitled "Collection." In contrast, the provisions that deal with the assessment of taxes are found in Chapter 63 which is entitled "Assessment."

*Conclusion*

To summarize, the Court accepts the Magistrate Judge's recommendation with respect to the plaintiffs' motion to amend, and that motion is denied. However, the Court rejects the recommendation regarding the government's motion to dismiss or for summary judgment, and that motion, too, is denied.

In addition, in order to facilitate the just and efficient resolution of this case, the Court, pursuant to Rule 56(d), hereby specifies that the only remaining material issues are as follows:

1. Whether the IRS provided the plaintiffs with notice of the assessment and the demand for payment within sixty days after the assessment was made as required by § 6303.

2. Whether any failure to comply with the requirements of § 6303 was reckless or intentional.

3. Whether the plaintiffs have sustained any actual, direct economic damages as a result of the alleged failure to provide timely notice of the assessment and a demand for payment.

IT IS SO ORDERED,

D.R.I.,1999.
Kachougian v. U.S.
Not Reported in F.Supp.2d, 1999 WL 973533 (D.R.I.), 84 A.F.T.R.2d 99-6409, 99-2 USTC P 50,880

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.