Williams v. Allegan County Sheriff Dept.
W.D.Mich.,2008.
Only the Westlaw citation is currently available.

United States District Court,W.D. Michigan,Southern Division.
Kevin WILLIAMS, Plaintiff,
v.
ALLEGAN COUNTY SHERIFF DEPARTMENT, Sheriff Blaine Koops, Sgt. John Saxton, Sgt. Nyla Merrell, and Sgt. Unknown Rewall, Defendants.
**Civil Case No. 1:07-cv-1052.**

April 9, 2008.

***Order Overruling the Petitioner's Objection and Adopting the R & R; Dismissing the Complaint for Failure to State a Claim; Terminating the Case***

PAUL L. MALONEY, District Judge.
***1** This is a title 42 U.S.C. § 1983 civil-rights action brought by a *pro se* prisoner. The complaint is construed to allege violations of his federal constitutional rights to procedural due process and access to the courts. The case was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R & R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R & R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."*See Deruso v. City of Detroit,* 121 F. App'x 64, 66 n. 2 (6th Cir.2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White,* 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) (same) (citing 28 U.S.C. § 636(b)(1)). Clerk's Office docket records indicate that the R & R, issued on December 19, 2007, was mailed to Williams on December 20, 2007. Williams filed an objection on December 28, 2007, which was timely. However, the objection fails to identify any substantive defect in the R & R's analysis of the procedural due process and access-to-the-courts issues.

The court finds the R & R to be well-reasoned.[FN1]First, the court shares the Magistrate Judge's interpretation of the complaint as alleging that Williams' driver's license was intentionally taken or negligently lost after his arrest, thereby violating his right to procedural due process; [FN2] that he needs the license in order to address an outstanding ticket and warrant in Kent County, Michigan, and in order to be able to drive upon his upcoming release from prison; that the Sheriff's Department withheld legal materials from him at the jail; and that correctional officers failed to respond to notes or grievances complaining about the lack of legal materials.

FN1. The court adds only one item to the R & R. The R & R states, "A complaint fails to state a claim upon [which] relief can be granted when it is clear that no relief could be granted under a set of facts that could be proved consistent with the allegations of the complaint."R & R at 2. Until mid-2007, our Circuit indeed followed the rule that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond fact that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " *MacDermid v. Discover Fin. Servs.,* 488 F.3d 721, 728 (6th Cir.2007) (quoting *Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir.2006) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957))).

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 5

However, in *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955 (2007),

the Supreme Court ... clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."*Id.* at 1964-65.... Additionally, the Court emphasized that even a plaintiff need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."*Id.*...

In so holding, the court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*... categorizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard."*Twombly,* 127 S.Ct. at 1969.

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir.2007) (paragraph break added).*See, e .g.,* applying *Twombly* standard: *Ybarra v. K & S Flooring Servs., Inc.,* 2008 WL 607267, *1 (W.D.Mich. Feb. 29, 2008) (Enslen, J.) and *Hudson v. Phillipson,* 2008 WL 356884, *2 (W.D.Mich. Feb. 7, 2008) (Miles, J.).

Nonetheless, as Chief Judge Bell has explained,

*Bell Atlantic* focused on pleading requirements rather than evidentiary requirements ....*Bell Atlantic* did not suggest that an inquiry into the truth of the factual allegations would be appropriate under Rule 12(b)(6). On the contrary, the Supreme Court specifically noted that Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations, and that a well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.

*Continental Identification Prods., Inc. v. Entermarket Corp.,* 2007 WL 2963378, *6 (W.D.Mich. Oct. 9, 2007) (quoting *Twombly,* 127 S.Ct. at 1965) (quotation marks omitted).

*Twombly's* modification of the 12(b)(6) standard does not affect the analysis or outcome here. In some cases, *Twombly* may make it *easier,* not harder, to grant 12(b)(6) dismissal than the *Conley* standard. Under *Conley* or the current *Twombly* standard, Williams' complaint must be dismissed for failure to state a claim on which relief can be granted for the reasons stated by the R & R.

FN2. Williams contends the Magistrate Judge misunderstood the gravamen of his claims. He

finds it some what confusing as to how the courts could have misinterpreted his civil complaint from a blaint [sic] and clear violation of his constitutional 14th Amendment right, where the Defendants have continuously denied and refused to grant him access to the Courts and give this state parolee access to any or all legal material to fight against pending litigation in the 61st District Court, Kent County, to where it was turned around into a claim of lost property consuming [sic] a driver['s] license. The drivers license was only brought up to explain

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

> what was going on in 61st District Court and what the processes w[ere] as to what had happien [sic] to it ....

> Williams' Objection ¶ 2. To the extent that Williams' objection does not disavow or abandon a procedural due-process claim with regard to the prison's failure to return his driver's license, that claim will be dismissed for the reasons stated below.

As the R & R correctly notes, Williams' claim about his missing driver's license is premised on an allegedly unauthorized act of a state employee, not an act carried out at the direction of the State or according to an established State procedure. Accordingly, to make out a viable due-process claim, Williams must plead and prove that Michigan's state post-deprivation remedies are inadequate, and he has not done so. That alone requires the dismissal of his procedural due-process claim for failure to state a claim. *See, e.g.,* holding that prisoner failed to state a procedural due-process claim because he failed to prove that the State of Michigan lacked adequate post-deprivation remedies for loss of personal property: *Hunt v. Michigan,* 92 F. App'x 300 (6th Cir.2004) (per curiam) (Krupansky & Gilman, JJ., & Russell, D.J.) (confiscated chess set); *Lillie v. McGraw,* 1997 WL 778050 (6th Cir. Dec. 12, 1997) (per curiam) (Wellford, Norris, & Siler, JJ.) (television set allegedly broken by prison officials); *Mowatt v. Miller,* 96 F.2d 1422, 1993 WL 27460 (6th Cir. Feb. 5, 1993) (per curiam) (Ryan, Siler, & Lively, JJ.) (funds allegedly improperly applied to deficit in prison account).

*2 The R & R also correctly concludes that Williams fails to state a claim for denial of his constitutional right of access to the courts based on the defendants' alleged refusal to afford him access to legal resources and materials needed to sue for recovery of his driver's license (or, possibly, to use the license in some other litigation in Kent County, Michigan).

Litigation to recover a driver's license-or to contest a traffic ticket, license suspension, or license revocation, if any of those are the subject of the Kent County proceedings to which Williams refers-does not fall within that narrow category of cases where the First Amendment forbids the State to restrict a prisoner's ability to litigate. The federal constitutional right of access to the courts applies only to actions directly or collaterally attacking a sentence or civil-rights claims challenging the conditions of confinement. *See,* holding that prisoner's desired litigation was not the type that triggered First Amendment right of access to the courts: *Fields v. County of Lapeer,* 238 F.3d 420, 2000 WL 1720727, *1 (6th Cir. Nov. 8, 2000) (per curiam) (Krupansky, Batchelder & Gilman, JJ.) (legal-malpractice claim); *Taylor v. Carlton,* 201 F.3d 441, 1999 WL 1252893, *2 (6th Cir. Dec. 14, 1999) (per curiam) (Jones, Cole & Gilman, JJ.) (action to recover for damage to television set); *Pryor v. Hurley,* 2006 WL 2711677 (S.D.Ohio Sept. 21, 2006) (action to amend a state-court order relating to custody of a minor child); *Lewis v. Randle,* 66 F. App'x 560 (6th Cir.2003) (per curiam) (Cole, Suhrheinrich, D.J.Carr) (probate action).FN3

> FN3.*Cf.* *Aziz v. Stubblefield,* 2007 WL 1557413 (E.D.Mo. May 25, 2007) (granting summary judgment to defendant prison warden, law librarian, and employee on prisoner's claim that his right of access to the courts was violated when they allegedly delayed his receipt of legal mail, hid lawbooks from him, and refused to let him use the law library more than once a week; "[P]laintiff's alleged loss of his driver's license because he was allegedly unable to effectively litigate in state court to have his license restored or not revoked] due to a lack of traffic law statutes in the law library does not raise a constitutional claim.").

Finally, Williams' objection alleges that in retali-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

ation for his repeated requests for access to a law library, prison officials moved him to a part of the prison that he calls "max" and kept him "locked down." *See* Objection ¶¶ 4-5. Williams never sought leave to amend his complaint to add a retaliation claim, and this court would not entertain such an amendment at this late stage in the case. *Cf. Rich v. US,* 2005 WL 2277069, *1 (W.D.Mich. Sept. 19, 2005) (Quist, J.) ("In his objections to the Report and Recommendation, Petitioner ... raises an entirely new argument ... This Court will not consider this argument for the following reasons: first, *this argument is not properly before the Court because Petitioner did not file [a motion for] leave to amend his § 2255 motion with this new argument....*") (emphasis added).

As the Sixth Circuit has explained,

> Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

*Murr v. US,* 200 F.3d 895, 902 n. 1 (6th Cir.2000) (citing, *inter alia, U.S. v. Waters,* 158 F.3d 933, 936 (6th Cir.1998)); *see also Brown v. Potter,* 2006 WL 839096, *1 (W.D.Mich. Mar. 28, 2006) (Quist, J.) ("A party may not raise an issue for the first time in an objection to a report and recommendation.") (citing *Paterson-Leitch Co. v. Mass. Munic. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir.1988) and *O'Neil v. Appel,* 165 F.R.D. 479, 482 (W.D.Mich.1996) (Bell, C.J.)).[FN4]

> FN4.*See, e.g., Conti v. Universal Enters., Inc.,* 50 F. App'x 690, 697 (6th Cir.2002) ("As noted by the district court, plaintiff belatedly raised this issue for the first time in her objections to the Report and Recommendation. The district court rejected this argument because Conti had not filed a motion to compel while discovery was ongoing *and the issue was not properly raised for the first time in objections to the Report and Recommendation.*The district court did not abuse its discretion by ruling as it did.") (emphasis added);
>
> *Davis v. Palmer,* 2007 WL 4178945, *1 (W.D.Mich. Nov. 20, 2007) (Bell, C.J.) ("Because Petitioner failed to raise a due process claim based upon the lack of corroboration for the confession or the sufficiency of the evidence in the habeas petition reviewed by the Magistrate Judge, Petitioner is procedurally barred from raising those arguments in his objections to the ... R & R.").
>
> *Cf. Coleman v. Dahlstrom,* 2006 WL 644477, *1 (W.D.Mich. Mar. 9, 2006) (Edgar, J.) ("It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation.").

*3 If Williams wishes to assert a retaliation claim, he must file a complaint and thereby start a new civil action. *See Tapp v. Hedespeth,* 911 F.3d 734, 1990 WL 118702, *1 (6th Cir. Aug. 15, 1990) ("Tapp asserted new claims in his objections to the [R & R]. Tapp asserted that he was dismissed from his position as a 'legal aide' and transferred to another institution based upon a bogus charge of 'phone misconduct' which was brought against him in retaliation for his assistance to other prisoners in suing prison officials. The district court refused to consider Tapp's new claims[,] finding that they were properly the subject of a separate action.").

**ORDER**

Accordingly, having reviewed Williams' complaint, the R & R, and Williams' timely objection to the R & R, the court hereby **OVERRULES** Williams' objection and **ADOPTS** the R & R.

The complaint is **DISMISSED with prejudice.**

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

This case is **TERMINATED.**

The dismissal of this action counts as a **"strike"** for purposes of 28 U.S.C. § 1915(g).

**The dismissal of the complaint is final, but it is not appealable,** because (1) the court determines that there is no good-faith basis for an appeal and (2) Williams waived his right to appeal by failing to identify specific purported defects in the Magistrate Judge's reasoning, *see Thrower v. Montgomery,* 50 F. App'x 262, 265 (6th Cir.2002) ("Thrower did file a timely objection. However, not only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review.") (citing *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995) and *Howard v. HHS,* 932 F.2d 505, 508-09 (6th Cir.1991)).

To the extent that Williams intended to assert a retaliation claim in his objections to the R & R, this court's refusal to consider such retaliation claim is **likewise not appealable.***See Murr v.. US,* 200 F.3d 895, 902 n. 1 (6th Cir.2000) ("Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the Magistrate Judge's Report and Recommendation. The magistrate thus never had the opportunity to consider this issue.* * * Petitioner's failure to raise this claim before the magistrate constitutes waiver.").[FN5]

> FN5.*See, e.g., Ward v. US,* 208 F.3d 216, 2000 WL 282648, *1 (6th Cir. Mar. 13, 2000) (per curiam) (Martin, Suhrheinrich, D.J.Gwin) ("The only argument that Ward did make in his objections was that his counsel rendered ineffective assistance by refusing to allow him to testify in his own behalf. However, a claim raised for the first time in objections to a magistrate judge's report is deemed waived. Ward has not preserved for review any issue in this appeal.") (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir.1996)).

**IT IS SO ORDERED.**

***REPORT AND RECOMMENDATION***

ELLEN S. CARMODY, United States Magistrate Judge.
This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis,* and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB.L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

***Discussion***

I. *Factual allegations*

*4 Plaintiff Kevin Williams is a state parolee housed in the Allegan County Jail. He sues the Allegan County Sheriff Department and the following individual officers: Sheriff Blaine Koops and Sergeants John Saxton, Nyla Merrell and (unknown) Rewall.

The allegations of Plaintiff's complaint are less than clear. To the best of the Court's understanding, Plaintiff appears to allege two things. First, he suggests that the property on his person at the time of his arrest, in particular, his driver's license, went missing after his arrest. He vaguely alleges that he

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

needs his driver's license in order to send it to some Kent County court on an outstanding ticket and warrant. Second, he alleges that the Allegan County Sheriff Department provides no legal materials at the jail, preventing him from "tak[ing] care of the charges."His allegations against Sergeants Merell and Saxton are limited to their failure to respond to kites or grievances based on the lack of legal materials. He makes no specific allegations against Defendants Koops and Rewall, except to say that they are responsible for the lack of access to legal materials. Plaintiff alleges that he is about to be released from the Allegan County Jail and he would like to be able to drive upon his release.

II. *Failure to state a claim*

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

A. Missing Property

With respect to Plaintiff's allegations about the misplacement of his property, Plaintiff arguably raises a claim that he was denied his property without due process of law. Plaintiff's due process claim, however, is barred by the doctrine of *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327 (1986). Under *Parratt,* a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt,* 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis,* 57 F.3d 476, 479-480 (6th Cir.1995); *Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir.1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v.. Dutton,* 751 F.2d 197 (6th Cir.1985).

*5 Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. These remedies include MICH. CT. R. 3.105, which allows for a civil action for claim and delivery to recover "possession of goods or chattels which have been unlawfully detained,"*id.,* and MICH. COMP. LAWS § 600.2920, which provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained. *See Copeland,* 57 F.3d at 480. Michigan law also authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies."MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland,* 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal prop-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

erty.

Moreover, Plaintiff makes no allegations that would support a finding that the named Defendants committed the alleged violation. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir.2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.;Summer v. Leis,* 368 F.3d 881, 888 (6th Cir.2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Plaintiff has failed to demonstrate that any individual Defendant engaged in active unconstitutional behavior with respect to his missing property. Accordingly, he fails to state a claim against them.

B. Access to Courts

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817.The Court concluded that, in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them."*Id.* at 824-25.An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey,* 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl,* 168 F.3d 884, 886 (6th Cir.1999); *Knop v. Johnson,* 977 F.2d 996, 1000 (6th Cir.1992); *Ryder v. Ochten,* No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis,* 518 U.S. at 351-353;*see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996).

*6 The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis,* 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."*Thaddeus-X v. Blatter,* 175 F.3d 378, 391 (6th Cir.1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim.*Lewis,* 518 U.S. at 353;*accord Hadix v. Johnson,* 182 F.3d 400, 405 (6th Cir.1999)(*Lewis* changed actual injury to include requirement that action be non-frivolous).

Plaintiff apparently seeks to recover his driver's license before being released from the Allegan County Jail. That interest, however, does not fall within the narrow types of cases encompassed by the right of access to the courts. Plaintiff neither seeks to challenge his conviction nor to contest the conditions of his confinement. Plaintiff therefore cannot demonstrate the necessary actual injury to support his claim.

***Recommended Disposition***

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).*See McGore v. Wrigglesworth,* 114 F.3d 601, 611 (6th Cir.1997).

W.D.Mich.,2008.
Williams v. Allegan County Sheriff Dept.
Slip Copy, 2008 WL 1701649 (W.D.Mich.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.